PER CURIAM.
The Florida Probate Rules Committee petitions this Court to approve its quadrennial report of proposed changes to the Florida Probate Rules. We have jurisdiction under article V, section 2(a) of the Florida Constitution.
In its report, the rules committee proposes changes to each of the existing rules, with the exception of rules 5.610 and 5.705. The great majority of changes in the rules are stylistic. Pursuant to Florida Rule of Judicial Administration 2.130(c), the proposed amendments were submitted to The Board of Governors of The Florida Bar. The Board unanimously recommended approval. The proposed amendments were published for comment, and only one comment was filed.
At oral argument, it was pointed out that certain 1992 amendments to the Florida Probate Code and the Florida Guardianship Law conflicted with some of the proposed rules. Those conflicts, although minimal, could mislead practitioners and the public. Therefore, this Court requested that the committee make additional changes to the rules in order to harmonize them with the 1992 legislation. These changes were encompassed in an amended report filed by the committee. Rules 5.120, 5.200, 5.260, 5.690, and 5.695 were amended to conform to 1992 legislation. The committee also revisited rule 5.900 and proposed clarifying amendments. As with the proposed rules contained in the original report, the amended rules were presented to and unanimously approved by The Board of Governors.
The only comment filed in this case suggests that the requirement that the decedent’s social security number be placed on petitions for administration and on caveats violates the Federal Privacy Act. This requirement was added to rules 5.200 and 5.260 to conform to sections 733.202(2)(b) and 731.110(2) of the Florida Statutes (1991), as amended by chapter 92-200, Laws of Florida. Because the rules refer only to the social security number of the decedent, we conclude that the rules do not violate federal law.
Having examined the committee’s report of proposed changes and the supplemental petition, and having heard oral argument on the matter, we approve the appended amendments to the Florida Probate Rules. While most of the changes are editorial, the amendments do include the following substantive changes.
In rule 5.200, the explanatory statement contained in subdivision (g), which requires a statement of the approximate value and nature of the assets of the estate, is deleted, since there is no longer a sliding scale *1307 of filing fees based upon the value of the estate. Section 733.202, Florida Statutes (1991), already explains that a statement of the value and nature of the assets is necessary so the court can determine the amount of any bond.
In rule 5.240, subdivision (e), which was deleted effective October 1, 1991, is reinstated. The committee reconsidered the advisability of requiring a statement regarding creditors and determined that reinstatement is appropriate to emphasize the need for the personal representative to determine all known or reasonably ascertainable creditors. The committee note explains that the statement is intended to provide evidence of satisfaction (or lack thereof) of the notice requirements set forth in Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).
Rule 5.346 now makes mandatory, on and after January 1, 1994, the fiduciary accounting standards that were suggested, but not made mandatory, when rule 5.346 was adopted in 1988. The committee note at that time stated it was the intention of the committee to recommend that the accounting standards become effective on January 1, 1993, at the end of the current four-year rules cycle. Since many of the committee members observed that the recommended model formats still were not generally in use, it was deemed appropriate to adopt the accounting standards on a mandatory basis at this time, but allow one additional year for the bench and bar to prepare for implementation of the forms.
In rule 5.400, subdivision (b)(5)(D) is added, recognizing that the personal representative in most instances needs to reserve funds to cover distribution costs and the final expenses of terminating the estate.
In rule 5.470, subdivision (b)(1) is added, requiring notice or waiver from all persons whose entitlement to preference in appointment as ancillary personal representative is equal to or greater than the petitioner’s. This provision is consistent with the provisions of rule 5.201.
Rule 5.496 is a new rule which implements the procedure found in section 733.-705, Florida Statutes (1991), for objecting to a claim. Subdivision (d) requires that the objection contain a statement that the claimant is limited to a period of thirty days from service of the objection within which to bring an action on the claim.
Rule 5.636 is a new rule which establishes procedures for settlement of minors’ claims. This rule delineates the contents of the petition, to whom notice is to be given, the appointment of a guardian ad litem under certain circumstances, and the report of the guardian ad litem.
Rule 5.900 is amended to clarify that a petition for expedited judicial intervention concerning medical treatment should include an allegation that the patient lacks the capacity to make the requisite medical treatment decision, and to require that the patient receive notice of the petition and hearing.
New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 1993, at 12:01 a.m.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.
RULE 5.010. SCOPE
These rules govern the procedure in all probate and guardianship proceedings and shall, be known as the Florida Probate Rules and may be cited as FRRFla.Prob.R. Part I applies to all proceedings. Part II applies to probate alone, Part III applies to guardianship alone, and Part IV applies to expedited judicial intervention concerning medical treatment procedures. The Florida Rules of Civil Procedure apply only as provided herein.
Committee Notes
In the opinion reported at 460 So.2d 906, the- Florida Supreme Court directed the Probate and Guardianship-Rules Committee to study the statutes and attempt to identify those portions of the Florida Pro *1308 bate Code, the Florida Guardianship- Law-, and other statutes that contained procedural provisions. — When those procedural provisions were identified, the committee-was charged to promulgate rules incorporating those procedures,-
The committee has-r-e-viewed the statutes and has found a substantial measure of procedure-that was contained only in-the statutes for which there-were no-corresponding rules. — The committee also determined that much of the procedure in the statutes already had a rule counterpart,
New rules added, or prior rules amended; in 1988-to-add procedural matters previously found only in the-statutes are Rules 5,050, 5.122, 5.171, 5,180, 5.201, -5,23⅝ 5.270, -5.2-75, 5.355, 5,360, 5.385, 5.386, 5.400, 5,440, 5,475, 5,490,-and 5,510, — With only one exception (see Rule 5.050), -the only portion of the statutes that has been reviewed in detail, and for-which rules have been created, is the Florida Probate-Code. Other portions of the-statutes mentioned in the opinion cited-above remain for the next cycle of this committee to review,
As the committee wrote rules to transfer the statutory procedure-into these rules, an attempt was made to write the rule without changing the meaning of the statute. — It was not possible or advisable to use the exact wording of the-statute in some-instances, and in those instances the commii> tee rewrote the statutory-language in the format-used in the rules-generally, — Even under-those circumstances, the committee attempted-to transfer-the-entire procedural portion of the statute without changing-its meaning. Where it was specifically intended in a few instances to add to existing statutory procedure, that-fact is noted-in the relevant committee note. — The committee felt strongly that it would be detrimental to the orderly process of estate probate and related procedures if-a rule specified-a different-procedure than was specified in the related statute, even-though the statute must, under the Florida Constitution, yield to the rule when there is a conflict
The committee, through the proper channels in The Florida Bar (initially, the -Probate Law-Committee of-the Real Property, Probate and Trust Law Section), intends-to ask the-legislature to repeal those portions of the statutes that are procedural when there are-similar rules already in place, or when similar new rules are added by this opinion. — It-is the opinion of the committee that continuing to maintain-procedure-in the statutes when there is a rule specifying that procedure is detrimental to the orderly process of the court and the public that it serves, especially when, over time, the statute and the rule may diverge.
Although — the—Supreme—Court—has adopted -these recommended-rules,- it has not specifically determined-that all of-the provisions-of-the statutes-that were-proee-dural have-now been adopted as a rule, This is ^continuing project for the committee and although these new rules and changes represent a substantial transition of procedure-into the rules, the committee does not suggest that the-transition is-complete, — The court is not precluded from examining any particular statute or rule in the context-of a particular actual dispute.
Rule History
1975 Revision: These rules shall govern the procedures to be followed in all matters pending on or commenced after January 1, 1976, including procedures for the enforcement of substantive rights that have vested before that date. See section 731.011, Florida Statutes.
1977 Revision: The changes in these rules shall take effect on July 1, 1977.
1988 Revision: In the opinion reported at 460 So.2d 906, the Florida Supreme Court directed the Probate and Guardianship Rules Committee to study the statutes and attempt to identify those portions of the Florida Probate Code, the Florida Guardianship Law, and other statutes that contained procedural provisions. When those procedural provisions were identified, the committee was charged to promulgate rules incorporating those procedures.
The committee has reviewed the statutes and has found a substantial measure of procedure that was contained only in the statutes for which there were no corresponding rules. The committee also deter *1309 mined that much of the procedure in the statutes already had a rule counterpart.
New rules added, or prior rules amended, in 1988 to add procedural matters previously found only in the statutes are rules 5.050, 5.122, 5.171, 5.180, 5.201, 5.235, 5.270, 5.275, 5.355, 5.360, 5.385, 5.386, 5.400, 5.440, 5.475, 5.490, and 5.510. With only one exception (see rule 5.050), the only portion of the statutes that has been reviewed in detail, and for which rules have been created, is the Florida Probate Code. Other portions of the statute mentioned in the opinion cited above remain for the next cycle of this committee to review.
As the committee wrote rules to transfer the statutory procedure into these rules, an attempt was made to write the rule without changing the meaning of the statute. It was not possible or advisable to use the exact wording of the statute in some instances, and in those instances the committee rewrote the statutory language in the format used in the rules generally. Even under those circumstances, the committee attempted to transfer the entire procedural portion of the statute without changing its meaning. Where it was specifically intended in a few instances to add to existing statutory procedure, that fact is noted in the relevant committee note. The committee felt strongly that it would be detrimental to the orderly process of estate probate and related procedures if a rule specified a different procedure than was specified in the related statute, even though the statute must, under the Florida Constitution, yield to the rule when there is a conflict.
The committee, through the proper channels in The Florida Bar (initially, the Probate Law Committee of the Real Property, Probate and Trust Law Section), intends to ask the legislature to repeal those portions of the statutes that are procedural when there are similar rules already in place, or when similar new rules are added by this opinion. It is the opinion of the committee that continuing to maintain procedure in the statutes when there is a rule specifying that procedure is detrimental to the orderly process of the court and the public that it serves, especially when, over time, the statute and the rule may diverge.
Although the supreme court has adopted these recommended rules, it has not specifically determined that all of the provisions of the statutes that were procedural have now been adopted as a rule. This is a continuing project for the committee and although these new rules and changes represent a substantial transition of procedure into the rules, the committee does not suggest that the transition is complete. The court is not precluded from examining any particular statute or rule in the context of a particular actual dispute.
1991 Revision: Rule' revised to reflect addition of new Part IV dealing with expedited judicial intervention concerning medical treatment procedures.
1992 Revision: In 1989, the Florida Legislature enacted a comprehensive revision to Florida’s guardianship law. In response, the Florida Supreme Court appointed an ad hoc committee to recommend temporary rules of procedure for the new law. In an opinion at 551 So.2d 452 (Fla.1989), the court adopted the temporary rules recommended by the ad hoc committee, to replace Part III of the then-existing Florida Probate Rules, effective October 1, 1989. In its opinion, the court also directed the Florida Probate Rules Committee to review the new laws and, on a priority basis, to recommend permanent rules of procedure.
The committee reviewed the Florida Guardianship Law enacted in 1989, as well as revisions to the law enacted in 1990, and presented its rule recommendations to the court in 1991. The court, in an opinion at 584 So.2d 964, adopted the recommendations with minor exceptions, to be effective October 1, 1991-
In 1990, the court also rendered its opinion in In re Guardianship of Browning, 568 So.2d 4 (Fla.1990), regarding a person’s right to refuse life-prolonging medical procedures. In that decision, the court directed the committee to recommend a rule to provide for expedited judicial intervention. In response, the committee created a new Part IV of these rules and recommended rule 5.900, which was adopted by the court, *1310 with minor changes, in its opinion at 584 So.2d 964, effective October 1, 1991.
The committee continued its efforts to review the Florida Probate Code and to promulgate or amend rules regarding any procedural portions of those statutes. As a result of those efforts, as well as the efforts described above, the committee recommended amendments to rules 5.010, 5.025, 5.040, 5.050, 5.200, 5.240, 5.310, 5.346, 5.400, 5.470, 5.550, 5.560, 5.590, 5.600, 5.610, 5.620, 5.630, 5.640, 5.650, 5.660, 5.670, 5.680, 5.695, 5.700, 5.710, and 5.800; creation of new rules 5.496, 5.540, 5.541, 5.555, 5.635, 5.636, 5.690, 5.696, 5.697, 5.705, and 5.900; and deletion of rule 5.495. In addition, the committee recommended editorial changes in virtually all the rules so that they would conform stylistically to one another and to all other rules promulgated by the supreme court.
Rule References
FPRFIa.Prob.R. 5.025 Adversary proceedings.
FPRFla.Prob.R. 5.040(a)(3)(C) Notice.
FPRFla.Prob.R. 5.050 Transfer of proceedings.
FPRFIa.Prob.R. 5.070 Subpoena.
FPRFla.Prob.R. 5.080 Discovery.
FPRFIa.Prob.R. 5.230(e) Commission to prove will.
Fla.R.App.P. 9.800 Uniform citation system.
RULE 5.015, GENERAL DEFINITIONS
(a) General. The definitions and rules of construction stated or referred to in R&section 1.01, Florida Statutes, and Cchapters 731, 732, 733, 734, 735, 737, 738, and 744, Florida Statutes, as amended from time to time, shall apply to these rules, unless otherwise defined in these rules.
(b) Specific Definitions. When used in these rules
(1) “certified copy” means a copy of a document signed and verified as a true copy by the officer to whose custody the original is entrusted;
(2) “formal notice” means notice under FPRrule 5.040(a) except as provided in FPRrule 5.550(c);
(3) “informal notice” means notice under FPRrule 5.040(b);
(4) “judge” means a judge of the circuit court, including any judge elected, appointed, substituted, or assigned to serve as judge of the court.
Committee Notes
Rule History
1977 Revision: No change in rule. Correction of typographical error in committee note.
This is intended to simplify drafting of these rules and should be liberally construed. See FPRFla.Prob.R. 5.190 and 5.540 and also ⅛¾⅞ 731.201 and 5⅛-744.-102, Fla.Stat.
1988 Revision: Rule was expanded due to deletion of FPRrule 5.190. Committee notes expanded. Citation form changes in rule and committee notes.
1992 Revision: Citation form changes in rule and committee notes.
Statutory References
1.01, Fla.Stat. Definitions.
F*S,§ 731.201, Fla.Stat. General definitions.
F§4 744.102, Fla.Stat. Definitions.
RULE 5.020. PLEADINGS; VERIFICATION; MOTIONS
(a) Forms of Pleading. Pleadings shall be signed by the attorney of record, and by the pleader when required by these rules. All technical forms of pleadings are abolished. No defect of form impairs substantial rights, and no defect in the statement of jurisdictional facts actually existing renders any proceeding void.
(b) Petition. A petition shall contain a short and plain statement of the relief sought, the grounds therefor, and the jurisdiction of the court where the jurisdiction has not already been shown.
(c) Motions. Any other application to the court for an order shall be by written motion, unless made orally during a hearing or trial. The motion shall state with particularity the grounds therefor and shall set forth the relief or order sought.
*1311 (d) Rehearing. A motion for rehearing of any order or judgment shall be served not later than tenlO days after the date of filing the order or judgment with the clerk as shown on the face of the order or judgment.
(e) Verification. When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement:
“Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.”
Committee Notes
The time for determining when a motion for rehearing must be served has been clarified in view of Casto v. Casto, 404 So.2d 1046 (Fla.1981).
Rule History
1977 Revision: Editorial change (rule) and expansion of committee note. Para-graphsSubdivisions (a), (b), and (d) substantially the same as paragraphssubdivisions (a), (b), and (f) of prior FPRrule 5.030. Resection 731.104, Florida Statutes. For adversary proceedings see new FPRrule 5.025. Notice of administration is not a pleading within the meaning of this rule.
1980 Revision: (c) and (d) have been redesignated as (e) and (d) are added to provide for the use of motions in probate proceedings other than adversary proceedings and to specifically authorize a procedure for rehearing.
1984 Revision: Minor editorial changes. ParagraphSubdivision (f) of prior rule has been deleted as it is now covered under the adversary rules.
1988 Revision: Editorial change in caption of (a). Committee notes revised. Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in rule and committee notes.
Statutory References
F4S4 731.104, Fla.Stat. Verification of documents.
General defini-⅛⅜§ 731.201, Fla.Stat. tions.
⅜⅜⅛ 738.202, Fla.Stat. Petition.
733.604(2), Fla.Stat. Inventory.
§ 733.901, Fla.Stat. Distribution; final discharge.
5⅛4 735.103, Fla.Stat. Petition for family administration.
735.203, Fla.Stat. Petition for summary administration.
744.104, Fla.Stat. Verification of documents.
§ 744.3201, Fla.Stat. Petition to determine incapacity.
744.331(1) Adjudication of person mentally or physically- incompetent; procedure^ Fla.Stat. Procedures to determine incapacity.
F4=k§ 744.334, Fla.Stat. Petition for appointment of guardian; contents.
Rule References
FPRFla.Prob.R. 5.025 Adversary proceedings.
FPRFla.Prob.R. 5.200 Petition for administration.
FPRFla.Prob.R. 5.205(b) Filing evidence of death.
FPRFla.Prob.R. 5.320 Oath of personal representative.
FPRFla.Prob.R. 5.350 Continuance of unincorporated business or venture.
FPRFla.Prob.R. 5.370(a) Sales of real property where no power conferred.
FPRFla.Prob.R. 5.405(b) Proceedings to determine homestead real property.
FPRFla.Prob.R. 5.520 Family administration.
FPRFla.Prob.R. 5.530 Summary administration.
FPRFla.Prob.R. 5.550 Petition to determine competencyincapacity.
FPRFla.Prob.R. 5.560 Petition for appointment of guardian; aotieeof an incapacitated person.
FPRFla.Prob.R. 5.600 Oath.
*1312 RULE 5.025. ADVERSARY PROCEEDINGS
(a) Specific Adversary Proceedings. The following shall be adversary proceedings unless otherwise ordered by the court: proceedings to remove a personal representative, surcharge a personal representative, remove a guardian, surcharge a guardian, probate a lost or destroyed will or later-discovered will, determine beneficiaries, construe a will, cancel a devise, partition property for the purposes of distribution, determine pretermitted share, and for revocation of probate of a will.
(b) Declared Adversary Proceedings. Other proceedings may be declared adversary by service on interested persons of a separate declaration that the proceeding is adversary.
(1) If served by the petitioner, the declaration shall be served with the petition to which it relates.
(2) If served by the respondent, the declaration and a written response to the petition shall be served at the earlier of:
(A) within 20 days after service of the petition, or
(B) prior to the hearing date on the petition.
(3) The declaration shall be served in the same form and manner as though responding to formal notice.
(4)(3) When the declaration is served by a respondent, the petitioner shall promptly serve formal notice on all other interested persons.
(c) Adversary Status by Order. The court may determine any proceeding to be an adversary proceeding at any time.
(d) Notice and Procedure in Adversary Proceedings.
(1) Petitioner shall serve formal notice.
(2) After service of formal notice, the proceedings, as nearly as practicable, shall be conducted similar to suits of a civil nature and the Florida Rules of Civil Procedure shall govern, including entry of defaults.
(3) The court on its motion or on motion of any interested person may enter orders to avoid undue delay in the main administration.
(4) If a proceeding is already commenced when an order is entered determining the proceeding to be adversary, it shall thereafter be conducted as an adversary proceeding. The order shall require interested persons to serve written defenses, if any, within 20 days from the date of the order. It shall not be necessary to re-serve the petition except as ordered by the court.
(5) When the proceedings are adversary, the caption of subsequent pleadings, as an extension of the probate caption, shall include the name of the first petitioner and the name of the first respondent.
Committee Notes
The court on its initiative or on motion of any party may order any proceeding to be adversary or nonadversary or vice versa or enter any order whiefathat will avoid undue delay. The personal representative would be an interested person in all adversary proceedings. A prescribed from for the caption is provided whichthat will facilitate the clerk’s and the court's ability to segregate such adversary proceeding from other adversary proceedings and from the main probate file:
Court Case #
) In Re Estate of John B. Jones ) ) Julia Jones, . ) ) Petitioner, ) ) v. ) ) Harold Jones, as Personal ) Representative, et al., ) ) Respondents. )
Rule History
1975 Revision: New rule. 324 So.2d 38.
1977 Revision: Editorial changes to (a)(1).
1984 Revision: Extensive changes, committee notes revised and expanded.
1988 Revision: Changes in (a) add proceedings to remove a guardian and to surcharge a guardian to the list of specific *1313 adversary proceedings and delete proceedings to determine and award the elective share from the list. Change in (b)(4) clarifies on whom the petitioner must serve formal notice. Editorial change in (d)(2) and (d)(5). Committee notes revised. Citation form changes in committee notes.
1992 Revision: Deletion of (b)(3) as unnecessary. Former (b)(4) renumbered as new (b)(3). Committee notes revised. Citation form changes in committee notes.
Statutory References
⅜⅜§ 731.107, Fla.Stat. Adversary proceedings.
⅞⅛⅛ 732.301, Fla.Stat. Pretermitted
spouse.
732.507, Fla.Stat. Effect of subsequent marriage, birth, or dissolution of marriage.
⅞¾⅛ 732.6005-732.611, Fla.Stat. Rules of construction.
F.S, 732,803-Charitable devises,
733.105, Fla.Stat. Determination of beneficiaries.
⅞⅛§ 733.109, Fla.Stat. Revocation of probate.
1⅛=⅛ 733.207, Fla.Stat. Establishment and probate of lost or destroyed will.
¾§⅛ 733.208, Fla.Stat. Discovery of later will.
733.504, Fla.Stat. Causes of removal of personal representative.
⅞⅜⅛ 733.505, Fla.Stat. Jurisdiction in removal proceedings.
⅛⅜⅞ 733.506, Fla.Stat. Proceedings for removal.
1¾=⅛ 733.507, Fla.Stat. Administration following resignation or removal.
733.603, Fla.Stat. Personal representative to proceed without court order.
FJ§t§ 733.609, Fla.Stat. Improper exercise of power; breach of fiduciary duty.
733.619(2), and (4), Fla.Stat. Individual liability of personal representative.
¾⅜⅛ 733.814, Fla.Stat. Partition for purpose of distribution.
744.474, Fla.Stat. Reasons for removal of guardian.
744.477, Fla.Stat. Proceedings for removal of a guardian.
Rule References
FPRFla.Prob.R. 5.040 Notice.
FPRFla.Prob.R. 5.270 Revocation of probate.
FPRFla.Prob.R. 5.360 Duty to pay eElec-tive share and pre-existing dower.
FPRFla.Prob.R. 5.440 Proceedings for removal.
FPRFla.Prob.R. 5.660 Proceedings for removal of guardian.
Fla.R.Civ.P. 1.140 Defenses.
Fla.R.Civ.P. 1.160 Motions.
Fla.R.Civ.P. 1.200 Pretrial procedure.
Fla.R.Civ.P. 1.280 General provisions governing discovery.
Fla.R.Civ.P. 1.290 Depositions before action or pending appeal.
Fla.R.Civ.P. 1.310 Depositions upon oral examination.
Fla.R.Civ.P. 1.340 Interrogatories to parties.
Fla.R.Civ.P. 1.380 Failure to make discovery; sanctions.
RULE 5.030, ATTORNEYS
(a) Required; Exception. Every guardian and every personal representative, unless the personal representative remains the sole interested person, shall be represented by an attorney admitted to practice in Florida. If theA guardian or personal representative who is an attorney admitted to practice in Florida, — he may represent himself or herself as guardian or personal representative.
(b) Limiting Appearance. An attorney of record for an interested person in a proceeding governed by these rules shall be the attorney of record in all other proceedings in the administration of the same estate or guardianship, except service of process in an independent action on a claim, unless
(1) at the time of appearance the attorney files a notice specifically limiting histhe attorney’s appearance only to the particu *1314 lar proceeding or matter in which faethe attorney appears, or
(2) the court orders otherwise.
(c) Withdrawal or Limiting Appearance. An attorney of record may withdraw or limit faisthe attorney’s appearance with approval of the court, after filing a motion setting forth faisthe reasons and serving a copy on faisthe client and interested persons.
Committee Notes
The appearance of an attorney in an estate is a general appearance unless (i) specifically limited at the time of such appearance or (ii) the court orders otherwise. This rule does not affect the right of a party to employ additional attorneys who, if members of The Florida Bar, may appear at any time.
Rule History
1975 Revision: Paragraphsubdivision (a) is same as prior FPRruIe 5.040 with added provision for withdrawal of attorney similar to Fla.R.App.P,Florida Rule of Appellate Procedure 2.3(d)(2). Paragraphsubdi-vision (b) reflects ruling in case of State ex rel. Falkner v. Blanton, 297 So.2d 825 (Fla.1974).
1977 Revision: Editorial change requiring filing of petition for withdrawal and service of copy upon interested persons. .Editorial change in citation forms in rule and committee note.
1984 Revision: Minor editorial changes and additions of paragraphsubdivision (c). Committee notes expanded.
1988 Revision: Editorial changes and order of paragraphssubdivisions rearranged. Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
¾=⅛ 731.301, Fla.Stat. Notice; method and time; proof.
733.106, Fla.Stat. Costs and attorney fees.
733.212, Fla.Stat. Notice of administration; filing of objections and claims.
733.6175, Fla.Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
F.S. 744,424 Attorney’s fees and expenses,§ 744.108, Fla.Stat. Guardian’s and attorney's fees and expenses.
Rule References
FPRFla.Prob.R. 5.041(b) Service of pleadings and papers.
FPRFla.Prob.R. 5.110(c) Resident agent.
Fla.R.Jud.Admin. 2.060 Attorneys.
Fla.R.App.P. 9.440 Attorneys.
RULE 5.040. NOTICE
(a) Formal Notice.
(1) When formal notice is given, a copy of the pleading or motion shall be served on interested persons, together with a notice requiring the person served to serve written defenses on the person giving notice within 20 days after service of the notice, exclusive of the day of service, and to file the original of the written defenses with the clerk of the court either before service or immediately thereafter, and notifying the person served that failure to serve written defenses as required may result in a judgment or order for the relief demanded in the pleading or motion, without further notice.
(2) After service of formal notice, informal notice of any hearing on the pleading or motion shall be served on interested persons, provided that if no written defense is served within 20 days after service of formal notice on an interested person, the pleading or motion may be considered ex parte as to that person, unless the court orders otherwise.
(3) Formal notice shall be served:
(A) by any form of mail requiring a signed receipt as follows:
(i) on an interested person represented by an attorney by mailing a copy to the attorney; or
(ii) on an interested person who has filed a demand for notice by mailing a copy to *1315 the post office address given in the demand for notice; or
(iii) on an individual, other than an ⅛ competentincapacitated person, by mailing a copy to faisthe individual's usual place of abode or to the place where faethe individual regularly conducts business; or
(iv) on an incompetentincapacitated person by mailing a copy to faisthe person’s usual place of abode and to faisthe person’s legal guardian, if any, at faisthe guardian’s usual place of abode or regular place of business; or, if there is no legal guardian, by mailing a copy to the incompetentinca-pacitated person at faisthe person’s usual place of abode and to the person, if any, having care or custody of the incompeten-tincapacitated person at the usual place of abode or regular place of business of such custodian; or
(v) on a corporation by mailing a copy to its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, to its last known address; or
(B) as provided by Florida law for service of process; or
(C) by an elisor as may be provided in the Florida Rules of Civil Procedure.
(4) If service of process is made pursuant to Florida law, proof of service shall be made as provided therein.
(5) Service of formal notice by mail shall be complete on receipt of the notice. If service is made by mail, proof of service shall be by verified statement of the person mailing service, and there shall be attached to the verified statement the signed receipt or other evidence satisfactory to the court that delivery was made to the addressee or faisthe addressee’s agent.
(b) Informal Notice. When informal notice of a petition or other proceeding is required or permitted, it shall be served as provided in rule 5.041(b).
(c) “Notice” Defined. In these rules, the Florida Probate Code, and the Florida Guardianship Law “notice” shall mean informal notice unless formal notice is specified.
(d)Formal Notice Optional. Formal notice may be given in lieu of informal notice at the option of the person giving notice unless the court orders otherwise. When formal notice is given in lieu of informal notice, formal notice shall be given to all interested persons entitled to notice.
Committee Notes
Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining jurisdiction over the person receiving the notice.
Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not given or required.
Rule History
1975 Revision: Implements section 731.-301, Fla,Stat.Florida Statutes.
1977 Revision: Reference to elisor.
1980 Revision: Editorial changes. Clarification of time for filing defenses after formal notice. Authorizes court to give relief to delinquent respondent from ex parte status; relief from service on numerous persons; allows optional use of formal notice.
1984 Revision: Editorial changes. Eliminates deadline for filing as opposed to serving defenses after formal notice; defines procedure subsequent to service of defenses after formal notice; new requirements for service of formal notice on incompetents and corporations; defines when service of formal notice is deemed complete; provisions relating to method of service of informal notice transferred to new FPRrules 5.041 and 5.042; eliminates waiver of notice by will.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (b) amended to define informal notice more clearly.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 1.01(3), Fla.Stat. Definitions.
*1316 ch. 48, Fla.Stat. Process and service of process.
ch. 49, Fla.Stat. Constructive service of process.
§ 731.105, Fla.Stat. In rem proceeding.
§ 731.201(16^ and (20), Fla.Stat. General definitions.
§ 731.301, Fla.Stat. Notice; method and time; proof.
§ 733.203, Fla.Stat. Notice; when required.
§ 733.212, Fla.Stat. Notice of administration; filing of objections and claims.
§ 733.2123, Fla.Stat. Adjudication before issuance of letters.
§ 733.502, Fla.Stat. Resignation of personal representative.
§ 733.613, Fla.Stat. Personal representative’s right to sell real property.
§ 733.6175, Fla.Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
§ 733.901, Fla.Stat. Distribution; final discharge.
§ 744.106, Fla.Stat. Notice and virtual representation.
§ 744,3201, Fla.Stat. Petition to determine incapacity.
§ 744.331(4), Fla.Stat. Adjudication of persons mentally or physically incompetent; — procedureTProcedures to determine incapacity.
§ 744,337, Fla.Stat, — Notice of hearings
§ 744,3371, Fla.Stat. Notice of petition for appointment of guardian and hearing.
§ 744.441, Fla.Stat. Powers of guardian upon court approval.
§ 744.447, Fla.Stat. Petition for authorization to act.
§ 744.477, Fla.Stat. Proceedings for removal of a guardian.
ch, 48, Fla.Stat. — Process and service of processr
ch. 49, Fla.Stat, — Constructive-ser-vice-of process,
§ 1,01(3), Fla,Stat. — Definitions,
Rule References
FPRFla.Prob.R. 5.025 Adversary proceedings.
FPRFla.Prob.R. 5.030 Attorneys.
FPRFla.Prob.R. 5.041 Service of pleadings and papers.
FPRFla-Prob.R. 5.042 Time.
Fla.Prob.R. 5.060 Request for notices and copies of pleadings.
FPRFla.Prob.R. 5.180 Waiver and consent.
FPR 5,550 Petition to determine-incompetency,
FPRFla.Prob.R. 5.560 Petition for appointment of guardianj noticeof an incapacitated person.
Fla.R.Jud.Admin. 2.060 Attorneys.
Fla.R.Civ.P. 1.070 Process.
Fla.R.Civ.P. Form 1.902 Summons.
RULE 5.041. SERVICE OF PLEADINGS AND PAPERS
(a) Service; When Required. Unless the court orders otherwise, every petition or motion for an order determining rights of an interested person, and every other pleading or paper filed in the particular proceeding which is the subject matter of such petition or motion, except applications for witness subpoenas, shall be served on interested persons unless these rules, the Florida Probate Code, or the Florida Guardianship Law provides otherwise. No service need be made on interested persons against whom a default has been entered, or against whom the matter may otherwise proceed ex parte, unless a new or additional right or demand is asserted.
(b) Service; How Made. When service is required or permitted to be made in a particular proceeding in the administration of an estate on an interested person represented by an attorney, service shall be made on the attorney unless service on the interested person is ordered by the court. Except when serving formal notice, service on the attorney or interested person shall be made by delivering a copy to fafaathe attorney or interested person or by mailing it to himthe attorney or interested person *1317 at histhe last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean
(1) handing it to the attorney or to the interested person, or
(2) leaving it at histhe attorney’s or interested person’s office with histhe clerk or other person in charge thereof, or
(3) if there is no one in charge, leaving it in a conspicuous place therein, or
(4) if the office is closed or the person to be served has no office, leaving it at histhe person’s usual place of abode with some person of histhe family above 15 years of age and informing that person of the contents.
Service by mail shall be complete on mailing except where serving formal notice.
(c) Service; Numerous Interested Persons. In proceedings when the interested persons are unusually numerous, the court may regulate the service contemplated by these rules on motion or on its initiative in a manner as may be found to be just and reasonable.
(d) Filing. All original papers shall be filed either before service or immediately thereafter. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
(e) Filing With the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit the papers to be filed with fahnthe judge in which event the judge shall note thereon the filing date and transmit them to the clerk.
(f) Certificate of Service. When any attorney shall certify in substance:
“I certify that a copy hereof has been furnished to (here insert name or names) by (delivery) (mail) this _ day of -, 19-
Attorney”
the certificate shall be taken as prima facie proof of service in compliance with these rules except in case of formal notice. A person not represented by an attorney shall certify in the same manner, but the certificate must be verified.
(g)Service of Orders.
(1) A copy of all orders or judgments determining rights of an interested person shall be transmitted by the court or under its direction at the time of entry of the order or judgment to all interested persons in the particular proceeding.
(2) This subdivision (g) is directory, and a failure to comply with it does not affect the order or judgment or its finality.
Committee Notes
Derived from Fla.R.Civ-dP.Florida Rule of Civil Procedure 1.080. Regulates the service of pleadings and papers in proceedings on petitions or motions for determination of rights. It is not applicable to every pleading and paper served or filed in the administration of a guardianship or decedent’s estate.
Rule History
1984 Revision: New rule. Paragra-phSubdivision (c) is same as former FERrule 5.040(d).
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
731.201, Fla.Stat. General definitions.
⅛&§ 731.301, Fla.Stat. Notice-,; Mmeth-od and time; proof.
§ 733.203, Fla.Stat. Notice; when required.
§ 733.212, Fla.Stat. Notice of administration; filing of objections and claims.
§ 733.2123, Fla.Stat. Adjudication before issuance of letters.
⅛⅜⅛ 733.604(2), Fla.Stat. Inventory.
§ 733.705(2), (3), Fla.Stat. Payment of and objection to claims.
§ 744.3201, Fla.Stat. Petition to determine incapacity.
*1318 § 744.331, Fla.Stat. Procedures to determine incapacity.
§ 744.3371, Fla.Stat. Notice of petition for appointment of guardian and hearing.
§ 744.447, Fla.Stat. Petition for authorization to act.
Rule References
FPRFla.Prob.R. 5.020 Pleadings; verification; motions.
FPRFla.Prob.R. 5.025 Adversary proceedings.
FPRFla.Prob.R. 5.030 Attorneys.
FPRFla.Prob.R. 5.040 Notice.
FPRFIa.Prob.R. 5.042 Time.
FPRFla.Prob.R. 5.150(c) Order requiring accounting.
FPRFla.Prob.R. 5.180(a)(3) Waiver and consent.
FPRFla.Prob.R. 5.240(a) Notice of administration.
FPRFla.Prob.R. 5.550 Petition to determine incompetencyincapacity.
FPRFla.Prob.R. 5.560 Petition for appointment of guardian; noticeof an incapacitated person.
Fla.R.Jud.Admin. 2.060 Attorneys.
Fla.R.Civ.P. 1.080 Service of pleadings and papers.
RULE 5.042. TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the period begins to run shall not be included. The last day of the period shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor legal holiday. When the period is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded. Any day the clerk’s office is closed shall be deemed a legal holiday for purposes of this rule.
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by these rules, by order of court, or by notice given thereunder, for cause shown the court at any time in its discretion
(1) with or without notice may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or
(2) on motion made and notice after the expiration of the specified period may permit the act to be done when failure to act was the result of excusable neglect. The court under this rule may not extend the time for serving a motion for rehearing or to enlarge any period of time governed by the Florida Rules of Appellate Procedure.
(c) Service for Hearings. A copy of any written petition or motion which may not be heard ex parte and a copy of the notice of the hearing thereon shall be served a reasonable time before the time specified for the hearing.
(d) Additional Time After Service by Mail. Except for formal notice and notice of administration, when an interested person has the right or is required to act within a prescribed period after the service of notice or other paper on faimthe interested person and the notice or paper is served on him by mail, 5 days shall be added to the prescribed period.
Committee Notes
This rule is derived from Fla.R, Civ,P,Florida Rule of Civil Procedure 1.090.
Rule History
1984 Revision: New rule.
1988 Revision: Editorial changes in (a) and (b). ParagraphSubdivision (a) enlarged to include closing of the clerk’s office as a legal holiday. In Clara P. Diamond, Inc, v. Tam-Bay Realty, Inc., 462 So.2d 1168 (Fla. 2d DCA 1984), the Second District Court of Appeal suggested that Fla,R,Civ.P,Florida Rule of Civil Procedure 1.090(b) be clarified to leave no question that the court may not extend the time for rehearing, appeal, or petition for certiorari regardless of whether a request to enlarge the time therefor was made before the expiration of the time allowed. Because the format of Rrule *1319 5.042(b) was substantially the same as the format of Rrule 1.090(b), paragrapfasubdivision (b) is amended to conform for the sake of clarity. Committee notes revised.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
683.01, Fla.Stat. Legal holidays.
⅛⅜§ 731.111, Fla.Stat. Notice to creditors.
731.301, Fla.Stat. Notice; method and time; proof.
732.107, Fla.Stat. Escheat.
732.212, Fla.Stat. Time of election.
732.402, Fla.Stat. Exempt property-
732.801(5), Fla.Stat. Disclaimer of interests in property passing by will or intestate succession or under certain powers of appointment.
F.S, 732,803 Charitable devises.
⅛⅞⅛ 732.901, Fla.Stat. Production of wills.
FtSt¿ 733.104, Fla.Stat. Suspension of statutes of limitation in favor of the personal representative.
¾⅜⅞ 733.212, Fla.Stat. Notice of administration; filing of objections and claims.
733.508, Fla.Stat. Accounting upon removal.
1⅜£⅛ 733.604, Fla.Stat. Inventory.
⅞⅛⅛ 733.701, Fla.Stat. Notifying creditors.
⅜§⅛ 733.702, Fla.Stat. Limitations on presentation of claims.
Fr§4 733.705, Fla.Stat. Payment of and objection to claims.
⅞⅛⅛ 733.710, Fla.Stat. Limitations against unadministered on claims against estates.
733.816, Fla.Stat. Disposition of unclaimed property held by personal representatives.
F.S. 744.427 Annual returns.
F,S, 744,431 Order requiring return; contempt.
Rule References
FPRFla.Prob.R. 5.040(a)(1) Notice.
FPRFla.Prob.R. 5.150 Order requiring accounting.
FPRFla.Prob.R. 5.240 Notice of administration.
FPRFla.Prob.R. 5.340(b) Inventory.
FPRFla.Prob.R. 5.345(a) Interim account-ings.
FPRFla.Prob.R. 5.395 Notice of federal estate tax return.
FPRFla.Prob.R. 5.400 Distribution and discharge.
FPRFla.Prob.R. 5.700 Objections to annual accounting-sguardianship reports.
Fla.R.Civ.P. 1.090 Time.
RULE 5.050. TRANSFER OF PROCEEDINGS
(a) Incorrect Venue. When any proceeding is filed laying venue in the wrong county, the court may transfer the proceeding in the same manner as provided in the Florida Rules of Civil Procedure. Any action taken by the court or the parties before the transfer is not affected because of the improper venue.
(b) Change of Residence of Ward. When the residence of a ward is changed to another county, the guardian of the person shall have the venue of the guardianship changed to the county of the acquired residence.
Committee Notes
Subdivision (b) of this rule represents a rule implementation of the procedure found in section 744.202(3), Florida Statutes.
Rule History
1975 Revision: Same as ⅜-section 733.-101(3), Fla,Stat,Florida Statutes.
1977 Revision: Title changed to indicate that the rule is one dealing with transfer.
1988 Revision: Prior rule renumbered as (a). New (b) is rule implementation of procedure in ⅜-section 744.202(2), Florida Statutes. Editorial changes. Committee notes expanded. Citation form changes in rule and committee notes.
*1320 1991 Revision: Editorial changes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
ch. 47, Fla.Stat. Venue.
§ 733.101, Fla.Stat. Venue of probate proceedings.
§ 744.106, Fla.Stat. Notice.
§ 744.202, Fla.Stat. Venue.
§ 744.2025, Fla.Stat. Change of ward’s residence.
§ 744.3201, Fla.Stat. Petition to determine incapacity.
Rule References
FPRFla.Prob.R. 5.200(b)(4)(d) Petition for administration.
FPRFla.Prob.R. 5.240(b)(2), (d) Notice of administration.
Fla.R.Civ.P. 1.060 Transfers of actions.
RULE 5.060. REQUEST FOR NOTICES AND COPIES OF PLEADINGS
(a) Request. Any interested person who desires notice of proceedings in the estate of a decedent or ward may file a separate written request for notice of further proceedings, designating therein hissuch person’s residence and post office address. When such personas changes his residence or post office address changes, a new designation of such change shall be filed in the proceedings. A person filing such request, or address change, shall also deliver a copy thereof to the clerk, who shall forthwith mail it to the attorney for the personal representative or guardian, noting on the original the fact of mailing.
(b) Notice and Copies. A party filing a request shall be served thereafter by the moving party with notice of further proceedings and with copies of subsequent pleadings and papers as long as the party is an interested person.
Committee Notes
Rule History
1975 Revision: This rule substantially incorporates the provisions of prior FPRruIe 5.060 except that now a copy of the request shall be mailed by the clerk only to the attorney for the personal representative or guardian. Even though a request under this rule has not been made, informal notice as provided in FPRruIe 5.040(b)(3) may still be required.
1977 Revision: Editorial and citation form change in committee note.
1980 Revision: Caveat, the personal representative may want to give notice to parties even though not required, for example, where an independent action has been filed on an objected claim.
1988 Revision: Captions added to para-graphssubdivisions. Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
731.201, Fla.Stat. General definitions.
§ 733.604, Fla.Stat. Inventory.
Rule References
FPRFla.Prob.R. 5.040 Notice.
FPRFla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.340 Inventory.
RULE 5.065. NOTICE OF CIVIL ACTION OR ANCILLARY ADMINISTRATION
(a) Civil Action. A personal representative and a guardian shall file a notice when a civil action has been instituted by or against the personal representative or the guardian. The notice shall contain:
(1) the names of the parties;
(2) the style of the court and the case number;
(3) the county and state where the proceeding is pending;
(4) the date of commencement of the proceeding; and
(5) a brief statement of the nature of the proceeding.
(b) Ancillary Administration. The domiciliary personal representative shall file a notice when an ancillary administration has commenced, which notice shall contain:
*1321 (1)the name and residence address of the ancillary personal representative;
(2) the nature and approximate value of the ancillary assets; and
(3) the information required in paragra-phssubdivisions (a)(2), (3), and (4) above.
(c) Copies Exhibited. A copy of the initial pleading may be attached to the notice. To the extent an attached initial pleading states the required information, the notice need not restate it.
Committee Notes
This rule reflects a procedural requirement not founded on a statute or rule.
Rule History
1984 Revision: New rule.
1988 Revision: Committee notes expanded.
1992 Revision: Editorial change. Citation form changes in committee notes.
Statutory References
733.612(20), Fla.Stat. Transactions authorized for the personal representative; exceptions.
F.S, 733,705(3) Payment of and objection to claims.
744.441(11), Fla.Stat. Powers of guardian upon court approval.
RULE 5.070. SUBPOENA
The — provisions—of—Fla.R,Civ.P,Florida Rule of Civil Procedure 1.410 shall apply in probate and guardianship proceedings.
Committee Notes
Rule History
1975 Revision: Same as prior EPRrule 5.070.
1977 Revision: Citation form change in rule and committee note.
1988 Revision: Citation form change in committee notes.
1992 Revision: Editorial change. Citation form change in committee notes.
RULE 5.080, DISCOVERY
(a) Application. The following Florida Rules of Civil Procedure shall apply in probate and guardianship proceedings:
(1) Rule 1.280, general provisions governing discovery*.
(2) Rule 1.290, depositions before action or pending appeal*.
(3) Rule 1.300, persons before whom depositions may be taken*.
(4) Rule 1.310, depositions upon oral examination*.
(5) Rule 1.320, depositions upon written questions*.
(6) Rule 1.330, use of depositions in court proceedings*.
(7) Rule 1.340, interrogatories to parties*.
(8) Rule 1.350, production of documents and things and entry upon land for inspection and other purposes*.
(9) Rule 1.351, production of documents and things without deposition*.
(10) Rule 1.360, examination of persons*,
(11) Rule 1.370, requests for admission*,
(12) Rule 1.380, failure to make discovery; sanctions*.
(13) Rule 1.390, depositions of expert witnesses* — and,
(14) Rule 1.400, publication of deposition.
(b) Limitations and Costs. In order to conserve the assets of the estate, the court has broad discretion to limit the scope and the place and manner of the discovery and may assess the costs of the discovery toar gainst the party making it or to-oneagainst 1 or more of the beneficiaries of the estate or toagainst the ward in such proportions as the court determines, considering, among other things, the benefit derived therefrom.
Committee Notes
Rule History
1975 Revision: This rule is the same as prior FPRrule 5.080, broadened to include guardianships and intended to clearly permit the use of discovery practices in nonad-versary probate and guardianship matters.
1977 Revision: Editorial change in citation form in committee note.
1984 Revision: Fla.R.Civ.P.Florida Rules of Civil Procedure 1.290, 1.300, 1.351, and 1.410 have been added.
*1322 1983 Revision: Subparagr-aphSubdivision (a)(15) deleted as duplicative of FPRruIe 5.070 Subpoena. Editorial change in (b). Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 733.106, Fla.Stat. Costs and attorney fees,
§ 744.105, Fla.Stat. Costs.
§ 744.108, FIa.Stat. Guardian’s and attorney’s fees and expenses.
Rule References
FRRFIa.Prob.R. 5.025 Adversary proceedings.
Fla.R.Jud.Admin. 2.070 Court reporting.
RULE 5.100. RIGHT OF APPEAL
All orders and judgments of the court determining rights of any party in any particular proceeding in the administration of the estate of a decedent or ward shall be deemed final and may, as a matter of right, be appealed to the appropriate district court of appeal, except those appeals which may be taken directly to the Ssupreme Gcourt as provided by Section-Sj-Aarticle VL section 3 of the StateFlorida Constitution. Appeals provided by this rule, including the right to supersedeas, shall be governed by the Florida Rules of Appellate Procedure.
Committee Notes
An order that determines rights of a party may be appealed before the administration of the estate is completed (e.g., determination of the validity of a will, or of the rights of a person to participate as an heir in an estate, is a final determination). The rule defines “final orders and judgments” of the probate court that ultimately determine rights of a party in the estate. This rule is substantially the same as former RSrsection 732.15, Florida Statutes (repealed 1974) except that by rearrangement of that statute the word “finally” has been defined.
Rule History
1975 Revision: Same as prior FPRruIe 5.100 with editorial changes.
1977 Revision: Citation form change in committee note.
1988 Revision: Committee notes expanded. Citation form changes in rule and committee notes.
1992 Revision: Editorial changes. Citation form changes in committee notes.
RULE 5.110. RESIDENT AGENT
(a) Requirement and Form. Before letters are issued to a personal representative or a guardian, the personal representative or guardian shall file a designation of his place of residence, post office address, and the name, place of residence, and post office address of a resident in the county where proceedings are pending, as histhe personal representative's or guardian’s agent for the service of process or notice. The written acceptance of the person appointed shall be filed at the time of filing the designation. The designation by the personal representative or guardian and acceptance by resident agent shall constitute the consent of the personal representative or guardian filing it that service of process or notice on the designated agent shall be sufficient to bind the personal representative or guardian in any action against faimthe personal representative or guardian, either in hisa representative capacity, or personally, if the personal action accrued in the administration of the estate or guardianship. The designation and acceptance may be incorporated in the petition for administration or for appointment of guardian if signed by the prospective personal representative or guardian, or in histhe personal representative's or guardian’s oath.
(b) Corporate Fiduciaries. Corporate fiduciaries are not required to designate a resident agent.
(c) Attorneys. A member of The Florida Bar residing in Florida, other than the personal representative, may be designated as the agent for service of process or notice, whether or not faethe attorney is a resident of the county where the proceedings are pending.
(d) Successor. If the resident agent dies, resigns, or is unable to act for any other reason, the personal representative *1323 or guardian shall appoint a successor agent within 10 days after fee-feasreceiving notice that such event has occurred.
Committee Notes
Rule History
1977 Revision: Change in committee note to conform to statutory renumbering.
Substantially the same as prior FPRrule 5.210, except that under prior rule, designation was required to be filed within 10 days after letters issued.
1984 Revision: Captions added to para-graphssubdivisions. New paragr-aphsubdi- ' vision (b) added. Requires filing acceptance at the same time as filing designation. Committee notes revised.
1988 Revision: Change in (c) to clarify that the personal representative, if a member of The Florida Bar, may not also serve as resident agent for service of process or notice. Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory Reference
733.401(l)(d), FIa.Stat. Issuance of letters.
RULE 5.120. ADMINISTRATOR AD LI-TEM AND GUARDIAN AD LITEM
(a)Appointment. When it is necessary that the estate of a decedent or a ward be represented in any probate or guardianship proceeding and there is no personal representative of the estate or guardian of the ward, or the personal representative or guardian is or may be interested adversely to the estate or ward, or is enforcing faisthe personal representative’s or guardian’s own debt or claim against the estate or ward, or the necessity arises otherwise, the court may appoint an administrator ad li-tem or a guardian ad litem, as the case may be, without bond or notice for that particular proceeding. At any point in a proceeding, a court may appoint a guardian ad litem to represent the interests of an ⅛-competentincapacitated person, an unborn or unascertained person, a minor or any other person otherwise under a legal disability, or a person whose identity or address is unknown, if the court determines that representation of the interest otherwise would be inadequate. If not precluded by conflict of interest, a guardian ad litem may be appointed to represent several persons or interests. The administrator ad litem or guardian ad litem shall file feisan oath to discharge feisall duties faithfully and upon the filing fee shall be qualified to act. No process need be served upon fefenthe administrator ad litem or guardian ad litem, but feesuch person shall appear and defend as directed by the court.
(b) Petition. The petition for appointment of a guardian ad litem shall state to the best of petitioner’s information and belief:
(1) the name and residence address of each minor or incompetentincapacitated person and birth date of each minor who has an interest in the proceedings;
(2) the name and address of any guardian appointed for each minor or incompe-teatincapacitated person;
(3) the name and residence address of any living natural guardians or living natural guardian having legal custody of each minor or incompetentincapacitated person;
(4) a description of the interest in the proceedings of each minor or inoompeten-tincapacitated person; and
(5) the facts showing the necessity for the appointment of a guardian ad litem.
(c) Notice. Within 10 days after appointment, the petitioner shall deliver or mail conformed copies of the petition for appointment of a guardian ad litem and order to any guardian, or if there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor or incompetentincapa-citated person.
(d) Report. The guardian ad litem shall deliver or mail conformed copies of any written report or finding of feisthe guardian ad litem’s investigation and his answer filed in the proceedings, petition for compensation and discharge, and the notice of hearing on the petition to any guardian, or in the event that there is no guardian, to *1324 the living natural guardians or the living natural guardian having legal custody of the minor or incompetentincapacitated person.
(e) Service of Petition and Order. Within 10 days after appointment, the petitioner for an administrator ad litem shall deliver or mail conformed copies of the petition for appointment and order to the attorney of record of each beneficiary and to each known beneficiary not represented by an attorney of record.
(f) Enforcement of Judgments. When an administrator ad litem or guardian ad litem recovers any judgment or other relief, it shall be enforced as other judgments. Execution shall issue in favor of the administrator ad litem or guardian ad litem for the use of the estate or ward and the money collected shall be paid to the personal representative or guardian, or as otherwise ordered by the court.
(g) Claim of Personal Representative. The fact that the personal representative is seeking reimbursement for claims against the decedent paid by the personal representative does not require appointment of an administrator ad litem.
Committee Notes
Rule History
1977 Revision: Editorial change in (a) limiting application of rule to probate and guardianship proceedings. In (b) the petition for appointment of a guardian need not be verified. Deletion of (g) as being substantive rather than procedural and changing former (h) to new (g). Change in committee note to conform to statutory renumbering.
This rule implements Resections 731.-303(5), Re 733.308, and Re 744.391, Florida Statutes, and includes some of the provisions of prior FPRrule 5.230.
1988 Revision: Editorial changes; captions added to paragraphs. Citation form changes in committee notes.
1992 Revision: Addition of phrase in subdivision (a) to conform to 1992 amendment to section 731.303(5), Florida Statutes. Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.303, Fla.Stat. Representation.
§ 733.308, Fla.Stat. Administrator ad li-tem.
§ 733.708, Fla.Stat. Compromise.
§ 744.301, Fla.Stat. Natural guardians.
§ 744.387, Fla.Stat. Settlement of claims.
§ 744.391, Fla.Stat. Actions by and against guardian or ward.
§ 744.446, Fla.Stat. Conflicts of interest; prohibited activities; court approval.
RULE 5.122. CURATORS
(a) Appointment. When it is necessary, the court may appoint a curator to take possession of a decedent’s estate until letters of administration are granted. On appointment, the court shall issue letters of curatorship which shall entitle the curator to possession of the decedent’s property, which the court may enforce by contempt proceedings.
(b) Notice. If the person entitled to letters is a resident of the county where the proceeding is filed, no curator shall be appointed until formal notice is given to bfe-such person. If it is likely that the decedent’s property will be wasted, destroyed, or removed beyond the jurisdiction of the court and if the appointment of a curator would be delayed by giving notice, the court may appoint a curator without notice.
(c) Powers. On order of the court, the curator may be authorized to perform any duty or function of a personal representative including publication of notice to creditors, or if a will has been admitted, notice of administration.
(d) Bond. Bond shall be required of the curator as the court deems necessary to secure the property. No bond shall be required of banks and trust companies as curators.
(e) Inventory and Accounting. The curator shall file an inventory within 20 days. When the personal representative qualifies, the curator shall immediately account and deliver all assets of the estate in faisthe curator's possession to the personal repre *1325 sentative within 20 days, and in default, shall be subject to the provisions of these rules relating to removal of personal representatives.
Committee Notes
This rule represents a rule implementation of the procedure found in Resection 733.501, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure, except that paragraphsubdivision (c) of this rule is specific regarding tw©2 acts which the curator may be authorized to perform with order of court. This specificity of example was not included in the statute, and the committee, by including this specification, did not intend to limit the authorized acts to those tw©2 specified in the rule.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Citation form changes in committee notes.
Statutory Reference
733.501, Fla.Stat. Curators.
RULE 5.150. ORDER REQUIRING ACCOUNTING
(a) Accountings Required by Statute. When any personal representative or guardian fails to file an accounting or return required by statute or rule, the court on its own motion or on the petition of an interested person shall order the personal representative or guardian to file the accounting or return within 15 days from the service on faimthe personal representative or guardian of the order, or show cause why he or she should not be compelled to do so.
(b) Accountings Not Required by Statute. On the petition of an interested person, or on its own motion, the court may require the personal representative or guardian to file an accounting or return not otherwise required by statute or rule. The order requiring an accounting or return shall order the personal representative or guardian to file the accounting or return within a specified time from .service on faimthe personal representative or guardian of the order, or show cause why he or she should not be compelled to do so.
(c)Service. A copy of the order shall be served on the personal representative or guardian and faisthe personal representative’s or guardian’s attorney.
Committee Notes
The court on its motion or on petition of an interested person may require a personal representative or guardian to file an accounting or return not otherwise required by statute.
Rule History
1977 Revision: Change in committee notes.
1984 Revision: Extensive editorial changes. Committee notes revised and expanded.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
¾⅛⅛ 38.22 — 38,23, Fla.Stat. Contempt-Power to punish contempts.
§ 38.23, Fla.Stat. Contempts defined.
RSt§ 733.502, Fla.Stat. Resignation of personal representative.
733.901, Fla.Stat. Distribution; final discharge.
ch. 738, Fla.Stat. Principal and income.
F.S, 744,427-Annual returns.
F.S. 744.431 -Order requiring return; contempt,
§ 744.367, Fla.Stat. Duty to file annual guardianship report.
§ 744.3678, Fla.Stat. Annual accounting.
§ 744.3685, Fla.Stat. Order requiring guardianship report; contempt.
§ 744.369, Fla.Stat. Judicial review of guardianship reports.
RSt§ 744.467, Fla.Stat. Resignation of guardian.
R§4 744.511, Fla.Stat. Accounting upon removal.
*1326 744.517, Fla.Stat. Proceedings for
744.521, Fla.Stat. Termination of guardianship.
⅞⅞⅛ 744.524, Fla.Stat. Termination of guardianship on change of domicile of resident ward.
⅜⅝§ 744.527, Fla.Stat. Final retur-nsre-ports and applications for discharge; hearing.
Rule References
Fla.Prob.B. 5.650 Resignation or disqualification of guardian; appointment of successor.
Fla.Prob.R. 5.660 Proceedings for removal of guardian.
Fla.Prob.R. 5.670 Termination of guardianship on change of domicile of resident ward.
Fla.Prob.R. 5.680 Termination of guardianship.
Fla.Prob.R. 5.695 Annual guardianship report.
Fla.Prob.R. 5.696 Annual accounting.
Fla.Prob.R. 5.697 Masters’ review of guardianship accountings and plans.
RULE 5.160. PRODUCTION OF ASSETS
On the petition of an interested person, or on its own motion, the court may require any personal representative or guardian to produce satisfactory evidence that the assets of the estate are in fafethe possession or under faisthe control of the personal representative or guardian and may order production of the assets in the manner and for the purposes directed by the court.
Committee Notes
Rule History
1977 Revision: Change in committee notes.
1984 Revision: Minor editorial changes. Committee notes revised.
1988 Revision: Editorial changes.
1992 Revision: Editorial changes. Committee notes revised.
Statutory Reference
F.S, 744.434 Production of assets-,■
§ 744.373, Fla.Stat. Production of property.
RULE 5.170. EVIDENCE
In proceedings under the Florida Probate Code and the Florida Guardianship Law the rules of evidence in civil actions are applicable unless specifically changed by the Florida Probate Code, the Florida Guardianship Law, or these rules.
Committee Notes
Rule History
1977 Revision: New rule.
1984 Revision: To further clarify the intent of the rule to incorporate the provisions of the Florida Evidence Code (chapter 90, Fr&Florida Statutes) when not in conflict with the Florida Probate Code or Florida Guardianship Law, or rules applicable to these particular proceedings.
1992 Revision: Citation form changes in committee notes.
Statutory Reference
ch. 90, Fla.Stat. Florida Evidence Code.
RULE 5.171. EVIDENCE OF DEATH
In a proceeding under these rules, the following shall apply:
(4a) Death Certificate. An authenticated copy of a death certificate issued by an official or agency of the place where the death purportedly occurred or by an official or agency of the United States is prima facie proof of the fact, place, date, and time of death and the identity of the decedent.
(2b) Other Records. A copy of any record or report of a governmental agency, domestic or foreign, that a person is dead, alive, missing, detained, or, from the facts related, presumed dead is prima facie evidence of the status, dates, circumstances, and places disclosed by the record or report.
(3c) Extended Absence. A person who is absent from the place of histhat person’s last known domicile for a continuous period of 5 years and whose absence is not satisfactorily explained after diligent search and inquiry is presumed dead. HisThe person’s death is presumed to have occurred *1327 at the end of the period unless there is evidence establishing that death occurred earlier.
Committee Notes
This rule represents a rule implementation of the procedure found in 5⅛_ section 731.103, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure, except that additional language has been added which was not in the statute, to permit issuance of a death certificate by an official or agency of the United States. An example would be such a certificate issued by the Department of State or the Department of Defense.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
3¾§4 731.103, Fla.Stat. Evidence as to death or status.
§ 744.521, Fla.Stat. Termination of guardianship.
Rule References
FPRFIa.Prob.R. 5.205 Filing evidence of death.
Fla.Prob.R. 5.680 Termination of guardianship.
RULE 5.180. WAIVER AND CONSENT
An interested person, including a guardian ad litem, administrator ad litem, guard-, ian of the property, or, if none, the natural guardian, personal representative, trustee, or other fiduciary, or a sole holder or all co-holders of a power of revocation or a power of appointment, may in writing
(4a) waive the following:
(Al) formal notice;
(B2) informal notice;
(G3) service including service of notice of administration;
(S4) disclosure of the amount of compensation either paid to or to be paid to the personal representatives, attorneys, accountants, appraisers, or other agents employed by the personal representative;
(E5) disclosure of prior or proposed distribution of assets;
(F6) any right or notice or the filing of any document, exhibit, or schedule required to be filed; and
(67) any other proceedings or matters permitted to be waived by law or by these rules; and
(2b) waive or consent on the person’s own behalf of himself and on behalf of those the persons-he represents to the extent there is no conflict of interest.
Committee Notes
When the-sameOne person who serves in two fiduciary capacities he may not waive or consent to faisthe person’s acts without the approval of those whom hethe person represents. This rule represents a rule implementation of the procedure found in R&section 731.302, Florida Statutes. The language added as new (l-)(f)(a)(6) is identical with the statute.
Rule History
1977 Revision: Extends right of waiver to natural guardian; clarifies right to waive service of notice of administration.
1984 Revision: Extends waiver to disclosure of compensation and distribution of assets. Committee notes revised.
1988 Revision: Procedure from RSrSection 731.302, Florida Statutes, inserted as new (l)(f), and a new requirement that the waiver be in writing has been added. Editorial changes. Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
731.302, Fla.Stat. Waiver and consent by interested person.
§ 731.303, Fla.Stat. Representation.
733.901, Fla.Stat. Distribution; final discharge.
ch. 737, Fla.Stat. Trust administration.
*1328 F.S. 744,106 Notice and virtual representation,
RS4 744.301, Fla.Stat. Natural guardians.
F,S*-efa* — 737 Trust administration*
Rule References
FPRFIa.Prob.R. 5.120 Administrator ad litem and guardian ad litem.
FPRFIa.Prob.R. 5.400 Distribution and discharge;--notice.
FPRFIa.Prob.R. 5.680 Termination of guardianship upon-r-emoval of ward's inca-pacityT~death or exhaustion of assets.
FPR 5.690 Annual accountings.
Fla.Prob.R. 5.695 Annual guardianship report.
RULE 5.200. PETITION FOR ADMINISTRATION
The petition for administration shall be verified by the petitioner and shall contain:
(4)(a) Aa statement of the interest of the petitioner, his the petitioner’s name and address, and the name and office address of his the petitioner’s attorney*;
(2)(b) Tthe name, last known address, social security number, and date and place of death of the decedent, and the state and county of the decedent’s domicile*;
(3)(c) Sso far as is known, the names and addresses of the beneficiaries and their relationship to the decedent and the date of birth of any who are minors*;
(4)(d) Aa statement showing venue*;
(5)(e) Tthe priority, under the Florida Probate Code, of the person whose appointment as the personal representative is sought and a statement that he the person is qualified to serve under the laws of Florida*;
(6)(f) lif the decedent was a nonresident of this state, the petition shall state a statement whether domiciliary or principal proceedings are pending in another state or country, if known, and the name and address of the foreign personal representative and the court issuing letters*;
(7)(g) Aa statement of the approximate value and nature of the assets so the clerk can ascertain the amount of the filing-fee and the court can determine the amount of any bond,;
(8)(h) Jin an intestate estate, the petition shall state a statement that after the exercise of reasonable diligence the petitioner is unaware of any unrevoked wills or codicils, or if the petitioner is aware of any unre-voked wills or codicils^ the petition shall state a statement why the wills or codicils are not being probated, or otherwise give a statement of the facts concerning any such will or codicil*;
(9)(i) lin a testate estate, the petition shall a statement identifying all unrevoked wills and codicils being presented for probate, and shall-state a statement that the petitioner is unaware of any other unre-voked will or codicil or, if the petitioner is aware of any other unrevoked wills or codicils, the petitioner shall-state a statement why the other wills or codicils are not being probated*; and
(!©)(]} lin a testate estate^ the petition shall state a statement that the original of the decedent’s last will is in the possession of the court or accompanies the petition, or that an authenticated copy of a will probated in another jurisdiction accompanies the petition.
Committee Notes
Rule History
1977 Revision: Addition to (b)(5) to require an affirmative statement that the person sought to be appointed as personal representative is qualified to serve. Committee note expanded to include additional statutory references.
Substantially the same as F*S* section 733.202, Florida Statutes, and implementing F*S* sections 733.301 through 733.305^ Florida Statutes.
1988 Revision: Editorial changes. Committee notes revised.
1992 Revision: Addition of phrase in subdivision (b) to conform to 1992 amendment to section 733.202(2)(b), Florida Statutes. Reference to clerk ascertaining the amount of the filing fee deleted in subdivision (g) because of repeal of sliding scale of filing fees. The remaining language was deemed *1329 unnecessary. Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.301, Fla.Stat. Notice; method and time; proof.
733.202, Fla.Stat. Petition.
§ 733.302, Fla.Stat. Who may be appointed personal representative.
§ 733.303, Fla.Stat. Persons not qualified.
§ 733.304, Fla.Stat. Nonresidents.
§ 733.305, Fla.Stat. Trust companies and other corporations and associations.
Rule References
FPRFla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.025 Adversary proceedings.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5,041 Service of pleadings and papers.
Fla.Prob.R. 5.180 Waiver and consent.
FPRFla.Prob.R. 5.201 Notice of petition for administration.
RULE 5.201. NOTICE OF PETITION FOR ADMINISTRATION
Except as may otherwise be required by these rules or the Florida Probate Code, no notice need be given of the petition for administration or the issuance of letters when it appears that the petitioner is entitled to preference of appointment. Before letters shall be issued to any person who is not entitled to preference, formal notice shall be served on all known persons qualified to act as personal representative and entitled to preference equal to or greater than the applicant, unless those entitled to preference waive it in writing.
Committee Notes
This rule represents a rule implementation of the procedure found in Resection 733.203(2), Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.301, Fla.Stat. Notice; method and time; proof.
R§4 733.203(2), Fla.Stat. Notice; when required.
§ 733.212, Fla.Stat. Notice of administration; filing of objections and claims.
§ 733.2123 Fla.Stat. Adjudication before issuance of letters.
Rule References
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.060 Request for notices and copies of pleadings.
FPRFla.Prob.R. 5.200 Petition for administration.
RULE 5.205. FILING EVIDENCE OF DEATH’
(а) Requirements for Filing. A copy of an official record of the death of a decedent shall be filed by the personal representative, if any, or the petitioner in each of the following proceedings and at the times specified:
(1) aAdministration of decedent’s estate: not later than 3 months following the date of the first publication of the notice of administration).
(2) aAncillary proceedings: not later than 3 months following the date of first publication of notice to creditors).
(3) fFamily administration: at any time prior to entry of the order of family administration).
(4) sSummary administration: at any time prior to entry of the order of summary administration).
(5) disposition without administration: at the time of filing the application for disposition without administration).
(б) dDetermination of beneficiaries: at any time prior to entry of the final judgment determining beneficiaries).
(7)dDetermination of homestead: at any time prior to entry of the final judgment *1330 determining homestead status of real property; — and.
(8) pProbate of will without administration: at any time prior to entry of the order admitting will to probate.
(b) Waiver. On verified petition by the personal representative, if any, or the petitioner the court may enter an order dispensing with this rule, without notice or hearing.
(c) Authority to Require Filing. The court may, without notice or hearing, enter an order requiring the personal representative, if any, or the petitioner to file a copy of an official record of death at any time during the proceedings.
Committee Notes
Rule History
1980 Revision: This rule is intended to provide a uniform procedure for filing an official record of death in any judicial or statutory proceeding upon the death of a decedent. The court may, upon ex parte application, waive compliance with this rule or require filing at any stage in the proceedings.
1984 Revision: Captions and minor editorial changes. Committee notes revised.
1988 Revision: Editorial and substantive changes. Adds (a)(8) to require filing when will is admitted to probate without administration of the estate or an order disposing of property. Committee notes revised.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
RSr§ 731.103, Fla.Stat. Evidence as to death or status.
§ 733.212, Fla.Stat. Notice of administration; filing of objections and claims.
Rule References
FPRFla.Prob.R. 5.042(a) Time.
FRRFla.Prob.R. 5.171 Evidence of death.
Fla.Prob.R. 5.240 Notice of administration.
RULE 5.210. PROBATE OF WILLS
(a) Manner. On petition the will of a decedent may be admitted to probate by filing:
(1) filing a self-proved will executed as required by law; or
(2) filing the will and the written oath of a person authorized by statute proving the execution of the will as required by law; or
(3) filing an authenticated copy of a notarial will, the original of which is in the possession of a foreign notary if the will was valid under the laws of the state or country where the testator was at the time of execution; or
(4) filing an authenticated copy of the will of any person who dies a resident of Florida that has been admitted to probate in another state or country if the original could have been admitted to probate in Florida; or
(5) filing a will or photographic copy of a will written in a foreign language to which is attached a true and complete English translation together with proof of will as required by law. In the order admitting the foreign language will to probate the court shall establish the correct English translation.
(b) Petition. The petition shall contain the name, last known address, date and place of death of the decedent, and the state, county, and, if applicable, foreign country of the decedent’s domicile.
(c) Oath. Any circuit judge or clerk in Florida may take the oath of a witness to a will in proof of the attestation of that witness without issuance of a commission, attaching the original or photographic copy of the will to the oath of the witness.
Committee Notes
Rule History
1975 Revision: Proof of will may be taken by any Florida circuit judge or clerk without issuance of commission.
1984 Revision: This rule has been completely revised to set forth the procedure for proving all wills except lost or destroyed wills and the title changed. The rule requires an oath attesting to the statutory requirements for execution of wills *1331 and the will must be proved before an order can be entered admitting it to probate. Former FPRrules 5.280, 5.290, and 5.500 are included in this rule. Committee notes revised.
1988 Revision: Editorial and substantive changes. Change in (a)(3) to clarify which law determines validity of a notarial will; change in (a)(4) to clarify requirement that will of a Florida resident must comply with Florida law; adds new paragraphsubdivision (b) to set forth required contents of petition for probate of will; moves former
(b)to (c). Committee notes expanded; citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
731.201, Fla.Stat. General definitions.
732.502, Fla.Stat. Execution of wills.
§ 732.503, Fla.Stat. Self-proof of will.
⅞&§ 733.201, Fla.Stat. Proof of wills.
§ 733.202, Fla.Stat. Petition.
Ft§t§ 733.204, Fla.Stat. Probate of a will written in a foreign language.
¾§⅛ 733.205, Fla.Stat. Probate of notarial will.
733.206, Fla.Stat. Probate of will of resident after foreign probate.
§ 733.207, Fla.Stat. Establishment and probate of lost or destroyed will.
733.502, Fla.Stat. Resignation of personal representative.
733.503, Fla.Stat. Appointment of successor upon resignation.
734.104, Fla.Stat. Foreign wills; admission to record; effect on title.
Rule Reference
FPRFla.Prob.R. 5.015 General definitions.
RULE 5.230. COMMISSION TO PROVE WILL
(a) Petition. On petition the court may appoint a commissioner to take the oath of any person qualified to prove the will under Florida law. The petition shall set forth the date of the will and the place where it was executed, if known; the names of the witnesses and address of the witness whose oath is to be taken; and the name, title, and address of the proposed commissioner.
(b) Commission. The commission shall be directed to any person who is authorized to administer an oath by the laws of Florida, the United States of America, or the state or country where the witness may be found, and it shall empower the commissioner to take the oath of the witness to prove the will and shall direct the commissioner to certify the oath and file the executed commission, copy of the will, oath of the witness, and certificate of commissioner. An oath of the commissioner is not required.
(c) Mailing or Delivery. The petitioner or faisthe petitioner’s attorney shall cause the commission, together with a copy of the will, the oath, and the certificate of commissioner, to be mailed or delivered to the commissioner.
(d) Filing. The executed commission, copy of the will, oath of the witness, and certificate of commissioner shall be filed.
(e) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the qualifications of the personal representative shall follow the form and procedure set forth in these rules pertaining to removal of personal representatives. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.
Committee Notes
Rule History
1975 Revision: Substantially the same as prior FPRrule 5.130(a) and (b) and carries forward prior procedures as to a matter upon which Florida Probate Code is silent.
1984 Revision: This rule has been completely changed to set forth the procedure for the issuance and return of a commission. The rule has been broadened to allow *1332 anyone authorized by Florida Statutes or by the U.S. Code to be a commissioner as well as those authorized by the state or country where the witness resides.
The rule now provides that the petitioner or his attorney shall forward the commission to the commissioner. The rule also contemplates that a Florida notary may be appointed as commissioner to take the proof of a witness outside the State of Florida. Committee notes revised and expanded.
1988 Revision: Editorial and substantive changes. Change in (a) to provide that the commissioner may take the oath of not only the attesting witness to the will but also the oath of any other person qualified to prove the will; change in (c) to permit copies other than photographic copies to be furnished to the commissioner, and to permit delivery of documents in a manner other than by mailing; change in (d) to require the filing of documents with the court. Committee notes revised. Citation form changes in rule and committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 92.50, Fla.Stat. Oaths, affidavits, and acknowledgments; who may take or administer; requirements.
733.109, Fla.Stat. Revocation of probate.
R§4 733.201, Fla.Stat. Proof of wills.
R&¿ 733.504, Fla.Stat. Causes of removal of personal representative.
733.506, Fla.Stat. Proceedings for removal.
F,S, 92,50 Oaths, affidavits, and acknowledgments; — who may-take or administer; requirements,
22 U.S.C. § 11954215 Notarial acts, oaths, affirmations, affidavits, and depositions; fees.
Rule References
Fla.Prob.R. 5.050 Transfer of proceedings.
Fla.R.Civ.P. 1.060 Transfers of actions.
RULE 5.235. ISSUANCE OF LETTERS, BOND ’
(a) Appointment of Personal Representative. After the petition for administration is filed and the will, if any, is admitted to probate:
(1) Tthe court shall appoint the person entitled and qualified to be personal repre-sentativeq
(2) Tthe court shall determine the amount of any bond required. The clerk may approve the bond in the amount determined by the court and shall not charge a service fee?; and
(3) Aany required oath or designation of, and acceptance by, a resident agent shall be filed.
(b) Issuance of Letters. Upon compliance with all of the foregoing, letters shall be issued to the personal representative.
(c) Bond. On petition by any interested person or on the court’s own motion, the court may waive the requirement of filing a bond, require a personal representative or curator to give bond, increase or decrease the bond, or require additional surety.
Committee Notes
This rule represents a rule implementation of the procedure found in Resections 733.401 and 733.403(2), Florida Statutes. It is not intended to change the effect of the statutes from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
RR¿ 733.401, Fla.Stat. Issuance of letters.
R&¿ 733.402, Fla.Stat. Bond of personal representative; when required; form.
*1333 ⅛⅛§ 733.403, Fla.Stat. Amount of bond.
§ 733.405, Fla.Stat. Release of surety.
Rule References
Fla.Prob.R. 5.110 Resident agent.
Fla.Prob.R. 5.320 Oath of personal representative.
RULE 5.240. NOTICE OF ADMINISTRATION
(a) Publication and Service. After issuance of letters, the personal representative shall publish a notice of administration and promptly serve a copy of the notice in the manner provided for formal notice in these rules on the surviving spouse and all beneficiaries known to the personal representative who have not been barred by law. Service upon creditors shall be in the manner provided for informal notice.
(b) Contents. The notice shall contain the name of the decedent, the file number of the estate, the designation and address of the court, the name and address of the personal representative and faisthe personal representative’s attorney, and date of first publication. The notice shall require all interested persons to file with the court, within the time provided by law:
(1) all claims against the estate; and
(2) any objection by an interested person on whom notice was served that challenges the validity of the will, the qualifications of the personal representative, and the venue or jurisdiction of the court.
(c) Method of Publication and Proof. Publication shall be made as required by law. Proof of publication shall be filed with the court within 45 days of the first publication.
(d) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the qualifications of the personal representative shall follow the form and procedure set forth in these rules pertaining to removal of a personal representative. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.
(e)Statement Regarding Creditors. Within 4 months after the date of the first publication of notice of administration, the personal representative shall file a verified statement that diligent search has been made to ascertain the name and address of each person having a claim against the estate. The statement need not include persons who have filed a timely claim or who were included in the personal representative’s proof of claim. The statement shall indicate the name and address of each person at that time known to the personal representative who has or may have a claim against the estate and whether such person was served with a notice of administration or otherwise received actual notice of the information contained in the notice of administration.
Committee Notes
It is the committee’s opinion that the failure to timely file the proof of publication of the notice of administration shall not affect time limitations for filing claims or objections.
On April 19, 1988, the United States Supreme Court decided Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565. This case will have substantial impact on the method for handling (and barring) creditors’ claims. This case stands for the proposition that a creditor may not be barred by the usual publication if that creditor was actually known to or reasonably ascertainable by the personal representative, and the PRpersonal representative failed to give notice to the creditor by mail or other means as certain to ensure actual notice. Less than actual notice in these circumstances would deprive the creditor of fate due process rights under the 14th Amendment to the U.S. Constitution. Probably actual notice of the death (as in the case of a hospital where the decedent died as a patient) without notice of the institution of probate proceedings is not sufficient.
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circum *1334 stances, to apprise interested persons of the pendency of the proceeding and afford them an opportunity to present their claims.
The statement required by this rule is not intended to be jurisdictional but rather to provide evidence of satisfaction (or lack thereof) of the due process requirements.
Rule History
1977 Revision: Former subdivision (c) is deleted as being substantive rather than procedural.
1984 Revision: Editorial changes; new requirement to file proof of publication; new requirements as to form of objections to will and qualifications of personal representative. Committee notes revised.
1988 Revision: The obligation to mail notice of administration to all known or reasonably ascertainable creditors has been added to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).
This rule does not require sending notice of administration to creditors in estates where the time for filing claims has expired before the effective date of this rule. However, no opinion is offered whether such claims are barred by the provisions of section 733.702, Florida Statutes.
Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (a) modified to make it consistent with recent changes to sections 733.212 and 733.702, Florida Statutes. Those statutes were amended to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). For the same reason, subdivision (e) was eliminated.
1992 Revision: Former subdivision (e) revised and reinstated to emphasize need for personal representative to determine all known or reasonably ascertainable creditors. Editorial changes; committee notes revised; citation form changes in committee notes.
Statutory References
§ 731.111, Fla.Stat. Notice to creditors.
§ 731.201(21), Fla.Stat. General definitions.
§ 731.301, Fla.Stat. Notice; method and time; proof.
§ 731.302, Fla.Stat. Waiver and consent by interested person.
§ 732.5165, Fla.Stat. Effect of fraud, duress, mistake, and undue influence.
§ 733.109, Fla.Stat. Revocation of probate.
§ 733.212, Fla.Stat. Notice of administration; filing of objections and claims.
§ 733.2123, Fla.Stat. Adjudication before issuance of letters.
§ 733.302, Fla.Stat. Who may be appointed personal representative.
§ 733.303, Fla.Stat. Persons not qualified.
§ 733.305, Fla.Stat. Trust companies and other corporations and associations.
§ 733.702, Fla.Stat. Limitations on presentation of claims.
§ 733.703, Fla.Stat. Form and manner of presenting claim.
§ 733.704, Fla.Stat. Amendment of claims.
§ 733.705, Fla.Stat. Payment of and objection to claims.
§ 733.708, Fla.Stat. Compromise.
Rule References
FPRFIa.Prob.R. 5.025 Adversary proceedings.
Fla.Prob.R. 5.040 Notice.
FPRFIa.Prob.R. 5.180 Waiver and consent.
FPRFIa.Prob.R. 5.270 Revocation of probate.
FPRFIa.Prob.R. 5.440 Proceedings for removal.
FPRFIa.Prob.R. 5.490 Form and manner of presenting claim.
FPR 5,495 Petition to extend time for filing claim.
FPRFIa.Prob.R. 5.520 Family administration.
*1335 RULE 5.260. CAVEAT; PROCEEDINGS
(a) Filing. Any creditor or interested person other than a creditor may file a caveat with the court.
(b) Contents. The caveat shall contain the decedent’s name, the decedent’s social security number or date of birth, if known, a statement of the interest of the caveator in the estate, and the name1 and specific mailing address, and residence address of the caveator.
(c) Resident Agent of Caveator; Service. If the caveator is not a resident of Florida, faethe caveator shall file a designation of the name and specific mailing address and residence address of a resident in the county where the caveat is filed as faisthe caveator’s agent for service of notice. The written acceptance by the person appointed as resident agent shall be filed with the designation or included in the caveat. The designation and acceptance shall constitute the consent of the caveator that service of notice upon the designated resident agent shall bind the caveator. If the caveator is represented by an attorney admitted to practice in Florida who signs the caveat, it shall not be necessary to designate a resident agent under this rule.
(d) Filing After Commencement. If at the time of the filing of any caveat the decedent’s will has been admitted to probate or letters of administration have been issued, the clerk shall forthwith notify the caveator in writing of the date of issuance of letters and the names and addresses of the personal representative and faisthe personal representative’s attorney.
(e) Creditor. When letters of administration issue after the filing of a caveat by a creditor, the clerk shall forthwith notify the caveator, in writing, advising fafaathe caveator of the date of issuance of letters and the names and addresses of the personal representative and faisthe personal representative’s attorney, unless notice has previously been served on the caveator. A copy of any notice given by the clerk, together with a certificate of the mailing of the original notice, shall be filed in the estate proceedings.
(f)Other Interested Persons; Before Commencement. After the filing of a caveat by an interested person other than a creditor, the court shall not admit a will of the decedent to probate or appoint a personal representative without service of formal notice on the caveator or faisthe cave-ator’s designated agent.
Committee Notes
Caveat proceedings permit a decedent’s creditor or other interested person to be notified when letters of administration are issued. Thereafter, the caveator must take appropriate action to protect faisthe cave-ator’s interests.
This rule treats the creditor caveator differently from other caveators.
Rule History
1977 Revision: Carried forward prior BPRrule 5.150.
1984 Revision: Changes in (a), (b), and (d) are editorial. Change in (c) eliminates resident agent requirement for Florida residents and for nonresidents represented by a Florida attorney. Service on the attorney binds caveator. Former (e) is now par-a-grapfesubdivisions (e) and (f) and treats creditor caveator differently from other interested persons. Change in (f) requires formal notice. Committee notes revised.
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1992 Revision: Addition of language in subdivision (b) to implement 1992 amendment to section 731.110(2), Florida Statutes. Editorial changes. Citation form changes in committee notes.
Statutory References
1¾&⅞ 731.110, Fla.Stat. Caveat; proceedings.
1⅛⅛ 733.203(1), Fla.Stat. Notice; when required.
Rule Reference
FPRFIa.Prob.R. 5.040(a) Notice.
RULE 5.270. REVOCATION OF PROBATE
(a) Petition and Contents. A petition for revocation of probate shall state the interest of the petitioner in the estate and *1336 the facts constituting the grounds on which revocation is demanded.
(b) Continued Administration. Pending the determination of any issue for revocation of probate, the personal representative shall proceed with the administration of the estate as if no revocation proceeding had been commenced, except that no distribution may be made to devisees in contravention of the rights of those who, but for the will, would be entitled to the property disposed of.
Committee Notes
This rule represents a rule implementation of the procedure found in bisection 733.109(2), Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure. The committee believes that subsections (1) and (3) of the statute are substantive, and have therefore not been included. Further, this rule revises para-graphsubdivision (b) of the prior similar rule to track the language in the statute from which it was derived.
Rule History
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Language of para-graphsubdivision (b) of the rule rewritten to track the statute more closely. Committee notes expanded. Citation form change in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.107, Fla.Stat. Adversary proceedings.
§ 731.201(21), Fla.Stat. General definitions.
§ 732.5165, Fla.Stat. Effect of fraud, duress, mistáke, and undue influence.
733.109, Fla.Stat. Revocation of probate.
⅜⅜⅛ 733.212, Fla.Stat. Notice of administration; filing of objections and claims.
⅜⅞⅛ 733.2123, Fla.Stat. Adjudication before issuance of letters.
Rule References
FPRFla.Prob.R. 5.025 Adversary proceedings.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.240 Notice of administration.
RULE 5.275. BURDEN OF PROOF IN WILL CONTESTS
In all proceedings contesting the validity of a will, the burden shall be upon the proponent of the will to establish prima facie its formal execution and attestation. Thereafter, the contestant shall have the burden of establishing the grounds on which the probate of the will is opposed or revocation sought.
Committee Notes
This rule represents a rule implementation of the procedure found in Fbbsection 733.107, Florida Statutes. The language of this rule is identical with the statute.
Rule History
1988 Revision: New rule.
1992 Revision: Citation form changes in committee notes.
Statutory Reference
¾⅞⅛ 733.107, Fla.Stat. Burden of proof in contests.
RULE 5.310. DISQUALIFICATION OF PERSONAL REPRESENTATIVE; NOTIFICATION
Any personal representative who was bs-properly qualifiednot qualified to act at the time of appointment or who becomes disqualified to act after his appointment shall immediately present a petition to the court for resignation or other appropriate action and shall do any and all other things necessary or proper to procure an order approving his resignation the petition.
Committee Notes
Rule History
1975 Revision: This is same as old FPRrule 5.220 and old bisection 732.47(3), Florida Statutes. The rule sets forth the imperative need for timely action and the *1337 inherent responsibility of a fiduciary to effect orderly succession. It further implies the inherent jurisdiction of the court to control by judicial overview the succession.
1977 Revision: Citation form change in committee note.
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes to clarify rule. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.301, Fla.Stat. Notice; method and time; proof.
E&§ 733.302, Fla.Stat. Who may be appointed personal representative.
1¾=⅛ 733.303, Fla.Stat. Persons not qualified.
E&§ 733.502, Fla.Stat. Resignation of personal representative.
733.504, Fla.Stat. Causes of removal of personal representative.
733.505, Fla.Stat. Jurisdiction in removal proceedings.
Rule References
Fla.Prob.R. 5.040 Notice.
RULE 5.320. OATH OF PERSONAL REPRESENTATIVE
Before the granting of letters of administration, the personal representative shall file an oath that he-willto faithfully administer the estate of the decedent. If the petition is verified by the prospective personal representative individually, the oath may be incorporated in the petition or in the designation of resident agent.
Committee Notes
It is contemplated the oath may be signed concurrently with the petition for administration and will be valid even if it predates the order appointing the personal representative.
Rule History
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
This rule establishes the uniform requirement for an oath of faithful performance of fiduciary duties within the permissiveness of ftSrSectiqn 733.401(l)(d), Florida Statutes. Should be taken together with new FPRrule 5.110, Resident Agent.
1988 Revision: Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
OLD RULE: — Same as old-FPR 5.240 except reference-to-resident agent added,
Statutory Reference
733.401(1)(d) sets forth: “(d) Any required oath or designation of and acceptance by-a resident-agent shall be filed-, Fla.Stat. Issuance of letters.
Rule References
EPRFla.Prob.R. 5.110 Resident agent.
Fla.Prob.R. 5.235 Issuance of letters, bond.
RULE 5.330. EXECUTION BY PERSONAL REPRESENTATIVE
Notwithstanding any other provisions of these rules, the personal representative shall sign the:
(la) inventory;
(2b) accountings;
(3c) petition for sale or confirmation of sale or encumbrance of real or personal property;
(4d) petition to continue business of decedent;
(5e) petition to compromise or settle claim;
(6f) petition to purchase on credit;
(⅞) petition for distribution and discharge; and
(8h) resignation of personal representative.
Committee Notes
Rule History
1975 Revision: Where the jurisdiction of the court is invoked voluntarily pursuant to ESrSection 733.603, Florida Statutes, or otherwise, the rule requires that the personal representative have actual knowledge *1338 of the more important steps and acts of administration.
1977 Revision: Citation form change in committee note.
1983 Revision: Editorial changes. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
OLD- RULE: Same -as old FPR 5.241.
Statutory References
As -to;
(1) F.S. 733.604 (Inventory)*
(2) -F-.S. 733.901 (Accounting),
(3) F.S. 733.613-(Sale or Confirmation),
(4) F.S. 733.61-2(22) (Business).
(5) F.S. 733.612(24) (Claims),
(6) F.S. 733.612(5) (Purchase on Credit).
(7) F.S. 733.612(24) (Distribution and Discharge).
(8) F.S, 733.502 (Resignation).
See also F.S, -733.600 (Breach of Duty).
§ 733.502, Fla.Stat. Resignation of personal representative.
§ 733.604, Fla.Stat. Inventory.
§ 733.612(5), (22), (24), Fla.Stat. Transactions authorized for the personal representative: exceptions.
§ 733.613, FIa.Stat. Personal representative's right to sell real property.
§ 733.708, Fla.Stat. Compromise.
§ 733.901, Fla.Stat. Distribution; final discharge.
Rule References
Fla.Prob.R. 5.340 Inventory.
Fla.Prob.R. 5.346 Fiduciary accounting.
Fla.Prob.R. 5.350 Continuance of unincorporated business or venture.
Fla.Prob.R. 5.370 Sales of real property where no power conferred.
Fla.Prob.R. 5.400 Distribution and discharge.
Fla.Prob.R. 5.430 Resignation of personal representative.
RULE 5.340, INVENTORY
(a) Contents and Filing. The personal representative shall file an inventory of the estate within 60 days after issuance of letters. The inventory shall list the estate with reasonable detail and include for each listed item its estimated fair market value at the date of the decedent’s death. Real property appearing to be homestead property shall be listed and so designated.
(b) Extension. On petition the time for filing the inventory may be extended by the court for cause shown without notice, except that the personal representative shall serve copies of the petition and order on the persons described in paragraphsub-division (d).
(c) Amendments. A supplementary or amended inventory containing the information required by paragraphsubdivision (a) as to each affected item shall be filed and served by the personal representative if:
(1) the personal representative learns of property not included in the original inventory; or
(2) the personal representative learns that the estimated value or description indicated in the original inventory for any item is erroneous or misleading; or
(3) the personal representative determines the estimated fair market value of an item whose value was described as unknown in the original inventory.
(d) Service. The personal representative shall serve a copy of the inventory and all supplemental and amended inventories on the Department of Revenue, the surviving spouse, each heir at law in an intestate estate, each residuary beneficiary in a testate estate, and any other interested person who may request it in writing.
(e) Information. On reasonable request in writing the personal representative shall provide an interested person with information about the estate and shall permit an interested person to examine appraisals on which inventory values are based.
Committee Notes
Inventories are still required to be filed. Once filed, however, they are subject to the confidentiality provisions found in FFksec-tions 733.604(1) and (2), Florida Statutes.
*1339 Constitutional homestead real property is not necessarily a probatable asset. Disclosure on the inventory of real property appearing to be constitutional homestead property informs interested persons of the homestead issue.
Interested persons are entitled to reasonable information about estate proceedings on proper request, including a copy of the inventory, an opportunity to examine appraisals, and other information pertinent to their interests in the estate. The personal representative must also serve a copy of the inventory on the Florida Department of Revenue. ⅞§⅛ 199.062(4), Fla.Stat.
Rule History
1980 Revision: Eliminated the time limit in requesting a copy of the inventory by an interested person or in furnishing it by the personal representative.
1984 (First) Revision: Extensive changes. Committee notes revised.
1984 (Second) Revision: ParagraphSubdi-vision (a) modified to clarify or re-insert continued filing requirement for inventory.
1988 Revision: Editorial changes in (b) and (d). Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Constitutional Reference
Art. X, § 4, Fla. Const.
Statutory References
⅞⅛§ 199.062(4), Fla.Stat. Annual tax information reports.
1¾§4 732.401, Fla.Stat. Descent of homestead.
732.4015, Fla.Stat. Devise of homestead.
733.604, Fla.Stat. Inventory.
733.605, Fla.Stat. Appraisers.
Art, X, § 4, Fla, Const,
Rule References
FPRFla.Prob.R. 5.041 Service of pleadings and papers.
FPRFla.Prob.R. 5.060 Request for notices and copies of pleadings.
FPBFla.Prob.R. 5.405 Proceedings to determine homestead real property.
FPR 5,620 — Inventory; appraisals,
RULE 5.345. INTERIM ACCOUNTINGS
(a) Contents. The personal representative may elect to file an interim accounting at any time, or the court may require an interim accounting. The interim accounting shall include all cash and property transactions since the date of the last accounting or, if none, from the commencement of administration and shall also include a schedule of the assets at the end of the accounting period. The accounting period may be a fiscal year or any other period selected by the personal representative.
(b) Notice of Filing. Notice of filing and a copy of the interim accounting shall be served on interested persons. The notice shall state that objections to the accounting must be filed within 30 days from the date of service of notice.
(c) Objection. Any interested person may file an objection to the interim accounting within 30 days from the date of service of notice on hunthat person. An objection shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds upon which the objection is based.
(d) Service of Objections. The objecting party shall serve a copy of the objection on the personal representative and other interested persons.
(e) Approval. The interim accounting shall be deemed approved 30 days from the date of service of the interim accounting on interested persons, unless an objection is filed as provided in the rules.
(f) Substantiating Papers. On reasonable request in writing, the personal representative shall permit an interested person to examine papers substantiating items in an interim accounting.
Committee Notes
The personal representative is required to file a final accounting when administration is complete, unless filing is waived by interested persons. Additionally, a personal representative may elect, but is not re *1340 quired, to file interim accountings at any time. The filing, notice, objection, and approval procedure is similar to that for final accounts.
Rule History
1977 Revision: Change in (a) to authorize selection of fiscal year.
1980 Revision: Change in (d) of prior rule to require the notice to state that the basis for an objection is necessary. Change in (e) of prior rule to require any person filing an objection to set forth the basis of such objection.
1984 Revision: Extensive change. Committee notes revised.
1988 Revision: Citation form change in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
Statutory References
F4§4 733.901, Fla.Stat. Distribution; final discharge.
ch. 738, Fla.Stat. Principal and income.
Rule References
FPRFIa.Prob.R. 5.346 Fiduciary accounting.
FPRFIa.Prob.R. 5.400 Distribution and discharge; -notice.
FPR 5,610 — Execution by guardian.
RULE 5.346. FIDUCIARY ACCOUNTING
(a) Contents. An fiduciary accounting shall include all cash and property transactions since the date of the last accounting or, if none, from the commencement of administration.
(b) Accounting Standards. The following standards are suggested but not mandatory required for the accounting of all transactions occurring on or after January 1, 1994:
(1)Accountsings shouldshall be stated in a manner that is understandable to persons who are not familiar with practices and terminology peculiar to the administration of estates and trusts.
(2) A fiduciary The accounting shall begin with a concise summary of its purpose and content.
(3) A fidicuary The accounting shall contain sufficient information to put interested persons on notice as to all significant transactions affecting administration during the accounting period.
(4) A fiduciary The accounting shall contain two values, the asset acquisition value or carrying value, and estimated current value.
(5) Gains and losses incurred during the accounting period shall be shown separately in the same schedule.
(6) The accounting shall show significant transactions that do not affect the amount for which the fiduciary is accountable.
(c)Forms Accounting Format. A Mmodel format for an accountsing are is attached to this rule as Appendix A.
Committee Notes
This is a new rule, — It substantially adopts the Uniform Fiduciary Accounting Principles and Model fFormats adopted by the Committee on National Fiduciary Accounting Standards of the American Bar Association: Section of Real Property, Probate and Trust Law, the American College of Probate Counsel, the American Bankers Association: Trust Division, and other organizations. It is not intended that either the standards of (b) of this rule or-the format-of the model accounts appearing- in Appendix A to this note- are required by this rule-(they may be required by- the Court), — This rule in its present form simply provides that the foregoing standards and model-accounts shall be promulgated as one sufficient form — for fiduciary accounting, -It is the intention of the committee to recommend that-these rules, when next amended to become effective January 1, 1993, — will require compliance with-the standards and model account formats as they may — be revised in the interim after comments from members of the -Bar,
Accountings shall also comply with the Florida principal and income law, chapter 738, Florida Statutes.
*1341 Attached as Appendix B to this noterule feare an explanation and commentary for each of the foregoing standards, which commentary shall be considered as a Committee Note to this rule.
Accountings that substantially conform to the model formats are acceptable.
Rule 5.180(a)(6) allows a waiver to the requirement that principal and interest be separately accounted for.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes throughout. Rule changed to require compliance with the Uniform Fiduciary Accounting Principles and Model Formats for accounting of all transactions occurring on or after January 1, 1994. Committee notes revised. Citation form changes in committee notes.
Statutory References
£⅛⅛ 733.502, Fla.Stat. Resignation of personal representative.
R&4 733.508, Fla.Stat. Accounting upon removal.
§ 733.602(1), Fla.Stat. General duties.
§ 733.612(18), Fla.Stat. Transactions authorized for the personal representative; exceptions.
ch. 738, Fla.Stat. Principal and income.
Rule References
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.180 Waiver and consent.
FPRFIa.Prob.R. 5.345 Interim account-ings.
FPRFla.Prob.R. 5.400 Distribution and discharge.
APPENDIX A TO RULE 5.346
[[Image here]]
SUMMARY
[[Image here]]
Under penalties of perjury, I declare that I have read and examined this accounting and that the facts and figures set forth in the above Summary and the attached Schedules are true, to the best of my knowledge and belief, and that it is a complete report of all cash and property transactions and of all receipts and disbursements by me as personal representa-
*1342 [[Image here]]
Refer to Florida Probate Code, F.S. 733.901(1) and to F.R.P & G. 5.330(a)(2); 5.345; and 5.400.
Also see Accountings, Chapter 12 of Basic Practice Under Florida Probate Code, Second Edition 1981.
Entries on Summary are to be taken from totals on Schedules A, B, C and D.
The Summary and Schedules A, B, C and D are to constitute the full accounting. Every transaction occurring during the accounting period should be reflected on the Schedules.
All purchases and sales, all adjustments to the inventory or carrying value of any asset, and any other changes in the assets (such as stock splits) should be described on Schedule C.
The last entry on the Summary is to reflect the total inventory or adjusted carrying value of all assets on hand at the close of the accounting period.
[[Image here]]
SCHEDULE — A Receipts During Period
(Does not include receipts from sale or other dispositions of principal assets. Such transactions are shown on Schedule C.)
[[Image here]]
Schedule A should reflect only items received during administration that are not shown on the inventory. Classification of items as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving the sale of assets or other adjustments to the carrying value of assets are to be shown on Schedule C, and not on Schedule A.
*1343 [[Image here]]
SCHEDULE — B Disbursements and Distributions
(Does not include purchases of principal assets. Such transactions are shown on Schedule C.)
[[Image here]]
Schedule B should reflect only those items paid out or distributed during administration. Assets distributed should be shown at their inventory or adjusted carrying values. Classification of disbursements as expense or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving the purchase of assets or adjustments to the carrying values of assets are to be shown on Schedule C, and not on Schedule B.
[[Image here]]
*1344 SCHEDULE — C Capital Transactions and Adjustments
(Do not show distributions. Distributions are shown on Schedule B.)
[[Image here]]
Schedule C should reflect all purchases and sales of assets and any adjustments to the carrying values of any assets.
Entries reflecting sales should show the inventory or adjusted carrying value, the costs and expenses of the sale, and the net proceeds received. The net gain or loss should be extended in the appropriate column on the right side of Schedule C.
Entries reflecting purchases should reflect the purchase price, any expenses of purchase or other adjustments to the purchase price, and the total amount paid. Presumably no gain or loss would be shown for purchases.
Entries reflecting adjustments in capital assets should explain the change (such as a stock split) and the net gain or loss should be shown in the appropriate column on the right side of Schedule C.
[[Image here]]
*1345 SCHEDULE — D Assets on Hand at Close of Accounting Period
(Indicate where held and legal description, certificate numbers, or other identification)
[[Image here]]
Schedule D should be a complete list of all assets on hand reflecting inventory values for each item, adjusted in accord with any appropriate entries on Schedule C.
Current market values for any assets that are known to be different from the inventory or carrying values as of the close of the accounting period should be shown in the column marked “Current Value.” The total inventory or adjusted carrying value (not Current Value) is to be shown as Item V on Summary.
APPENDIX B TO RULE 5.346
UNIFORM FIDUCIARY ACCOUNTING PRINCIPLES
I. ACCOUNTS SHOULD BE STATED IN A MANNER THAT IS UNDERSTANDABLE BY PERSONS WHO ARE NOT FAMILIAR WITH PRACTICES AND TERMINOLOGY PECULIAR TO THE ADMINISTRATION OF ESTATES AND TRUSTS.
Commentary: In order for an account to fulfill its basic function of communication, it is essential that it be stated in a manner that recognizes that the interested parties are not usually familiar with fiduciary accounts. It is neither practical nor desirable to require that accounts be tailored to meet individual disabilities of particular parties but any account should be capable of being understood by a person of average intelligence, literate in English, and familiar with basic financial terms who has read it with care and attention.
Problems arising from terminology or style are usually a reflection of the fact that people who become versed in a particu *1346 lar form of practice tend to forget that terms which are familiar and useful to them may convey nothing to someone else or may even be affirmatively misleading. For example, the terms “debit” and “credit” are generally incomprehensible to people with no knowledge of bookkeeping and many people who are familiar with them in other contexts would assume that in the context of fiduciary accounting, the receipt of an item is a “credit” to the fund rather than a “debit” to the fiduciary.
While the need for concise presentation makes a certain amount of abbreviation both acceptable and necessary, uncommon abbreviation of matters essential to an understanding of the account should be avoided or explained.
No position is taken for or against the use of direct print-outs from machine accounting systems. The quality of the accounts produced by these systems varies widely in the extent to which they can be understood by persons who are not familiar with them. To endorse or object to a direct print-out because it is produced by machine from previously stored data would miss the essential point by focusing attention upon the manner of preparation rather than the product.
II. A FIDUCIARY ACCOUNT SHALL BEGIN WITH A CONCISE SUMMARY OF ITS PURPOSE AND CONTENT.
Commentary: Very few people can be expected to pay much attention to a document unless they have some understanding of its general purpose and its significance to them. Even with such an understanding, impressions derived from the first page or two will often determine whether the rest is read. The use that is made of these pages is therefore of particular significance.
The cover page should disclose the nature and function of the account. While a complete explanation of the significance of the account and the effect of its presentation upon the rights of the parties is obviously impractical for inclusion at this point, there should be at least a brief statement identifying the fiduciary and the subject matter, noting the importance of examining the account and giving an address where more information can be obtained.
It is assumed that the parties would also have enough information from other sources to understand the nature of their relationship to the fund (e.g., residuary legatee, life tenant, remainderman), the function of the account, and the obligation of the fiduciary to supply further relevant information upon request. It is also assumed that notice will be given of any significant procedural considerations such as limitation on the time within which objections must be presented. This would normally be provided by prior or contemporaneous memoranda, correspondence^^ or discussions.
A summary of the account shall also be presented at the outset. This summary, organized as a table of contents, shall indicate the order of the details presented in the account and shall show separate totals for the aggregate of the assets on hand at the beginning of the accounting period; transactions during the period; and the assets remaining on hand at the end of the period. Each entry in the summary shall be supported by a schedule in the account that provides the details on which the summary is based.
III. A FIDUCIARY ACCOUNT SHALL CONTAIN SUFFICIENT INFORMATION TO PUT THE INTERESTED PARTIES ON NOTICE AS TO ALL SIGNIFICANT TRANSACTIONS AFFECTING ADMINISTRATION DURING THE ACCOUNTING PERIOD.
Commentary: The presentation of the information account shall allow an interested party to follow the progress of the fiduciary’s administration of assets during the accounting period.
An account is not complete if it does not itemize, or make reference to, assets on hand at the beginning of the accounting period.
Illustration:
3.1 The first account for a decedent’s estate or a trust may detail the items received by the fiduciary and for which the fiduciary is responsible. It may refer to the total amount of an inventory filed elsewhere or assets described in a schedule attached to a trust agreement.
*1347 Instead of retyping the complete list of assets in the opening balance, the preparer may prefer to attach as an exhibit a copy of the inventory, closing balance from the last account, etc., as appropriate, or may refer to them if previously provided to the interested parties who will receive it.
Transactions shall be described in sufficient detail to give interested parties notice of their purpose and effect. It should be recognized that too much detail may be counterproductive to making the account understandable. In accounts covering long periods or dealing with extensive assets, it is usually desirable to consolidate information. For instance, where income from a number of securities is being accounted for over a long period of time, a statement of the total dividends received on each security with appropriate indication of changes in the number of shares held will be more readily understandable and easier to check for completeness than a chronological listing of all dividends received.
Although detail should generally be avoided for routine transactions, it will often be necessary to proper understanding of an event that is somewhat out of the ordinary.
Illustrations:
3.2 Extraordinary appraisal costs should be shown separately and explained.
3.3 Interest and penalties in connection with late filing of tax returns should be shown separately and explained.
3.4 An extraordinary allocation between principal'and income such as apportionment of proceeds of property acquired on foreclosure should be separately stated and explained.
3.5 Computation of a formula marital deduction gift involving non-probate assets should be explained.
IV. A FIDUCIARY ACCOUNT SHALL CONTAIN TWO VALUES, THE ASSET ACQUISITION VALUE OR CARRYING VALUE, AND CURRENT VALUE.
Commentary: In order for transactions to be reported on a consistent basis, an appropriate carrying value for assets must be chosen and employed consistently.
The carrying value of an asset should reflect its value at the time it is acquired by the fiduciary (or a predecessor fiduciary). When such a value is not precisely determinable, the figure used should reflect a thoughtful decision by the fiduciary. For assets owned by a decedent, inventory values or estate tax values — generally reflective of date of death — would be appropriate. Assets received in kind by a trustee from a settlor of an inter vivos trust should be carried at their value at the time of receipt. For assets purchased during the administration of the fund, cost would normally be used. Use of Federal income tax basis for carrying value is acceptable when basis is reasonably representative of real values at the time of acquisition. Use of tax basis as a carrying value under other circumstances could be affirmatively misleading to beneficiaries and therefore is not appropriate.
In the Model Account, carrying valúe is referred to as “fiduciary acquisition value.” The Model Account establishes the initial carrying value of assets as their value at date of death for inventoried assets, date of receipt for subsequent receiptSj and cost for investments.
Carrying value would not normally be adjusted for depreciation.
Except for adjustments that occur normally under the accounting system in use, carrying values should generally be continued unchanged through successive accounts and assets should not be arbitrarily “written up” or “written down.” In some circumstances, however, with proper disclosure and explanation, carrying value may be adjusted.
Illustrations:
4.1 Carrying values based on date of death may be adjusted to reflect changes on audit of estate or inheritance tax returns.
4.2 Where appropriate under applicable local law, a successor fiduciary may adjust the carrying value of assets to reflect values at the start of histhat fiduciary’s administration.
4.3 Assets received in kind in satisfaction of a pecuniary legacy should be carried at the value used for purposes of distribution.
*1348 Though essential for accounting purposes, carrying values are commonly misunderstood by laymeapersons as being a representation of actual values. To avoid this, the account should include both current values and carrying values.
The value of assets at the beginning and ending of each accounting period is necessary information for the evaluation of investment performance. Therefore, the account should show, or make reference to, current values at the start of the period for all assets whose carrying values were established in a prior accounting period.
Illustrations:
4.4 The opening balance of the first account of a testamentary trustee will usually contain assets received in kind from the executor. Unless the carrying value was written up at the time of distribution (e.g., 4.2 or 4.3 supra) these assets will be carried at a value established during the executor’s administration. The current value at the beginning of the accounting period should also be shown.
4.5 An executor’s first account will normally carry assets at inventory (date of death) values or costs. No separate listing of current values at the beginning of the accounting period is necessary.
Current values should also be shown for all assets on hand at the close of the accounting period. The date on which current values are determined shall be stated and shall be the last day of the accounting period, or a date as close thereto as reasonably possible.
Current values should be shown in a column parallel to the column of carrying values. Both columns should be totalled.
In determining current values for assets for which there is no readily ascertainable current value, the source of the value stated in the account shall be explained. The fiduciary shall make a good faith effort to determine realistic values but should not be expected to incur expenses for appraisals or similar costs when there is no reason to expect that the resulting information will be of practical consequence to the administration of the estate or the protection of the interests of the parties.
Illustrations:
4.6 When an asset is held under circumstances that make it clear that it will not be sold (e.g., a residence held for use of a beneficiary) the fiduciary’s estimate of value would be acceptable in lieu of an appraisal.
4.7 Considerations such as a pending tax audit or offer of the property for sale may indicate the advisability of not publishing the fiduciary’s best estimate of value. In such circumstances, a statement that value was fixed by some method such as “per company books,” “formula under buy-sell agreement,” or “300% of assessed value” would be acceptable, but the fiduciary would be expected to provide further information to interested parties upon request.
Y. GAINS AND LOSSES INCURRED DURING THE ACCOUNTING PERIOD SHALL BE SHOWN SEPARATELY IN THE SAME SCHEDULE.
Commentary: Each transaction involving the sale or other disposition of securities during the accounting period shall be shown as a separate item in one combined schedule of the account indicating the transaction, date, explanation, and any gain or loss.
Although gains and losses from the sale of securities can be shown separately in accounts, the preferred method of presentation is to present this information in a single schedule. Such a presentation provides the most meaningful description of investment performance and will tend to clarify relationships between gains and losses that are deliberately realized at the same time.
VI. THE ACCOUNT SHALL SHOW SIGNIFICANT TRANSACTIONS THAT DO NOT AFFECT THE AMOUNT FOR WHICH THE FIDUCIARY IS ACCOUNTABLE.
Commentary: Transactions such as the purchase of an investment, receipt of a stock splits or change of a corporate name do not alter the total fund for which a fiduciary is accountable but must be shown in order to permit analysis and an under *1349 standing of the administration of the fund. These can be best shown in information schedules.
One schedule should list all investments made during the accounting period. It should include those subsequently sold as well as those still on hand. Frequently the same money will be used for a series of investments. Therefore, the schedule should not be totalled in order to avoid giving an exaggerated idea of the size of the fund.
A second schedule (entitled “Changes in Investment Holdings” in the Model Account) should show all transactions affecting a particular security holding, such as purchase of additional shares, partial sales, stock splits, change of corporate name, investment distributions, etc. This schedule, similar to a ledger account for each holding, will reconcile opening and closing entries for particular holdings, explain changes in carrying valuei and avoid extensive searches through the account for information scattered among other schedules.
RULE 5.350. CONTINUANCE OF UNINCORPORATED BUSINESS OR VENTURE
(a) Separate Accounts and Reports. In the conduct of an unincorporated business or venture, the personal representative shall keep separate, full, and accurate accounts of all receipts and expenditures and make reports as the court may require.
(b) Petition. If the personal representative determines it to be in the best interest of the estate to continue an unincorporated business or venture beyond the time authorized by statute or will, the personal representative shall file a verified petition which shall include:
(1) a statement of the nature of that business or venture;
(2) a schedule of specific assets and liabilities;
(3) the reasons for continuation;
(4) the proposed form and times of accounting for that business or venture;
(5) the period for which the continuation is requested; and
(6) any other information pertinent to the petition.
(c) Order. If the continuation is authorized, the order shall state:
(1) the period for which that business or venture is to continue;
(2) the particular powers of the personal representative in the continuation of that business or venture; and
(3) the form and frequency of accounting by that business or venture.
(d) Petition by Interested Person. Any interested person, at any time, may petition the court for an order regarding the operation of, accounting for, or termination of an unincorporated business or venture, and the court shall enter an order thereon.
Committee Notes
Rule History
1975 Revision: New rule. ⅜&⅞ 733.612;, Fla.Stat.
1984 Revision: Extensive changes in rule and title. Clarifies procedural steps to be taken by a personal representative who determines it to be in the best interest of an estate to continue any unincorporated business beyond the time authorized by statute. Information required to be filed in a verified petition is specified, and normal information to be included in a court order is listed. Other pertinent information under (b)(6) may include provisions for insurance of business or venture, proposed professionals to be used in connection with such activities, how the business or venture shall be managed, the person or persons proposed for managerial positions, a list of all other employees, agents, or independent contractors employed by or affiliated with the business or venture, and proposed compensation for all such management personnel, agents, employees, and independent contractors. Committee notes revised and expanded.
1988 Revision: Editorial change in caption of (b). Committee notes revised. Citation form changes in committee notes.
*1350 1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
733.612(22), Fla.Stat. Transactions authorized for the personal representative; exceptions.
ibS, — 714,441(13)—Powers—of- guardian upon court approvah
Rule References
ERRFla.Prob.R. 5.020 Pleadings; verification; motions.
FPRFla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.330 Execution by personal representative.
RULE 5.355. PROCEEDINGS FOR REVIEW OF EMPLOYMENT OF AGENTS AND COMPENSATION OF PERSONAL REPRESENTATIVES AND ESTATE EMPLOYEES
After notice to all interested persons and upon petition of an interested person bearing all or a part of the impact of the payment of compensation to the personal representative or any person employed by hiiathe personal representative, the propriety of the employment and the reasonableness of the compensation or payment may be reviewed by the court. The petition shall state the grounds on which it is based. The burden of proving the propriety of the employment and the reasonableness of the compensation shall be upon the personal representative and the person employed by hhathe personal representative. Any person who is determined to have received excessive compensation from an estate may be ordered to make appropriate refunds.
Committee Notes
This rule represents a rule implementation of the procedure found in Subsection 733.6175, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.201(21), Fla.Stat. General definitions.
§ 731.301, Fla.Stat. Notice; method and time; proof.
§ 733,617, Fla.Stat. Compensation of personal representatives and professionals.
1¾=⅛ 733.6175, Fla.Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
Rule References
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
RULE 5.360. ELECTIVE SHARE AND PRE-EXISTING DOWER
(a) Optional Procedure.
(1) Notice of Election. Upon the filing of an election to take elective share, at the option of the surviving spouse, a copy of the election to take elective share, together with a notice of election, may be served on interested persons in the manner provided for service of formal notice. The notice of election shall indicate the name and the address of the attorney for the surviving spouse and of the attorney for the personal representative, and shall include a notice that objections to the election must be filed within 20 days from the receipt of the copy of the notice or be thereafter barred.
(2) Objection to Election. Any interested person may file an objection to the election which shall state with particularity the grounds on which the objection is based. No objection shall be filed later than 20 days after receipt of the copy of the notice of election, unless the time is extended. The objecting party shall serve a copy of the objection on the attorney for the surviving spouse and on the attorney for the personal representative. If an objection is served, the personal representative shall promptly serve a notice of election and copy of the election and the objection as provided in paragraphsubdivision (1), on all *1351 interested persons who have not previously been served. The proceedings shall thereafter be adversary.
(3) Determination of Entitlement. If an objection is filed, the court shall first determine the surviving spouse’s entitlement to the elective share.
(b) Procedure to Determine Elective Share.
(1) Petition by Personal Representative. If the surviving spouse files an election for elective share, the personal representative shall file a petition to determine the amount of the elective share stating the proposed time and manner of distribution in satisfaction of the elective share.
(2) Petition by Spouse. If the personal representative does not file the petition to determine the amount of the elective share, the electing spouse may file the petition specifying as particularly as is known the value of the elective share.
(3) Order Determining Elective Share. The order shall state the amount of the elective share and the time and manner of distribution.
(c) Time of Payment. No distribution shall be required until six months from the date of death, when no federal estate tax return is required to be filed, or until the tax return is timely filed, when required. The order may provide for partial distributions.
(d) Suspension of Payment. On petition of any interested person after notice, the court may suspend distribution of the elective share or any part of it until final settlement of the federal estate tax liability of the estate.
(e) Petition for Dower. The widow may also file an extraordinary petition for assignment of dower in the court of each county or counties where lands lie which her husband had conveyed in which she had not relinquished her right of dower prior to October 1, 1973. Formal notice shall be served on persons adversely affected. The proceedings shall be as similar as possible to those formerly existing for the ordinary assignment of dower.
Committee Notes
The surviving spouse may optionally serve a notice of election together with a copy of the election. This procedure bifurcates the issue of entitlement from any issue of determination of amount, timing of payment, or funding procedures. It is intended to allow the surviving spouse and other interested parties to make an early determination of whether any issue exists as to entitlement. If the surviving spouse does not follow this elective procedure or serves lessfewer than all interested persons, any person not served may object to entitlement at any time before entry of the order determining elective share. As to any person so served, failure timely to object would waive any such objection unless the time was extended for good cause shown. Good cause for extending the time after its expiration might-include the inability to discover the basis for such objection through- the exercise of reasonable — diligence during the time provided.
If the optional procedure of para-graphsubdivision (a) is utilized, the procedural provisions in paragraphsubdivision (b) still apply, although the proceeding is adversary if any objection is filed.
If the optional procedure is not utilized, the matters of entitlement and determination may, nevertheless, be bifurcated by the court.
It is intended that the role of the personal representative in this procedure would be as a neutral. Since hethe personal representative is a fiduciary owing duties to all interested persons, it is not appropriate that hethe personal representative should take a position for or against the award of the elective share and expend estate funds in that regard. See Barnett v. Barnett, 340 So.2d 548 (Fla. 1st DCA 1976); In re Estate of Lynagh, 177 So.2d 256 (Fla. 2d DCA 1965). However, the personal representative is not prohibited from advancing a position regarding the timing of payment or the assets to be used to satisfy the elective share or other such issue relating directly to the administration of the estate and is not intended to favor one beneficiary over another or over the surviving spouse. *1352 A personal representative as a fiduciary has a duty of full disclosure to all interested persons and the court, for instance regarding knowledge of the existence of a marital agreement or other relevant facts. The committee offers no opinion on whether a personal representative may have a duty to oppose the entitlement to thé elective share based on the existence of an apparently valid marital agreement.
The case of Menz v. Estate of Menz, 381 So.2d 375 (Fla. 1st DCA 1980), provides for attorney’s fees to be awarded to the surviving spouse if the personal representative fails to file a petition to determine the amount of the elective share. If the optional procedure in paragraphsubdivision (a) is utilized, the filing of the petition to determine elective share may be delayed until final determination of entitlement.
Par-agraphsSubdivisions (c) and (d) of this rule represent a rule implementation of the procedure found in R&section 732.214⅛ Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1984 Revision: Extensive changes. Clarifies information to be included in a petition for elective share filed by a personal representative and specifies information to be included in an order determining elective share. Committee notes revised and expanded.
1988 Revision: Extensive changes. A new procedure has been added providing for optional service of a notice of election together with a copy of the election and a procedure to expose objections to and determine right to entitlement, separate from the pre-existing procedure of determination of amount and setting aside. Para-graphsSubdivisions (c) and (d) represent rule implementation of procedure in statute. Committee notes revised and expanded. Citation form changes in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
Statutory References
732.201 - 732.215, Fla.Stat. Elective share of surviving spouse.
Rule References
Fla.Prob.R. 5.020 Pleadings; verification; motions.
FPRFla.Prob.R. 5.025 Adversary proceedings.
FPRFla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
Fla.Prob.R. 5.395 Notice of federal estate tax return.
RULE 5.370. SALES OF REAL PROPERTY WHERE NO POWER CONFERRED
(a) Petition. When authorization or confirmation of the sale of real property is required, application shall be made by verified petition of the personal representative setting forth the reasons for the sale, a description of the real property sold or proposed to be sold, and the price and terms of the sale.
(b) Order. If the sale is authorized or confirmed, the order shall describe the real property and, if the property is authorized to be sold at private sale, shall fix the price and the terms of the sale. An order authorizing a sale may provide for the public or private sale of the real property described therein, in parcels or as a whole. If public sale is ordered, the personal representative shall give such notice as the order requires.
Committee Notes
Petitions under the rule are governed by ftSrSection 733.610, Florida Statutes, under which sales are voidable by interested persons if there was a conflict of interest without full disclosure and consent, unless the will or contract entered into by the decedent authorized the transaction or it was approved by the court after notice to all interested persons, and by Flection 733.609, Florida Statutes, involving bad faith actions by the personal representative. Note provisions for attorneys’ fees.
*1353 Rule History
1984 Revision: Extensive changes. Notice of hearing on any petition concerning sale of real property is required by statute unless waived. The requirement to record a certified copy of the order approving sale of real estate in each county where the real property or any part thereof is situated has been deleted. Committee notes revised and expanded.
1988 Revision: Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
ftSrg 733.609, FIa.Stat. Improper exercise of power; breach of fiduciary duty.
3¾§4 733.610, FIa.Stat. Sale, encumbrance or transaction involving conflict of interest.
3¾⅜4 733.613(1), FIa.Stat. Personal representative’s right to sell real property.
733.810, FIa.Stat. Distribution in kind; valuation.
Rule References
FPRFla.Prob.R. 5.020 Pleadings; verification; motions.
FPRFla.Prob.R. 5.040 Notice.
FPRFla.Prob.R. 5.041 Service of pleadings and papers.
FPRFla.Prob.R. 5.180 Waiver and consent.
RULE 5.380. COMPULSORY PAYMENT OF DEVISES OR DISTRIBUTIVE INTERESTS
(a) Petition. A beneficiary may file a petition setting forth the facts that entitle faimthe beneficiary to compel payment of devises or distributive interests stating that the property will not be required for the payment of debts, family allowance, spouse’s elective share, estate and inheritance taxes, claims, charges, and expenses of administration, or for providing funds for contribution or enforcing equalization in case of advancements.
(b) Order. If the court finds that the property will not be required for the purposes set forth in subdivision (a), it may enter an order describing the property to be surrendered or delivered and compelling the personal representative, prior to the final settlement of faisthe personal representative’s accounts, to do one or more of the following:
(1) te-pPay all or any part of a devise in money?.
(2) te-dDeliver specific personal property within faisthe personal representative’s custody and control;.
(3) te-pPay all or any part of a distributive interest in the personal estate of a decedent^-or.
(4) te-sSurrender real property.
(c)Bond. Before the entry of an order of partial distribution, the court may require the person entitled to distribution to give a bond with sureties as prescribed by law.
Committee Notes
Rule History
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Editorial change in caption of (a). Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.301, FIa.Stat, Notice; method and time; proof.
Fr&¿ 733.802, FIa.Stat. Proceedings for compulsory payment of devises or distributive interest.
Rule References
FRRFla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.395 Notice of federal estate tax return.
*1354 RULE 5.385. DETERMINATION OF BENEFICIARIES AND SHARES
(a) Beneficiaries and Shares. If a personal representative or other interested person is in doubt or is unable to determine with certainty beneficiaries entitled to an estate or the shares of any beneficiary of an estate, or a beneficiary entitled to any asset or interest in an estate, the personal representative or other interested person may petition the court to determine beneficiaries.
(b) Petition. The petition shall include:
(1) the names, residences, and post office addresses of all persons who may have an interest, except creditors of the decedent, known to the petitioner or ascertainable by diligent search and inquiry;
(2) a statement of the nature of the interest of each person;
(3) designation of any person believed to be a minor or incompetentincapacitated, and whether any person so designated is under legal guardianship in this state;
(4) a statement as to whether petitioner believes that there are, or may be, persons whose names are not known to himpetitioner who have claims against, or interest in, the estate as beneficiaries.
Committee Notes
This rule represents a rule implementation of the procedure found in ftSksection 733.105, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure, except that it recognizes the right of an interested person other than the personal representative to initiate this procedure. The first sentence of (2) of the statute has not been included in this rule as the committee feels it is sufficiently covered in KPRrule 5.025. The second sentence of (2) of the statute is felt by the committee to be substantive and has not been included.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised.
Citation form changes in committee notes.
Statutory References
ch. 49, Fla.Stat. Constructive service of process.
§ 731.201(21), Fla.Stat. General definitions.
§ 731.301, Fla.Stat. Notice; method and time; proof.
733.105, Fla.Stat. Determination of beneficiaries.
Rule References
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.120 Administrator ad li-tem and guardian ad litem.
Fla.Prob.R. 5.205(a)(6) Filing evidence of death.
RULE 5.386. ESCHEAT
(a) Escheat Proceeding. If it appears to the personal representative that an estate may escheat or there is doubt about the existence of any person entitled to the estate, the personal representative shall institute a proceeding to determine beneficiaries within 1 year after letters have been issued to faimthe personal representative, and notice shall be served on the Department of Legal Affairs. If the personal representative fails to institute the proceeding within the time fixed, it may be instituted by the Department of Legal Affairs.
(b) Court’s Report. On or before January 15 of each year, each court shall furnish to the Department of Legal Affairs a list of all estates being administered in which no person appears to be entitled to the property and the personal representative has not instituted a proceeding for the determination of beneficiaries.
(c) Administration. Except as herein provided, escheated estates shall be administered as other estates.
Committee Notes
This rule represents a rule implementation of the procedure found in R&section 732.107, Florida Statutes. It is not intended to change the effect of the statute from *1355 which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
Statutory References
⅜⅜⅛ 732.107, Fla.Stat. Escheat.
§ 733.105, Fla.Stat. Determination of beneficiaries.
$ 733.816, Fla.Stat. Disposition of unclaimed property held by personal representatives.
Rule References
Fla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
Fla.Prob.R. 5.385 Determination of beneficiaries and shares.
RULE 5.395. NOTICE OF FEDERAL ESTATE" TAX RETURN
When a federal estate tax return is required, the personal representative shall file a notice stating the due date of the return. The notice shall be filed within 12 months from the date letters are issued and copies of the notice shall be served on interested persons. Whenever the due date is subsequently extended, similar notice shall be filed and served.
Committee Notes
The purpose of the rule is to require notification to the court and all interested persons that the time for closing the estate is extended when a federal estate tax return is required.
Rule History
1984 Revision: New rule.
1988 Revision: Citation form change in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 733.401, Fla.Stat. Issuance of letters.
733.901(1), Fla.Stat. Distribution; final discharge.
Rule Reference
FPSFla.Prob.R. 5,400 Distribution and discharge; notice.
RULE 5.400. DISTRIBUTION AND DISCHARGE
(a) Petition for Discharge; Final Accounting. When a A personal representative who has completed administration except for distribution, — he shall file a final accounting and a petition for discharge including a plan of distribution.
(b) Contents.
The petition for discharge shall contain a statement:
(1) that the personal representative has fully administered the estate;
(2) that all claims which were presented have been paid, settled, or otherwise disposed of;
(3) that the personal representative has paid or made provision for taxes and expenses of administration;
(4) showing the amount of compensation paid or to be paid to the personal representative, attorneys, accountants, appraisers, or other agents employed by the personal representative;
(5) showing a plan of distribution which shall include:
(A) a schedule of all prior distributions;
(B) the property remaining in the hands of the personal representative for distribution; and
(C) a schedule describing the proposed distribution of the remaining assets; and
(D) the amount of funds retained by the personal representative to pay expenses that are incurred in the distribution of the remaining assets and termination of the estate administration;
(6) that any objections to the accounting, the compensation paid or proposed to be paid, or the proposed distribution of assets *1356 must be filed within 30 days from the date of service of the last of the petition for discharge or final accounting; and also that within 90 days after filing of the objection, a notice of hearing thereon must be served or the objection is abandoned; and
(7) that objections, if any, shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds on which the objection is based.
(c) Closing Estate; Extension. The final accounting and petition for discharge shall be filed and served on interested persons within 12 months after issuance of letters for estates not required to file a federal estate tax return, otherwise within 12 months from the date the return is due, unless the time is extended by the court for cause shown after notice to interested persons. The petition to extend time shall state the status of the estate and the reason for the extension.
(d) Distribution. The personal representative shall promptly distribute the estate property in accordance with the plan of distribution, unless objections are filed as provided in these rules.
(e) Discharge. On receipt of evidence that the estate has been fully administered and properly distributed, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
(f) Waiver. The final accounting, any portion of the petition for discharge, or the time for filing objections may be waived by all interested persons.
Committee Notes
The rule establishes a procedure for giving notice and serving the final accounting, petition for discharge, and plan of distribution to all interested persons prior to distribution and discharge. No distinction is made in plans of distribution which distribute estate property in kind among multiple residual beneficiaries proportionate to their respective interests and those which include equalizing adjustments in cash or property and which do not make prorated distribution.
Rule History
1980 Revision; Change in prior (a)(6) to require that an objection set forth the basis on which it is being made.
1984 Revision; This rule has been substantially revised. Portions of the prior rule are now incorporated in FPRrules 5.400 and 5.401. The committee has included the procedure for filing and serving of objections to the final accounting, petition for discharge, plan of distribution or compensation in FPRrule 5.401.
(b)(1) is deleted to avoid duplication with FPRrule 5.346. Paragr-aphSubdivision (c) is amended to add the 12-month time specification of FrSrSection 733.901(1), Florida Statutes. Committee notes revised. Citation form changes in committee notes.
1992 Revision: Subdivision (b)(5)(D) is added. Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.201(10), (21), Fla.Stat. General definitions.
⅜⅞⅛ 731.302, Fla.Stat. Waiver and consent by interested person.
733.809, Fla.Stat. Right of retainer.
FtSt§ 733.810, Fla.Stat. Distribution in kind; valuation.
733.811, Fla.Stat. Distribution; right or title of distributee.
Ft&$ 733.812, Fla.Stat. Improper distribution; liability of distributee.
¡¾⅜⅛ 733.901, Fla.Stat. Distribution; final discharge.
Rule References
FPRFIa.Prob.R. 5.020 Pleadings; verification; motions.
FPRFIa.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
FPRFIa.Prob.R. 5.180 Waiver and consent.
*1357 FPRFla.Prob.R. 5.401 Objections to petition for discharge or final accounting.
RULE 5.401. OBJECTIONS TO PETITION FOR DISCHARGE OR FINAL ACCOUNTING
(a) Objections. An interested person may object to the petition for discharge or final accounting within 30 days after the service of the later of the petition or final accounting on that interested person.
(b) Contents. Written objections to the petition for discharge or final accounting must state with particularity the items to which the objections are directed and must state the grounds on which the objections are based.
(c) Service. Copies of the objections shall be served by the objector on the personal representative and interested persons not later than 30 days after the last date on which the petition for discharge or final accounting was served on the objector.
(d) Hearing on Objections. Any interested person may set a hearing on the objections. Notice of the hearing shall be given to all interested persons. If the objections are not noticed for hearing within 90 days of filing of the objections, the objections shall be deemed abandoned and the personal representative may make distribution as set forth in the plan of distribution.
(e) Order on Objections. The court shall sustain or overrule any objections to the petition for discharge and final accounting and shall determine a plan of distribution.
(f) Discharge. On receipt of evidence that the estate has been distributed according to the plan determined by the court and the claims of creditors have been paid or otherwise disposed of, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
Committee Notes
Rule History
1984 Revision: New rule. Objections to the petition for discharge or final accounting were formerly under prior FPRrule 5.400. Clarifies procedure for objections.
1988 Revision: Editorial changes in (a). Committee notes revised. Citation form changes in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.201(10), (21), Fla.Stat. General definitions.
733.6175, Fla.Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
733.901, Fla.Stat. Distribution; final discharge.
Rule References
FPRFla.Prob.R. 5.020 Pleadings; verification; motions.
FPRFla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
FPRFla.Prob.R. 5.180 Waiver and consent.
FPRFla.Prob.R. 5.400 Distribution and discharge; notice.
RULE 5.405. PROCEEDINGS TO DETERMINE HOMESTEAD REAL PROPERTY
(a) Petition. An interested person may file a petition to determine homestead real property owned by the decedent.
(b) Contents. The petition shall be verified by the petitioner and shall state:
(1) the date of the decedent’s death;
(2) the county of the decedent’s domicile at the time of his death;
(3) the name of the decedent’s surviving spouse and the names and dates of birth of the decedent’s surviving lineal descendants;
(4) a legal description of the property owned by the decedent on which the decedent resided; and
(5) any other facts in support of the petition.
(c) Order. If the court determines that the property constituted the homestead of the decedent, it shall enter an order deter *1358 mining the legal description and the persons entitled to the homestead real property-
Committee Notes
This rule establishes the procedure by which the personal representative or any interested person may petition the court for a determination that certain real property constituted the decedent’s homestead property, in accordance with article X, section 4 of the Florida Constitution. The jurisdiction of the court to determine constitutional homestead property was established by In re Noble’s Estate, 73 So.2d 873 (Fla.1954).
Rule History
1984 Revision: New rule.
1988 Revision: Editorial change in (a). Subparagraphdivision (b)(4) amended to conform to constitutional change. Committee notes revised. Citation form change in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
Constitutional Reference
Art. X, § 4, Fla. Const.
Statutory References
§ 731.104, Fla.Stat. Verification of documents.
§ 732,401, Fla.Stat. Descent of homestead.
732.4015, Fla.Stat. Devise of homestead.
733.607, Fla.Stat. Possession of estate.
FtSt§ 733.608, Fla.Stat. General power of the personal representative.
Art, X, § 4, Fla, Const,
Rule References
Fla.Prob.R. 5.020 Pleadings; verification; motions.
FIa.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R, 5.205(a)(7) Filing evidence of death.
FPRFla.Prob.R. 5.340 Inventory.
RULE 5.406. PROCEEDINGS TO DETERMINE EXEMPT PROPERTY
(a) Petition. A verified petition to determine exempt property shall be filed by or on behalf of the persons entitled to exempt property within the time allowed by law.
(b) Contents. The petition shall:
(1) describe the property and the basis on which it is claimed as exempt property; and
(2) state the name and address of the decedent’s surviving spouse or, if none, the names and addresses of decedent’s children entitled by law to the exempt property and the dates of birth of those who are minors.
(c) Order. The court shall determine each item of exempt property and its value and order the surrender of that property to the persons entitled to it.
Committee Notes
This rule establishes the procedure by which the personal representative or any interested person may petition the court for determination of exempt property in accordance with article X, section 4 of the Florida Constitution and Resection 732.-402, Florida Statutes.
Section 732.402, Florida Statutes, specifies the time within which the petition to determine exempt property must be filed after first publication of notice of administration, unless extended as provided in the statute.
Rule History
1984 Revision: New rule.
1988 Revision: Paragr-aphSubdivision (a) revised to reflect editorial changes and to require verification. Subparagraphdivision (b)(1) revised to require the basis for asserting exempt property status. Subpara-graphdivision (b)(2) added the requirement of stating addresses of those entitled to exempt property. ParagraphSubdivision (c) revised to reflect editorial changes and to require determination of the value of each item of exempt property. Committee notes revised.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
*1359 Constitutional Reference
Art. X, § 4, Fla. Const.
Statutory References
732.402, Fla.Stat. Exempt property-
Art, X, § 4, Fla, Const,
Rule References
FPRFla.Prob.it. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
FPRFla.Prob.R. 5.420 Disposition of personal property without administration.
RULE 5.420. DISPOSITION OF PERSONAL "PROPERTY WITHOUT ADMINISTRATION
(a) Application. An interested person may request a disposition of the decedent’s personal property without administration. An application signed by the applicant shall set forth the following information:
(1) the description and value of the exempt property;
(2) the description and value of the other assets of the decedent;
(3) the amount of preferred funeral expenses and reasonable and necessary medical and hospital expenses for the last 60 days of the last illness together with accompanying statements or payment receipts; and
(4) each requested payment or distribution of personal property.
(b) Exempt Property. If the decedent’s personal property includes exempt property, or property that can be determined to be exempt property, the application must also be signed by all persons entitled to the exempt property or by their representative.
(c) Preparation. On request, the clerk shall assist the applicant in the preparation of the required writing.
(d) Disposition. If the court is satisfied that disposition without administration is appropriate, the court may, without hearing, by letter or other writing authorize the payment, transfer, or disposition of the decedent’s personal property to those persons entitled to it.
Committee Notes
Fr&Section 732.402, Florida Statutes, requires persons entitled to exempt property, which excludes property specifically or demonstratively devised, to file timely a petition to determine exempt property. Accordingly, disposition of personal property under this rule should not be granted if decedent’s personal property includes exempt property without all persons entitled thereto agreeing to such disposition.
Rule History
1977 Revision: Permits the clerk to perform limited ministerial acts in the completion of the application.
1984 Revision: Editorial changes. Delineates the required contents of the application. Committee notes revised.
1988 Revision: Subparagr-aphdivision (a)(3) changed to require applicant to attach accompanying statements or payment receipts regarding priority expenses. Para-grapbSubdivision (b) added to require persons entitled to exempt property to agree to the proposed disposition. Committee notes expanded.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
Statutory References
732.402, Fla.Stat. Exempt property-
⅜⅜⅛ 735.301, Fla.Stat. Disposition without administration.
Rule Reference
Fla.Prob.R. 5.205(a)(5) Filing evidence of death.
RULE 5.430. RESIGNATION OF PERSONAL "REPRESENTATIVE
(a) Resignation. A personal representative may resign and be relieved of bis office upon filing a resignation with notice to all interested persons, including any surety on the bond. Before relieving the personal representative from faisthe duties of the office, the court shall require hbathe personal representative to file an accounting *1360 and to pay over and deliver to histhe successor or to-the joint personal representative all of the decedent’s estate and all records concerning the estate. The acceptance of such resignation shall not exonerate any personal representative or his surety from liability previously incurred.
(b)Appointment of Successor. When a sole personal representative resigns, a successor must be appointed and qualified before a personal representative is relieved of histhe duties of the office.
Committee Notes
On the resignation of a personal representative, a successor personal representative shall file an oath and designation of a successor resident agent.
Rule History
1975 Revision: The rule provides for the orderly succession of personal representatives in the event a personal representative resigns or is removed.
1977 Revision: Editorial change in committee note.
1988 Revision: Editorial changes; cap-Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.201(21), Fla.Stat. General definitions.
§ 733.401(l)(d), Fla.Stat. Issuance of letters.
1¾=⅛ 733.502, Fla.Stat. Resignation of personal representative.
⅜§⅛ 733.503, Fla.Stat. Appointment of successor upon resignation.
Rule References
FIa.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
EPRFla.Prob.R. 5.310 Disqualification of personal representative; notification.
Fla.Prob.R. 5.320 Oath of personal representative.
EPRFla.Prob.R. 5.345 Interim account-ings.
Fla.Prob.R. 5.346 Fiduciary accounting.
RULE 5.440. PROCEEDINGS FOR REMOVAL
(a) Commencement of Proceeding. The court on its own motion or any surety, any joint personal representative, or any other interested person by petition may commence a proceeding to remove a personal representative. A petition for removal shall state the facts constituting the grounds upon which removal is demanded-sought, and shall be filed in the court issuing the letters.
(b) Accounting. A removed personal representative shall file an accounting of his administration within 30 days after his removal. The accounting shall include a statement of all property on hand, and all receipts and disbursements and all cash and other property transactions from the date of the last accounting or, if none, from the date that letters were issued to the removed personal representative. The provisions relating to notice of filing, objections to accounting, approval of accounting by the court, and substantiation of account-ings contained in Rrule 5.345(b) through (f) shall apply to this rule.
(c) Delivery of Records and Property. A removed personal representative shall deliver to the remaining or successor personal representative all of the records of the estate and all of the property of the estate within 30 days after his removal or within such lesser time set by the court.
(d) Failure to File Accounting or Deliver Records and Property. If a removed personal representative fails to file an accounting of his administration or fails to deliver to the remaining or successor personal representative all property of the estate and all estate records under histhe control of the personal representative within the time prescribed by this rule or by order of the court, the removed personal representative shall be subject to contempt proceedings.
*1361 Committee Notes
The revision of paragraphsubdivision (a) of this rule by the addition of its final phrase represents a rule implementation of the procedure found in Resection 733.505^ Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1980 Revision: Paragraphsubdivision (a) amended to require formal notice to interested persons and to delete requirement that court give directions as to mode of notice. Surety authorized to petition for removal.
1984 Revision: Editorial changes. Provisions in prior rule for contempt have been deleted since the court has the inherent power to punish for contempt. Committee notes revised.
1988 Revision: Last phrase of (a) added to implement the procedure found in RSrSection 733.505, Florida Statutes. Par-agraphSubdivision (b) amended to parallel interim accounting rules. Deletes ability to extend time to file and adds reference to court power to punish for contempt. Committee notes expanded. Editorial changes. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.201(21), Fla.Stat. General definitions.
733.504, Fla.Stat. Causes of removal of personal representative.
733.505, Fla.Stat. Jurisdiction in removal proceedings.
5⅝§ 733.506, Fla.Stat. Proceedings for removal.
RSrf 733.507, Fla.Stat. Administration following resignation or removal.
R§4 733.508, Fla.Stat. Accounting upon removal.
⅜⅜⅛ 733.509, Fla.Stat. Surrender of assets upon removal.
Rule References
FPRFla.Prob.R. 5.020 Pleadings; verification; motions.
FPRFla.Prob.R. 5.025 Adversary proceedings.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
FPRFla.Prob.R. 5.150 Order requiring accounting.
FPRFla.Prob.R. 5.660 Proceedings for removal of guardian.
RULE 5.460. SUBSEQUENT ADMINISTRATION
(a) Petition. If, after an estate is closed, additional property of the decedent is discovered or if further administration of the estate is required for any other reason, any interested person may file a petition for further administration of the estate. The petition shall be filed in the same probate file as the original administration.
(b) Contents. The petition shall state:
(1) the name, address, and interest of the petitioner in the estate;
(2) the reason for further administration of the estate;
(3) the description, approximate value, and location of any asset not included among the assets of the prior administration; and
(4) a statement of the relief sought.
(c) Order. The court shall enter such orders as appropriate. Unless required, the court need not revoke the order of discharge, reissue letters, or require bond.
Committee Notes
This rule establishes a procedure for further administration after estate is closed, which may be summary in nature.
Rule History
1984 Revision: Extensive changes. Committee notes revised.
1992 Revision: Citation form changes in committee notes.
*1362 Statutory Reference
¾&§ 733.903, Fla.Stat. Subsequent administration.
RULE 5.470. ANCILLARY ADMINISTRATION
(a) Petition. The petition for ancillary letters shall include an authenticated copy of so much of the domiciliary proceedings as will show:
(1) for a testate estate the will, petition for probate, order admitting the will to probate, and authority of the personal representative; or
(2) for an intestate estate the petition for administration and authority of the personal representative to act.
(b) Notice. Notice of the petitionBefore ancillary letters shall be issued to any person, formal notice shall be given to:
(1) all known persons qualified to act as ancillary personal representative and whose entitlement to preference of appointment is equal to or greater than petitioner’s and who have not waived notice or .joined in the petition; and
(2) all domiciliary personal representatives who have not waived notice or joined in the petition.
(c) Probate of Will. On filing the authenticated copy of a probated will, the court shall determine whether the will complies with Florida law to entitle it to probate. If it does comply, the court shall admit the will to probate.
Committee Notes
Rule History
1975 Revision: The rule sets out the procedural requirements for issuance of ancillary letters.
1984 Revision: Editorial changes with addition of notice requirement in (b). Committee notes revised.
1988 Revision: Committee notes revised.
1992 Revision: Changed rule to require that notice be given to persons qualified to act as ancillary personal representative whose entitlement to preference of appointment is equal to or greater than petitioner’s and to all domiciliary personal representatives prior to entry of an order admitting the will to probate. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.111, FIa.Stat. Notice to creditors.
§ 733.212, Fla.Stat. Notice of administration; filing of objections and claims.
FR§ 734.102, Fla.Stat. Ancillary administration.
RS*$ 734.1025, Fla.Stat. Nonresident decedent’s estate with property not exceeding $25,000 in this state; determination of claims.
Rule References
FPRFla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
FPRFla.Prob.R. 5.065(b) Notice of civil action or ancillary administration.
FPRFla.Prob.R. 5.205(a)(2) Filing evidence of death.
Fla.Prob.R. 5.240 Notice of administration.
FPRFla.Prob.R. 5.475 Ancillary administration, short form.
RULE 5.475. ANCILLARY ADMINISTRATION, SHORT FORM
(a) Filing Requirements. An estate which meets the requirements of Resection 734.1025, Florida Statutes, may file with the clerk in the county where any property is located, an authenticated copy of so much of the transcript of the domiciliary proceedings as will show:
(1) lin a testate estate, the probated will and all probated codicils of the decedent; the order admitting them to probate; the letters or their equivalent; and the part of the record showing the names of the devi-sees and heirs of the decedent or an affidavit of the domiciliary personal representative reciting that the names are not shown or not fully disclosed by the domiciliary record and specifying the names. On presentation of the foregoing, the court shall *1363 admit the will and any codicils to probate if they comply with Resection 732.502(1) or RRsection 732.502(2), Florida Statutes;T
(2) lin an intestate estate, the petition for administration; order appointing personal representative; and an authenticated copy of letters of administration, or their equivalent, with the part of the record showing the names of the heirs of the decedent or an affidavit of the domiciliary personal representative supplying the names, as provided in subparagraphdivision (1). On presentation of the foregoing, the court shall order them recorded.
(b) Notice to Creditors. After complying with the foregoing requirements, the domiciliary personal representative shall cause a notice to creditors to be published as required by these rules.
(c) Claims Procedure. The procedure for filing or barring claims and objecting to them and for suing on them shall be the same as for other estates, except as provided in this rule.
(d) Order. If no claims are filed against the estate within the time allowed, the court shall enter an order adjudging that notice to creditors has been duly published and proof thereof filed and that no claims have been filed against the estate or that all claims have been satisfied.
(e) Notification of Claims Filed. If any claim is filed against the estate within the time allowed, the court shall send to the domiciliary personal representative a copy of the claim and a notice setting a date for a hearing to appoint an ancillary personal representative. At the hearing, the court shall appoint an ancillary personal representative according to the preferences as provided by law.
(f) Objections to Claims. If an ancillary personal representative is appointed pursuant to this rule, the procedure for filing, objecting to, and suing on claims shall be the same as for other estates, except that the ancillary personal representative appointed shall have not fewer than 30 days from the date of his appointment within which to object to any claim filed.
Committee Notes
This rule represents a rule implementation of the procedure found in RRsection 734.1025, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.111, Fla.Stat. Notice to creditors.
§ 733.212, Fla.Stat. Notice of administration; filing of objections and claims.
R§4 734.102, Fla.Stat. Ancillary administration.
734.1025, Fla.Stat. Nonresident decedent’s estate with property not exceeding $25,000 in this state; determination of claims.
Rule References
FPRFla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
FPRFla.Prob.R. 5.065(b) Notice of civil action or ancillary administration.
FPRFla.Prob.R. 5.205(a)(2) Filing evidence of death.
Fla.Prob.R. 5.240 Notice of administration.
FPRFla.Prob.R. 5.470 Ancillary administration.
RULE 5.490. FORM AND MANNER OF PRESENTING CLAIM
(a) Form. A creditor’s statement of claim shall be verified and filed with the clerk and shall state:
(1) the basis for the claim;
(2) the amount claimed;
(3) the name and address of the creditor;
*1364 (4) the security for the claim, if any; and
(5) whether the claim is due or involves an uncertainty and, if not due, then the due date and, if contingent or unliquidated, the nature of the uncertainty.
(b) Copy. At the time of filing the claim, the creditor shall also furnish the clerk with a copy thereof.
(c) Mailing. The clerk shall mail a copy of claims, noting the fact and date of mailing on the original, to the attorney for the personal representative unless all personal representatives file a notice directing that copies of claims be mailed to a designated personal representative or attorney of record. Absent designation, a copy of claims shall be mailed to the attorney for the personal representative named first in the letters of administration.
(d) Validity of Claim. Failure to deliver or receive a copy of the claim shall not affect the validity of the claim.
(e) Amending Claims. If a claim as filed is sufficient to notify interested persons of its substance but is otherwise defective as to form, the court may permit the claim to be amended at any time.
Committee Notes
ParagraphSubdivision (e) of this rule represents a rule implementation of the procedure found in Rgksection 733.704, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.
Rule History
1975 Revision: Sets forth the claims procedure to be followed and clarifies the matter of delivery of copies where there are multiple personal representatives or where the attorney of record desires to accept such delivery.
1984 Revision: Extensive editorial changes and requires furnishing of copy of claim to the attorney for the personal representative. Committee notes revised.
1988 Revision: Clarifies the matter of delivery of copies and directs the clerk to mail the same to the attorney for the personal representative unless designations are filed by all personal representatives to added to implement the procedure found in Rghsection 733.704, Florida Statutes. Editorial changes. Committee notes expanded. Citation form change in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
731.111, Fla.Stat. tors. Notice to eredi-
733.212, Fla.Stat. ministration; filing of claims. Notice of ad-objections and
733.702, Fla.Stat. presentation of claims. Limitations on
RS4 733.703, Fla.Stat. ner of presenting claim. Form and man-
⅜&⅞ 733.704, Fla.Stat. claims. Amendment of
733.708, Fla.Stat. Compromise.
§ 733.710, Fla.Stat. Limitations on claims against estates.
§ 734.102, Fla.Stat. Ancillary administration.
Rule References
FPRFIa.Prob.R. 5.240 Notice of administration.
Fla.Prob.R. 5.470 Ancillary administration.
Fla.Prob.R. 5.475 Ancillary administration, short form.
FPRFIa.Prob.R. 5.495 Petition to extend time for filing claim.
FPRFIa.Prob.R. 5.520 Family administration.
Fla.Prob.R. 5.530 Summary administration.
RULE 5.496. FORM AND MANNER OF OBJECTING TO CLAIM
(a) Filing. An objection to a claim shall be in writing and shall be filed within 4 months from the first publication of notice of administration or within 30 days from the timely filing of a claim, whichever occurs later.
*1365 (b) Objection to Proof of Claim. An objection to a personal representative’s proof of claim shall identify the particular item or items of the claim to which objection is made.
(c) Service. A personal representative or other interested person who files an objection to a claim shall serve a copy by registered or certified mail or by delivery on the claimant or claimant’s attorney of record within 10 days after the filing of the objection, and also on the personal representative if the objection is filed by an interested person other than the personal representative-
id) Notice to Claimant. An objection shall contain a statement that the claimant is limited to a period of 30 days from the date of service of an objection within which to bring an action as provided by law.
Committee Notes
This rule represents an implementation of the procedure found in section 733.705, Florida Statutes, and adds a requirement to furnish notice of the time limitation in which an independent action or declaratory-action must be filed after objection to a claim.
Rule History
1992 Revision: New rule.
Statutory Reference
§ 733.705, Fla.Stat. Payment of and objection to claims.
RULE 5.510. ESTABLISHMENT AND PROBATE OF LOST OR DESTROYED WILL
(a) Proceeding. The establishment and probate of a lost or destroyed will shall be in one proceeding.
(b) Petition. The petition, in addition to reciting information required under these rules for petition for administration, shall include a statement of the facts constituting grounds on which relief is sought, and a statement of the contents of the will or, if available, a copy of the will.
(c) Testimony. The testimony of each witness in the proceeding shall be reduced to writing and filed and may be used as evidence in any contest of the will if the witness has died or moved from the state.
(d) Order. The order admitting the will to probate shall state in full its terms and provisions.
Committee Notes
This rule represents a rule implementation of the procedure found in Bisection 733.207, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure. The committee believes that the last sentence of section (3) of the statute is substantive, and has not therefore been included here. This rule replaces a prior rule of the same number and is intended to track the statute more closely than the prior rule.
Rule History
1977 Revision: Editorial change in para-graphsubdivision (c) of prior rule.
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Rule rewritten to conform to statute. Committee notes expanded. Citation form change in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory Reference
⅜&§ 733.207, Fla.Stat. Establishment and probate of lost or destroyed will.
Rule References
Fla.Prob.R. 5.020 Pleadings; verification; motions.
FPRFla.Prob.R. 5.025 Adversary proceedings.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
FPRFla.Prob.R. 5.200 Petition for administration.
*1366 RULE 5.520. FAMILY ADMINISTRATION
(a) Petition. The petition shall be verified by the surviving spouse, if any, and the beneficiaries and shall contain the statements required by law and the following:
(1) fFacts showing that the petitioners are entitled to family administration}.
(2) aA schedule of all assets required by law to be listed and the estimated values of each, probate and nonprobate assets being listed separately. Homestead and exempt property shall be separately designated}.
(3) ©One of the following shall be included:
(A) aA statement that the estate is not indebted} — ©r.
(B) aA statement that all creditors’ claims are barred} — or.
(C) tThe name of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due. If provision for payment of the debt has been made other than in the proposed order of distribution, the following information shall be shown:
(i) tThe name of the person who will pay the debt}.
(ii) tThe creditor’s written consent for substitution or assumption of the debt by another person}.
(iii) tThe amount to be paid if the debt has been compromised} — and.
(iv) ilf the debt is to be paid in other than ©net lump sum or as directed by court order, the time and method of payment}.
(4) aA schedule of proposed distribution of all probate assets and the person to whom each asset is to be distributed.
(b) Testate Estate. In a testate estate, on the filing of the petition for family administration, the decedent’s will shall be proved and admitted to probate.
(c) Order. If the court determines that the decedent’s estate qualifies for family administration, it shall enter an order distributing the probate assets and specifically designating the person to whom each asset is to be distributed.
Committee Notes
Rule History
1975 Revision: Established the requirements of a petition for family administration.
1980 Revision: Deleted repetition of specific language included in the statutes.
1984 Revision: Extensive revisions. Requirements were added to protect creditors because publication of notice of administration is not always required. Committee notes revised.
1988 Revision: Editorial change in caption of (a). Committee notes revised.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731.104, Fla.Stat. Verification of documents.
⅞§⅛§ 735.101-735.107, Fla.Stat. Family administration.
Rule References
FPRFla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.205(a)(3) Filing evidence of death.
RULE 5.530. SUMMARY ADMINISTRATION
(a) Petition. The petition shall be verified and shall contain the statements required by law and the- following:
(1) fFacts showing that the petitioners are entitled to summary administration}.
(2) aA schedule of all assets required by law to be listed and the estimated value of each, separately designating homestead and exempt property}.
(3) ©One of the following shall be included:
(A) aA statement that the estate is not indebted} — ©r.
(B) aA statement that all creditors’ claims are barred} — ©r.
(C) tThe name of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due. If provi *1367 sion for payment of the debt has been made other than in the proposed order of distribution, the following information shall be shown:
(i) tThe name of the person who will pay the debt}.
(ii) tThe creditor's written consent for substitution or assumption of the debt by another person}.
(iii) tThe amount to be paid if the debt has been compromised} — and,.
(iv) ilf the debt is to be paid in other than ©eel lump sum or as directed by court order, the time and method of payment}.
(4) aA schedule of proposed distribution of all probate assets and the person to whom each asset is to be distributed.
(b) Testate Estate. In a testate estate, on the filing of the petition for summary administration, the decedent’s will shall be proved and admitted to probate.
(c) Order. If the court determines that the decedent’s estate qualifies for summary administration, it shall enter an order distributing the probate assets and specifically designating the person to whom each asset is to be distributed.
Committee Notes
Rule History
1977 Revision: Changes to conform to 1975 statutory revision. Established the requirements of a petition for summary administration and provided for the hearing thereon and the entry of the order of distribution of the assets.
1984 Revision: Extensive revisions and editorial changes. Committee notes revised.
1988 Revision: Editorial change in caption of (a). Committee notes revised.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 731,104, Fla.Stat. Verification of documents.
§ 731.111, Fla.Stat. Notice to creditors.
735.201-735.209, Fla.Stat. Summary administration.
Rule References
EPRFla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.205(a)(4) Filing evidence of death.
RULE 5.540. HEARINGS
(a) Application. All hearings under chapter 744, Florida Statutes, shall be open unless the alleged incapacitated person or adjudicated ward elects to have the hearing closed.
(b) Election. An election to close a hearing may be made before the hearing by filing a written notice. Subject to the court’s approval, an election to close or reopen a hearing may be made at any time during the hearing by oral or written motion.
Committee Notes
This is a new rule permitting an alleged incapacitated person, or adjudicated ward, the election to have all hearings open or closed at any time by oral or written election.
Rule History
1991 Revision: New rule.
1992 Revision: Committee notes revised.
Statutory Reference
§ 744.1095, Fla.Stat. Hearings.
Rule Reference
Fla.Prob.R. 5.541 Recording of hearings.
RULE 5.541. RECORDING OF HEARINGS
Electronic or stenographic recordings shall be made of all hearings on the:
(a) appointment of a guardianadjudication of incapacity;
(b) adjudication of incapacityappointment of a guardian;
(c) modification, termination, or revocation of the adjudication of incapacity; or
(d) restoration of capacity.
*1368 Committee Notes
This is a new rule. It represents a rule implementation of the procedure found in sections 744.109 and 744.3031, Florida Statutes. It is not intended to change the effect of the statutes from which it is derived, or to create a new procedure or modify an existing procedure.
Rule History
1991 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form change in committee notes.
Statutory References
§ 744.109, Fla.Stat. Records.
§ 744.3031, Fla.Stat. Emergency temporary guardianship.
§ 744.3371, Fla.Stat. Notice of petition for appointment of guardian and hearing.
Rule Reference
FRRFla.Prob.R. 5.610 Execution by guardian.
RULE 5.550. PETITION TO DETERMINE INCAPACITY
(a) Contents. The petition to determine incapacity shall be verified by the petitioner and shall state:
(1) the name, age, and present address of the petitioner and the petitioner’s relationship to the alleged incapacitated person;
(2) the name, age, county of residence, and present address of the alleged incapacitated person, and specify the primary language spoken by the alleged incapacitated person, if known;
(3) that the petitioner believes the alleged incapacitated person to be incapacitated, the facts on which such belief is based, and the names and addresses of all persons known to the petitioner who have knowledge of such facts through personal observation;
(4) the name and address of the alleged incapacitated person’s attending or family physician, if known;
(5) which rights the alleged incapacitated person is incapable of exercising to the best of the petitioner’s knowledge; and, if the petitioner has insufficient experience to make that judgment, the petitioner shall so indicate;
(6) whether plenary or limited guardianship is sought for the alleged incapacitated person; and
(7) the names, relationships, and addresses of the next of kin of the alleged incapacitated person, specifying the dates of birth of any who are minors, to the extent known to the petitioner.
(b) Notice.
(1) Contents. The notice of filing the petition to determine incapacity shall state:
(A) the time and place of the hearing to inquire into the capacity of the alleged incapacitated person;
(B) that an attorney has been appointed to represent such person; and
(C) that if the court determines that such person is incapable of exercising any of the rights enumerated in the petition a guardian may be appointed.
(2) Service on Alleged Incapacitated Person. The notice and a copy of the petition to determine incapacity shall be personally served by an elisor appointed by the court, who may be the court appointed counsel for the alleged incapacitated person. The elisor shall read the notice to the alleged incapacitated person, but need not read the petition. A return of service shall be filed by the elisor certifying that the notice and petition have been served on and the notice read to the alleged incapacitated person. No responsive pleading is required and no default may be entered for failure to file a responsive pleading. The allegations of the petition are deemed denied.
(3) Service on Others. A copy of the petition and the notice shall also be served on counsel for the alleged incapacitated person, and on all next of kin.
Committee Notes
Rule History
1980 Revision: Implements 1979 amendments to section 744.331, Florida Statutes.
1984 Revision: Change in title of rule. Editorial changes and adds a provision for *1369 service of petition. Committee notes revised.
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1989 Revision by Ad Hoc Committee: The committee realized that formal notice as defined in Rrule 5.040(a)(1) requires the recipient of notice to file a responsive pleading within twentygO days after the service of the notice. The committee believed that to impose such a requirement on the alleged incapacitated person would contravene the legislative intent of the 1989 revisions to Cchapter 744, Florida Statutes. The committee observed that the time required for appointment of mandatory appointed counsel might render a responsive pleading within twentygO days impossible for the alleged incapacitated person. The committee concluded that, procedurally, notice upon the alleged incapacitated person should occur in the same manner as formal notice in Rrule 5.040, but the required response under that rule should not be imposed upon the alleged incapacitated person.
1991 Revision: Implements 1989 amendments to sections 744.3201 and 744.331, Florida Statutes, and 1990 technical amendments.
1992 Revision: Citation form changes in committee notes.
Statutory References
§ 744.3201, Fla.Stat. Petition to determine incapacity.
§ 744.331, Fla.Stat. Procedures to determine incapacity.
§ 744.3371, Fla.Stat. Notice of petition for appointment of guardian and hearing.
Rule References
FRRFla.Prob.R. 5.020 Pleadings; verification; motions.
FRRFla.Prob.R. 5.040(a)(3) Notice.
FPRFIa.Prob.R. 5.800(a) Application of revised chapter 744 to existing guardian-ships.
RULE 5.555. GUARDIANSHIPS OF MINORS ’
(a) Application. This rule shall apply to any guardianship for a minor.
(b) Petition to Determine Incapacity. No petition to determine incapacity need be filed.
(c) Petition for Appointment of Guardian. The petition shall be verified by the petitioner and shall state:
(1) the facts to establish venue;
(2) the petitioner’s residence and post office address;
(3) the name, age, social security number, and residence and post office address of the minor;
(4) the names and addresses of the parents of the minor and if none, the next of kin known to the petitioner;
(5) the name, social security or tax identification number, and residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve; or, that a willing and qualified guardian has not been located;
(6) the proposed guardian’s relationship to and any previous association with the minor;
(7) the reasons why the proposed guardian should be appointed; and
(8) the nature and value of the property subject to the guardianship.
(d) Notice. Formal notice of the petition for appointment of guardian shall be served on any parent who is not a petitioner or, if there is no parent, on the persons with whom the minor resides and on such other persons as the court may direct.
(e) Initial and Annual Guardianship Reports.
(1) The initial guardianship report shall consist only of the verified inventory. The annual guardianship report shall consist only of the annual accounting.
(2) Unless otherwise ordered by the court, the guardian need not file an initial or annual guardianship plan.
(3) Unless otherwise ordered by the court, the guardian need not serve a copy of the initial guardianship report and the annual guardianship reports on the ward if the ward is under the age of 14 years.
*1370 (f) Inspection of Inventory or Accounting. Unless otherwise ordered by the court for good cause shown, any inventory, amended or supplementary inventory, or accounting is subject to inspection only by the clerk, the ward or the ward’s attorney, and the guardian or the guardian’s attorney.
Committee Notes
The provisions of chapter 744, Florida Statutes, and the guardianship rules enacted in 1989 leave some uncertainty with respect to the procedural requirements in guardianships for minors who are not incapacitated persons. This rule is intended to address only certain procedures with respect to the establishment and administration of guardianships over minors. The committee believes that certain provisions of the guardianship law and rules apply to both guardianships of minors as well as guardianships of incapacitated persons and no change has been suggested with respect to such rules. Because no adjudication of a minor is required by statute, it is contemplated that appointment of a guardian for a minor may be accomplished without a hearing.
Rule History
1991 Revision: New rule adopted to apply to guardianships over minors who are not incapacitated persons.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 744.3021, Fla.Stat. Guardians of minors.
§ 744.334, Fla.Stat.' Petition for appointment of guardian; contents.
§ 744.3371(2), Fla.Stat. Notice of petition for appointment of guardian and hearing.
§ 744.342, FIa.Stat. Minors; guardianship.
§ 744.362, Fla.Stat. Initial guardianship report.
§ 744.363, Fla.Stat. Initial guardianship plan.
§ 744.365, Fla.Stat. Verified inventory.
§ 744.367, Fla.Stat. Duty to file annual guardianship report.
§ 744.3675, Fla.Stat. Annual guardianship plan.
§ 744.3678, Fla.Stat. Annual accounting.
§ 744.3374(2), -Fla.Stat. — Notice of petition-for appointment of guardian and hear-
Rule References
KBRFla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.541 Recording of hearings.
KBRFla.Prob.R. 5.560 Petition for appointment of guardian;---noticeof an incapacitated person.
KBRFla.Prob.R. 5.620 Inventory.
Fla.Prob.R. 5.636 Settlement of minors’ claims.
KBRFla.Prob.R. 5.690 Initial guardianship report.
RULE 5.560. PETITION FOR APPOINTMENT OF GUARDIAN OF AN INCAPACITATED PERSON
(а) Contents. The petition shall be verified by the petitioner and shall state:
(1) the facts to establish venue;
(2) the petitioner’s residence and post office address;
(3) the name, age, social security number, and residence and post office address of the alleged incapacitated person;
(4) the nature of the incapacity, the extent of guardianship, either limited or plenary, requested for the alleged incapacitated person, and the nature and value of property subject to the guardianship;
(5) the names and addresses of the next of kin of the alleged incapacitated person known to the petitioner;
(б) the name, social security or tax identification number, and residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve, or that a willing and qualified guardian has not been located;
*1371 (7) the proposed guardian s relationship to and any previous association with the alleged incapacitated person; and
(8) the reasons why the proposed guardian should be appointed.
(b) Notice. Notice of filing the petition for appointment of guardian may be served as a part of the notice of filing the petition to determine incapacity.
(c) Service on Public Guardian. If the petitioner requests appointment of the public guardian, a copy of the petition and the notice shall be served on the public guardian.
Committee Notes
Rule History
1975 Revision: Substantially the same as section 744.334, Florida Statutes, expanded to include provisions of section 744.302, Florida Statutes, and section 744.312, Florida Statutes, by reference.
1977 Revision: Change in committee notes to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to section 744.334, Florida Statutes.
1984 Revision: Combines EPrrule 5.560 and part of prior FPRrule 5.570. Editorial changes and committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1989 Revision by Ad Hoc Committee: Subdivision (a)(4) of the former rule has been deleted altogether because the date and court of adjudication will probably not be known at the time of filing the petition for the appointment since petition for appointment will henceforth be filed contemporaneously with the petition to determine incapacity.
1991 Revision: Implements 1989 amendments to sections 744.334 and 744.331(1), Florida Statutes, and 1990 technical amendments. Subdivision (c)(1) deleted because FPRrule 5.555(d) addresses service on parents.
1992 Revision: Citation form changes in committee notes.
Statutory References
§ 744.309, Fla.Stat. Who may be appointed guardian of a resident ward.
§ 744.312, Fla.Stat. Considerations in appointment of guardian.
§ 744.331, Fla.Stat. Procedures to determine incapacity.
§ 744.334, Fla.Stat. Petition for appointment of guardian; contents.
§ 744.3371(1), Fla.Stat. Notice of petition for appointment of guardian and hearing.
§ 744.341, Fla.Stat. Voluntary guardianship.
§ 744.344, Fla.Stat. Order of appointment.
§ 744.703, Fla.Stat. Office of public guardian; appointment, notification.
Rule References
FPRFla.Prob.R. 5.020 Pleadings; verification; motions.
FPRFla.Prob.R. 5.040 Notice.
FPRFla.Prob.R. 5.550 Petition to determine incapacity.
RULE 5.590. APPLICATION FOR APPOINTMENT AS GUARDIAN; DISCLOSURE STATEMENT
(a) Individual Applicants. The application for appointment shall contain:
(1) the applicant’s qualifications to serve as a guardian; and
(2) the names of all wards for whom the applicant is then acting as guardian, the court file number and circuit court in which each case is pending, and a statement as to whether the applicant is acting as a limited or plenary guardian of the person or property, or both, of each ward.
(b) Nonprofit Corporate Guardians.
(1) Contents. A disclosure statement shall contain:
(A) the corporation’s qualifications to serve as a guardian; and
(B) the names of all wards for whom the corporation is then acting as guardian, the court file number and circuit court in which each case is pending, and a statement as to whether the corporation is acting as a limit *1372 ed or plenary guardian of the person or property, or both, of each ward.
(2) Filing. The disclosure statement of a nonprofit corporate guardian shall be filed quarterly with the clerk of the court for each circuit in which the corporation has been appointed, or is seeking appointment, as guardian.
(c) Corporations and Associations With Trust Powers. No application for appointment or disclosure statement shall be required of any corporation or association with trust powers under Florida law, except nonprofit corporate guardians.
(d) Public Guardians. No application for appointment or disclosure statement shall be required of a public guardian.
Committee Notes
Rule History
1988 Revision: Prior rule deleted; text of rule moved to FPRruIe 5.650.
1989 Revision: Rule reactivated with different title and text.
1991 Revision: Implements 1989 and 1990 amendments to section 744.3125, Florida Statutes.
1992 Revision: Citation form change in committee notes.
Statutory References
§ 744.309, Fla.Stat. Who may be appointed guardian of a resident ward.
§ 744.3125, Fla.Stat. Application for appointment.
§ 744.3371, Fla.Stat. Notice of petition for appointment of guardian and hearing.
RULE 5.600. OATH
Every guardian or temporary emergency temporary guardian shall take an oath to perform faithfully the duties of guardian or temporary emergency temporary guardian before exercising such authority. The oath may be incorporated in the petition for appointment of guardian, or petition for appointment of emergency temporary guardian, if verified by the prospective guardian.
Committee Notes
Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering. Rule permits oath of guardian to be incorporated in petition for appointment and in designation of resident agent.
1984 Revision: Editorial change and deletes genders.
1989 Revision: Prior rule adopted as temporary emergency rule.
1991 Revision: Permits oath to be incorporated in application for appointment of guardian, adds reference to temporary emergency guardian, and makes editorial change.
1992 Revision: Editorial changes.
Statutory Reference
§ 744.347, Fla.Stat. Oath of guardian.
RULE 5.620, INVENTORY
(a) Inventory. Within 60 days after insurance of letters, the guardian of the property shall file a verified inventory as required by law. All property not in the guardian’s possession as of the date the inventory is filed shall be so identified.
(h) Amended or Supplemental Inventory. If the guardian of the property learns of any property not included in the inventory, or learns that the description in the inventory is inaccurate, the guardian shall, within 30 days of this discovery, file a verified amended or supplemental inventory showing the change.
(c) Substantiating Papers. Unless ordered by the court, the guardian need not file the papers substantiating the inventory. Upon reasonable written request, the guardian of the property shall make the substantiating papers available for examination to those persons entitled to receive or inspect the inventory.
(d) Safe Deposit Box Inventory. If the ward has a safe deposit box, a copy of the safe deposit box inventory shall be filed as part of the verified inventory.
*1373 Committee Notes
Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering.
1984 Revision: Change to require inventory to be filed within 60 days after issuance of letters, rather than after appointment. Committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form change in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Former FPRruIe 5.620(b) has been deleted as partly substantive and addressed in section 744.381, Florida Statutes, and the procedural part is unnecessary.
The committee recognizes the conflict between this rule and section 744.362, Florida Statutes, which requires the filing of the initial guardianship report (which includes the inventory) within 60 days after appointment. The committee believes this provision, which attempts to regulate when a paper must be filed with the court, is procedural and that a guardian may not receive letters of guardianship empowering the guardian to act contemporaneously with the appointment. Therefore, the issuance of letters is a more practical time from which to measure the beginning of the time period for the accomplishment of this act.
1992 Revision: Citation form changes in committee notes.
Statutory References
§ 199.062(4), Fla.Stat. Annual tax information reports.
§ 744.362, Fla.Stat. Initial guardianship report.
§ 744.365, Fla.Stat. Verified inventory.
§ 744.3701, Fla.Stat. Inspection of report.
§ 744.381, Fla.Stat. Appraisals.
§ 744.384, Fla.Stat. Subsequently discovered or acquired property.
Rule References
FRRFIa.Prob.R. 5.020 Pleadings; verification; motions.
FPRFIa.Prob.R. 5.041 Service of pleadings and papers.
FPRFla.Prob.R. 5.060 Request for notices and copies of pleadings.
FPRFla.Prob.R. 5.610 Execution by guardian.
FPRFla.Prob.R. 5.690 Initial guardianship report.
FPRFla.Prob.R. 5.700 Objection to guardianship reports.
RULE 5.630. PETITION FOR APPROVAL OF ACTS
(a) Contents. When authorization or confirmation of any act of the guardian is required, application shall be made by verified petition stating the facts showing:
(1) the expediency or necessity for the action;
(2) a description of any property involved;
(3) the price and terms of any sale, mortgage, or other contract;
(4) whether the ward has been adjudicated incapacitated to act with respect to the rights to be exercised; and
(5) whether the action requested conforms to the guardianship plan.
(b) Notice. No notice of a petition to authorize sale of perishable personal property or of property rapidly deteriorating shall be required. Notice of a petition to perform any other act requiring a court order shall be given to the ward, to the next of kin, if any, and to those persons who have filed requests for notices and copies of pleadings.
(c) Order.
(1) If the act is authorized or confirmed, the order shall describe the permitted act and authorize the guardian to perform it or confirm its performance.
(2) If a sale or mortgage is authorized or confirmed, the order shall describe the property. If a sale is to be private, the order shall specify the price and the terms of the sale. If a sale is to be public, the order shall state that the sale shall be made *1374 to the highest bidder and that the court reserves the right to reject all bids.
Committee Notes
Rule History
1975 Revision: Substantially the same as sections 744.503, 744.447, and 744.451, Florida Statutes, with editorial changes.
1977 Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to section 744.447(2), Florida Statutes.
1988 Revision: Editorial changes; captions added to subdivisions. Committee notes revised. Citation form changes in rule and committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Changes to conform to 1989 revised guardianship law.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 744.441, Fla.Stat. Powers of guardian upon court approval.
§ 744.447, Fla.Stat. Petition for authorization to act.
§ 744.451, Fla.Stat. Order.
Rule References
FPRFla.Prob.R. 5.020 Pleadings; verification; motions.
FPRFla.Prob.R. 5.025 Adversary proceedings.
FPRFla.Prob.R. 5.040 Notice.
FPRFla.Prob.R. 5.041 Service of pleadings and papers.
FPRFla.Prob.R. 5.060 Request for notices and copies of pleadings.
Fla.Prob.R. 5.610 Execution by guardian.
Fla.Prob.R. 5.636 Settlement of minors' claims.
RULE 5.635. PETITION FOR EXTRAORDINARY AUTHORITY
(a) Contents. When authorization for extraordinary authority is sought as permitted by law, application shall be made by verified petition stating:
(1) the petitioner’s interest in the proceeding;
(2) the specific authority requested; and
(3) the facts constituting the basis for the relief sought and that the authority being requested is in the best interest of the ward.
(b) Notice.
(1) The petition shall be served by formal notice. For good cause shown, the court may shorten the time for response to the formal notice and may set an expedited hearing.
(2) The petition shall be served on the guardian of the person,, if the guardian is not the petitioner, the ward, the next of kin, if any, those interested persons who have filed requests for notices and copies of pleadings, and such other persons as the court may direct.
(c) Hearing. The hearing shall be at a time and place that will enable the ward to express the ward's views to the court.
Committee Notes
Rule History
1991 Revision: New rule.
1992 Revision: Committee notes revised.
Statutory References
§ 744.3215(4), Fla.Stat. Rights of persons determined incapacitated.
§ 744.3725, Fla.Stat. Procedure for extraordinary authority.
RULE 5.636. SETTLEMENT OF MINORS’ CLAIMS
(a) Time of Settlement. Claims on behalf of minors may be settled either before or after an action is filed.
(b) Petition. The petition for approval of a settlement shall contain:
(1) the name, residence address, and date of birth of the minor;
(2) the name and address of any guardian appointed for the minor;
(3) the name and residence address of the natural guardians or other persons having legal custody of the minor;
*1375 (4) a statement disclosing the interests of any natural or court-appointed guardian whose interest may be in conflict with that of the minor;
(5) a description of the cause of action in which the minor’s interest arises;
(6) a summary of the terms of the proposed settlement; and
(7) copies of all agreements, releases, or other documents to be executed on behalf of the minor.
(c) Notice. Notice of the petition shall be given to the court-appointed guardians for the minor, to the natural guardians or other persons with legal custody of the minor, to the minor if age 14 or older, and to the minor’s next of kin if required by the court-
Cd) Guardian Ad Litem. The court shall appoint a guardian ad litem on behalf of a minor, without bond or notice, with respect to any proposed settlement that exceeds $25,000 and affects the interests of the minor, if:
(1) there is no court-appointed guardian of the minor;
(2) the court-appointed guardian may have an interest adverse to the minor; or
(3) the court determines that representation of the minor's interest is otherwise inadequate.
(e) Valuation of Proposed Settlement. A proposed settlement is deemed to exceed $25,000 if the gross amount payable exceeds $25,000, without reduction to reflect present value or fees and costs.
(f) Report. A guardian ad litem appointed with respect to a proposed settlement affecting the interests of a minor shall, not later than 5 days prior to the hearing on a petition for order authorizing settlement, file and serve a report indicating the guardian ad litem’s determination regarding whether the proposed settlement will be in the best interest of the minor. The report shall include:
(1)a statement of the facts of the minor's claim and the terms of the proposed settlement, including any benefits to any persons or parties with related claims;
(2) a list of the persons interviewed and documents reviewed by the guardian ad litem in evaluating the minor’s claim and proposed settlement; and
(3) the guardian ad litem’s analysis of whether the proposed settlement will be in the best interest of the minor.
A copy of the report shall be served on those persons on whom service is required in subdivision (c) of this rule.
Committee Notes
When a civil action is pending, the petition for approval of settlement should be filed in that civil action. In all other circumstances, the petition for approval of settlement should be filed in the same court and assigned to a judge who would preside over a petition for appointment of guardian of a minor.
The total settlement to be considered under subdivisions (d) and (e) is not limited to the amounts received only by the minor, but includes all settlement payments or proceeds received by all parties to the claim or action. For example, the proposed settlement may have a gross value of $30,000, with $15,000 payable to the minor and $15,-000 payable to another party. In that instance the total proposed settlement exceeds $25,000. Further, the “gross amount payable” under subdivision (e) is the total sum payable, without reducing the settlement amount by fees and costs that might be paid from the proceeds of the settlement. For example, if the proposed settlement is $30,000 but $10,000 of that sum will be paid to the attorneys representing the minor’s interest in the action, the “gross amount payable” still exceeds $25,-000. Likewise, the “gross amount payable” cannot be reduced to reflect the present value of the proposed settlement on behalf of the minor.
Rule History
1992 Revision: New rule.
Statutory References
§ 744.301, Fla.Stat. Natural guardians.
§ 744.387, Fla.Stat. Settlement of claims.
*1376 § 744,391, Fla.Stat. Actions by and against guardian or ward.
§ 744.441, Fla.Stat. Powers of guardian upon court approval.
§ 744.446, Fla.Stat. Conflicts of interest; prohibited activities; court approval.
§ 744.447, Fla.Stat. Petition for authorization to act.
§ 768.23, Fla.Stat. Protection of minors and incompetents.
§ 768.25, Fla.Stat. Court approval of settlements.
Rule References
Fla.Prob.R. 5.120 Administrator ad li-tem and guardian ad litem.
Fla.Prob.R. 5.610 Execution by guardian.
FIa.Prob.R. 5.630 Petition for approval of acts.
RULE 5.640. CONTINUANCE OF UNINCORPORATED BUSINESS OR VENTURE OF WARD
(a) Continuance of Business. When the ward is adjudicated incapacitated while engaged in any unincorporated business or venture, the court may authorize the guardian to continue the business or venture for a reasonable time under the supervision of the court.
(b) Petition. Before an order is made under subdivision (a), the guardian shall file a verified petition, alleging sufficient facts to make it appear that it is in the best interest of the ward’s estate to continue the business or venture.
(c) Order. The order authorizing the continuance of the business or venture may empower the guardian to make contracts necessary to conduct the business or venture and to incur debts and pay out money in the proper conduct of the business or venture. The net profits only of the business or venture are to be added to the assets of the ward’s estate.
(d) Accounts and Reports. In the conduct of the business or venture, the guardian shall keep full and accurate accounts of all receipts and expenditures and make reports as the court requires.
(e)Discontinuance of Business. Any person interested in the ward’s estate may at any time petition the court for an order requiring the guardian to discontinue and to wind up the business or venture, and the court, after notice to the guardian, shall enter such order thereon as is in the best interest of the ward’s estate.
Committee Notes
Rule History
1975 Revision: Implements section 744.-441(16), Florida Statutes. The rule is patterned after FPRruIe 5.350 pertaining to the continuation of a business of a decedent by a personal representative.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Change in title of rule; captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Editorial changes in (a), (b), and (e).
1992 Revision: Citation form changes in committee notes.
Statutory References
§ 744.441(13), Fla.Stat. Powers of guardian upon court approval.
§ 744.447, Fla.Stat. Petition for authorization to act.
Rule Reference
FPRFla.Prob.R. 5.350 Continuance of unincorporated business or venture.
RULE 5.650. RESIGNATION OR DISQUALIFICATION OF GUARDIAN; APPOINTMENT OF SUCCESSOR
(a) Resignation and Petition for Discharge. A guardian seeking to resign shall file a resignation and petition for discharge.
(b) Contents. The resignation and petition for discharge shall state:
(1) that the guardian wishes to resign and be relieved of all duties as guardian:
(2) the amount of compensation to be paid to the guardian and to the attorneys, *1377 accountants, or other agents employed by the guardian; and
(3) the names and addresses of the successor guardian and the successor guardian’s attorney, or that a successor guardian has not yet been appointed or duly qualified.
(c) Final Report. A resigning guardian of the property shall file a final report showing receipts, disbursements, amounts reserved for unpaid and anticipated costs and fees, and other relevant financial information from the date of the previous annual accounting, and a list of assets to be turned over to the successor guardian.
(d) Notice. A notice shall be served stating that:
(1) any objection shall be in writing and shall state with particularity each item to which the objection is directed and the grounds on which the objection is based;
(2) any objection to the resignation, petition for discharge, or final report shall be filed within 30 days from the date of service of the petition for discharge; and
(3) within 90 days after filing of the objection, a notice of hearing thereon shall be served or the objection is abandoned.
(e) Service. A copy of the resignation, petition for discharge, final report, and notice of resignation and petition for discharge shall be served on the ward, any surety on the guardian’s bond, any successor guardian, and such other persons as the court may direct.
(f) Objections. Objections shall be in the form and be filed within the time set forth in the notice of resignation and petition for discharge. A copy of the objections shall be served by the objector on the ward, all guardians, any surety on the guardian’s bond, and any successor guardian.
(g) Disposition of Objections. Any interested person may set a hearing on the objections. Notice of the hearing shall be served on the guardian, the successor guardian, if any, and any other interested persons. If a notice of hearing on the objections is not served within 90 days of filing of the objections, the objections will be deemed abandoned.
(h) Discharge. The guardian’s resignation shall not be accepted and the guardian shall not be discharged until all objections have been withdrawn, abandoned, or judicially resolved and a successor guardian has been appointed and duly qualified. After all objections have been withdrawn, abandoned, or judicially resolved, if the court is satisfied that the resigning guardian has faithfully discharged the duties of the guardianship and the interests of the ward are protected, and the resigning guardian of the property has delivered the assets of the ward, all guardianship records, and all money due to the ward from the guardian to the remaining or successor guardian, the court shall enter an order accepting resignation of guardian and granting discharge.
(i) Waiver. The successor guardian, and any other interested person, may in writing waive:
(1) any portion of the resignation and petition for discharge, including the final report;
(2) the time for filing objections;
(3) service of the resignation and petition for discharge; and
(4) service of the notice of resignation and petition for discharge.
(j) Disqualification. Any guardian who is improperly appointed, or who becomes disqualified to act after appointment, shall immediately file a resignation and petition for discharge and proceed in accordance with this rule.
(k) Nonresident Guardians. Nonresident guardians appointed before October 1, 1989, shall not be automatically disqualified to serve and shall not be required to resign and initiate their own removal.
Committee Notes
Rule History
1975 Revision: Substantially the same as sections 744.467 and 744.471, Florida Statutes, with editorial changes.
*1378 1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Editorial changes in (a). Text of F-PRrule 5.590 inserted in (b). Editorial change in (c). Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for termination of guardianship under FRRrules 5.670 and 5.680. Subdivision (k) transferred from ^temporary Eemergency Rrule 5.800.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 744.467, Fla.Stat. Resignation of guardian.
§ 744.471, Fla.Stat. Appointment of successor.
Rule References
FPRFla.Prob.R. 5.040 Notice.
FPRFla.Prob.R. 5.041 Service of pleadings and papers.
FPRFla.Prob.R. 5.180 Waiver and consent.
Fla.Prob.R. 5.610 Execution by guardian.
RULE 5.660. PROCEEDINGS FOR REMOVAL OF GUARDIAN
(a) Notice. Proceedings for removal of a guardian may be instituted by a court, by any surety or other interested person, or by the ward, and formal notice of the petition for removal of a guardian shall be served on all guardians, other interested persons, next of kin, and the ward. The pleading shall state with particularity the reasons why the guardian should be removed.
(b) Accounting. A removed guardian shall file with the court an accounting for the guardianship within 20 days after the guardian’s removal. A copy of the accounting shall be served on the successor guardian and the ward.
(c) Transfer of Property and Records. The removed guardian (or the guardian’s heirs, personal representative, or surety) shall turn over all the property of the ward in the removed guardian’s control and all guardianship records to the duly qualified successor. The successor guardian shall, or the ward may, demand of the removed guardian (or the guardian’s heirs, personal representative, or surety) all of those items.
(d) Failure to Comply. If a removed guardian fails to file a true, complete, and final accounting for the guardianship or to turn over to the successor all property of the ward in the removed guardian’s control and all guardianship records, the court shall issue a show-cause order.
Committee Notes
Rule History
1977 Revision: No change in rule. Change in committee notes to conform to statutory renumbering.
1980 Revision: Subdivision (a) amended to specifically authorize any guardian or next of kin to file the petition and to require formal notice in conformity with FPRruIe 5.630(b).
1984 Revision: Subdivision (b) amended to conform to statute. Editorial changes and committee notes revised.
1988 Revision: Subdivision (a) rewritten for clarity. Language in (b) deleted as surplusage. Editorial change in caption of (c). Committee notes revised. Citation form change in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Subdivision (a) amended to require that the petition allege specific reasons why the guardian should be removed and to require service of the petition on the ward. Otherwise, editorial changes in all subdivisions.
1992 Revision: Citation form changes in committee notes.
Statutory References
§ 744.474, Fla.Stat. Reasons for removal of guardian.
*1379 § 744.477, Fla.Stat. Proceedings for removal of a guardian.
§ 744.511, Fla.Stat. Accounting upon removal.
§ 744.514, Fla.Stat. Surrender of property upon removal.
§ 744.517, Fla.Stat. Proceedings for contempt.
Rule References
FPRFIa.Prob.R. 5.025 Adversary proceedings.
FPRFIa.Prob.R. 5.040 Notice.
FPRFIa.Prob.R. 5.041(b) Service of pleadings and papers.
RULE 5.670. TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD
(a) Petition for Discharge. The Florida guardian may file a petition for discharge when the domicile of a resident ward has changed to a foreign jurisdiction, the foreign court having jurisdiction over the ward at the ward’s new domicile has appointed a foreign guardian, and the foreign guardian has qualified and posted a bond in the amount required by the foreign court.
(b) Contents of Petition. The petition for discharge shall state:
(1) that the grounds set forth in subdivision (a) have occurred;
(2) that the guardian has fully administered the Florida guardianship; and
(3) the amount of compensation to be paid to the guardian and to the attorneys, accountants, or other agents employed by the guardian.
(c) Final Report. The Florida guardian of the property shall file a final report showing receipts, disbursements, amounts reserved for unpaid and anticipated costs and fees, and other relevant financial information from the date of the previous annual accounting, and a list of the assets to be turned over to the foreign guardian.
(d) Notice. The Florida guardian of the property shall publish a notice as required by law, which shall state:
(1) the name of the ward;
(2) the file number of the guardianship;
(3) the designation and address of the court;
(4) the name and address of the guardian and the guardian’s attorney;
(5) the name and address of the foreign guardian and the foreign guardian’s attorney, if any;
(6) the date of first publication;
(7) that a petition for discharge has been filed upon the grounds of change of domicile of the ward;
(8) the date the guardian will apply for discharge;
(9) that the jurisdiction of the ward will be transferred to the foreign jurisdiction;
(10) that any objection shall be in writing and shall state with particularity each item to which the objection is directed and the grounds on which the objection is based;
(11) that any objection to the final report or the petition for discharge shall be filed within the later of 30 days from the date of service of the petition for discharge or the date of first publication of the notice; and
(12) that within 90 days after filing of the objection, a notice of hearing thereon shall be served or the objection is abandoned.
(e) Service. A copy of the petition for discharge and of the notice of petition for discharge shall be served on the foreign guardian and such other persons as the court may direct.
(f) Objections. Objections shall be in the form and be filed within the time set forth in the notice of petition for discharge. A copy of the objections shall be served by the objector on the Florida guardian and the foreign guardian.
(g) Disposition of Objections. Any interested person may set a hearing on the objections. Notice of the hearing shall be served on the Florida guardian, the foreign guardian, and any other interested persons. If a notice of hearing on the objections is not served within 90 days of filing of the objections, the objections will be deemed abandoned.
*1380 (h) Discharge. The Florida guardian may not be discharged until all objections have been withdrawn, abandoned, or judicially resolved. After all objections have been withdrawn, abandoned, or judicially resolved, if the court is satisfied that the Florida guardian has faithfully discharged the duties of the guardianship and the interests of the ward are protected, and the Florida guardian of the property has delivered the assets of the ward to the foreign guardian, the court shall enter an order of discharge.
(i) Waiver. The foreign guardian, and any other interested person, may in writing waive:
(1) any portion of the petition for discharge, including the final report;
(2) the time for filing objections;
(3) service of the petition for discharge; and
(4) service of the notice of petition for discharge.
Committee Notes
Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering.
1984 Revision: Adds 30-day requirement for filing objections. Editorial changes and committee notes revised.
1988 Revision: Editorial change in (c). First and last sentences of (d) deleted and clarifying word added.
1989 Revision: Prior rule adopted as temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for discharge of guardian under FPRruIe 5.680 and to conform to section 744.524, Florida Statutes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 744.102(7)t and (8), Fla.Stat. Definitions.
§ 744.201, Fla.Stat. Domicile of ward.
§ 744.202, Fla.Stat. Venue.
§ 744.2025, Fla.Stat. Change of ward’s residence.
§ 744.524, Fla.Stat. Termination of guardianship on change of domicile of resident ward.
§ 744.531, Fla.Stat. Order of discharge.
Rule References
FPrFIa.Prob.R. 5.041 Service of pleadings and papers.
KPRFla.Prob.R. 5.180 Waiver and consent.
Fla.Prob.R. 5.610 Execution by guardian.
FPRFIa.Prob.R. 5.680 Termination of guardianship.
RULE 5.680. TERMINATION OF GUARDIANSHIP
(a) Petition for Discharge. When the ward has become sui juris, has died, or has been restored to capacity, or when the guardian has been unable to locate the ward after diligent search, or, for a guardian of the property, when the property subject to the guardianship has been exhausted, the guardian shall file a petition for discharge. A guardian of the person is discharged without further proceeding upon filing a certified copy of the ward’s death certificate.
(b) Contents of Petition. The petition for discharge shall state:
(1) the reason for termination of the guardianship;
(2) that the guardian has fully administered the guardianship; and
(3) the amount of compensation to be paid to the guardian and to the attorneys, accountants, or other agents employed by the guardian.
(c) Final Report. The guardian of the property shall file a final report showing receipts, disbursements, amounts reserved for unpaid and anticipated costs and fees, and other relevant financial information from the date of the previous annual accounting, and a list of the assets to be turned over to the person entitled to them.
(d) Notice. A notice shall be served stating:
*1381 (1) that any objection shall be in writing and shall state with particularity each item to which the objection is directed and the grounds on which the objection is based;
(2) that any objection to the final report or the petition for discharge shall be filed within 30 days from the date of service of the petition for discharge; and
(3) that within 90 days after filing of the objection, a notice of hearing thereon shall be served or the objection is abandoned.
(e) Service. The guardian applying for discharge shall serve a copy of the petition for discharge and final report on the ward, on the personal representative of a deceased ward, or if there are no assets justifying qualification of a personal representative for the estate of a deceased ward, on the known next of kin of the deceased ward, or such other persons as the court may direct; provided however, that a guardian of the property who is subsequently appointed personal representative shall serve a copy of the petition for discharge and final report on all beneficiaries of the ward’s estate.
(f) Objections. All persons served shall have 30 days to file objections to the petition for discharge and final report. The objections shall state with particularity the items to which the objections are directed and shall state the grounds on which the objections are based. Copies of the objections shall be served by the objector on the guardian. Any interested person may set a hearing on the objections. Notice of the hearing shall be served on the guardian and any other interested persons. If a notice of hearing on the objections is not served within 90 days of filing of the objections, the objections will be deemed abandoned. The guardian may not be discharged until all objections have been withdrawn, abandoned, or judicially resolved, and the petition for discharge of the guardian is granted by the court.
(g) Discharge. The guardian may not be discharged until all objections are withdrawn, abandoned, or judicially resolved. After all objections are withdrawn, abandoned, or judicially resolved, and if it appears that the guardian has made full and complete distribution of the ward’s assets to the person entitled to them and has otherwise faithfully discharged the duties of the guardian, the court shall grant the petition for discharge and enter an order of discharge. If objections are filed and are not withdrawn, abandoned, or judicially resolved, the court shall conduct a hearing in the same manner as for a hearing on objections to annual guardianship plans. After hearing, if the court is satisfied that the guardian has faithfully discharged the duties of the guardianship and the interests of the ward are protected, and the guardian has rendered a complete and accurate final report and has delivered the assets of the ward to the person entitled to them, the court shall enter an order of discharge.
(h)Waiver. Any portion of the petition for discharge, including the final report, or the time for filing of objections may be waived by any interested person.
Committee Notes
Rule History
1975 Revision: Implements sections 744.-527 and 744.531, Florida Statutes, and also requires the guardian applying for discharge to do so by filing a petition for discharge and provides the procedure pertaining thereto.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for discharge of personal representatives under FPRrules 5.400 and 5.401.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 744.521, Fla.Stat. Termination of guardianship.
§ 744.527, Fla.Stat. Final reports and application for discharge; hearing.
*1382 § 744.528, Fla.Stat. Discharge of guardian named as personal representative.
§ 744.531, Fla.Stat. Order of discharge.
§ 744.534, Fla.Stat. Disposition of unclaimed funds held by guardian.
Rule References
FPRFla.Prob.R. 5.040 Notice.
FPRFla.Prob.R. 5.041 Service of pleadings and papers.
FPTFla.Prob.R. 5.180 Waiver and consent.
Fla.Prob.R. 5.610 Execution by guardian.
RULE 5.690. INITIAL GUARDIANSHIP REPORT
(a) Contents and Filing. An initial guardianship report shall be filed within 60 days after the issuance of letters of guardianship. The guardian of the property shall file the initial guardianship report consisting of the verified inventory. The guardian of the person shall file the initial guardianship report consisting of the guardianship plan.
(b) Service. Copies of the initial guardianship report shall be served on the ward¿ unless the ward is a minor under the age of 14 years or is totally incapacitated, and the attorney for the ward, if any. With approval of the court, service on the ward may be accomplished by serving the attorney for the ward.
Committee Notes
The committee recognizes the conflict between this rule and section 744.362, Florida Statutes, which requires the filing of the initial guardianship report (which includes the inventory) within 60 days after appointment. . The committee believes this provision, which attempts to regulate when a paper must be filed with the court, is procedural and that a guardian may not receive letters of guardianship empowering the guardian to act contemporaneously with the appointment. Therefore, the issuance of letters is a more practical time from which to measure the beginning of the time period for the accomplishment of this act.
In the event the guardian of the property and the guardian of the person are not the same entity or person, they shall make a good faith effort to jointly file the initial guardianship report.
Rule History
1991 Revision: New rule.
1992 Revision: Addition of phrase in subdivision (b) to conform to 1992 amendment to section 744,362(1), Florida Statutes. Citation form changes in committee notes.
Statutory References
§ 744.362, Fla.Stat. Initial guardianship report.
§ 744.363, Fla.Stat. Initial guardianship plan.
§ 744.365, Fla.Stat. Verified inventory.
§ 744.3701, Fla.Stat. Inspection of report.
§ 744.384, Fla.Stat. Subsequently discovered or acquired property.
Rule References
FRRFla.Prob.R. 5.020 Pleadings; verification; motions.
FPRFla.Prob.R. 5.041 Service of pleadings and papers.
FPRFla.Prob.R. 5.060 Request for notices and copies of pleadings.
FPRFla.Prob.R. 5.180 Waiver and consent.
FPRFla.Prob.R. 5.610 Execution by guardian.
FPRFla.Prob.R. 5.620 Inventory.
FPRFla.Prob.R. 5.700 Objection to guardianship reports.
RULE 5.695. ANNUAL GUARDIANSHIP REPORTS
(a) Contents and Filing.
(1) Guardian of the Person. Unless the court requires reporting on a calendar year basis, the guardian of the person shall file with the court an annual guardianship plan within 3090 days after the last day of the anniversary month of the guardian’s appo-intmentin which the letters of guardianship were issued. The plan must-covershall be for the year ending on the last day of such anniversary month. If the court requires reporting on a calendar year basis, the guardianship plan shall be filed on or be *1383 fore January 31April 1 of the followm-geach year.
(2) Guardian of the Property. Unless the court requires or authorizes reporting on a fiscal year basis, the guardian of the property shall file an annual accounting with the-court on or before April 1 of each year. The annual accounting shall cover the preceding annual accounting period. If the court requires or authorizes reporting on a fiscal year basis, the annual accounting shall be filed on or before the first day of the fourth month after the end of the fiscal year.
(b) Service. Copies of the annual plan and accounting shall be served on the ward, unless the ward is a minor under the age of 14 years or is totally incapacitated, and the attorney for the ward, if any. With the approval of the court, service on the ward may be accomplished by serving the attorney for the ward. The guardian shall serve copies on such other persons as the court may direct.
Committee Notes
The annual guardianship report consists of the annual plan for the guardian of the person and the annual accounting for the guardian of the property.
For annual guardianship reports regarding minors, see FPRrule 5.555.
With approval of the court, service on the ward may be accomplished by service on the attorney for the ward, if any. The committee was concerned that actual service on a ward of the accounting or guardianship plan may give uninterested persons access to financial or personal information to the detriment of the ward. The committee believes that under such circumstances, the guardian of the property could seek an order under section 744.371(5), Florida Statutes, even if the ward’s circumstances were set out in detail in a pleading other than the annual guardianship report. Such court order may be sought in appropriate circumstances at the time of the initial hearing to determine incapacity.
Rule History
1975 Revision: Substantially the same as section 744.427(1), (2), and (4), Florida Statutes, and section 744.437, Florida Statutes, with editorial changes and providing for the waiving, by a ward who has become sui juris or by the personal representative of a deceased ward, of the filing of an annual accounting. The rule requires the guardian of the property of a ward to appear before the court at the time he files his annual accounting or at such time the court shall determine in order that the court may inquire as to any matter relating to the physical and financial well-being of the ward. This appears to be in conflict with section 744.437, Florida Statutes, which refers to “every guardian” but in the same sentence it refers to “at the time the guardian files his annual return” and only the guardian of the property is required to file an annual accounting.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1980 Revision: Subdivision (e) amended to avoid conflict with statutory changes in section 744.437, Florida Statutes (1979).
1988 Revision: Matter in (b) deleted; covered in sections 744.427(2) and 744.434, Florida Statutes. Subdivision (c) deleted; covered in section 744.427(4), Florida Statutes. Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial changes and rule renumbered.
1992 Revision: Addition of language in subdivisions (a)(1) and (a)(2) to implement 1992 amendments to sections 744.367(1) and (2), Florida Statutes. Committee notes revised. Citation form changes in committee notes.
Statutory References
§ 744.367, Fla.Stat. Duty to file annual guardianship report.
§ 744.3675, Fla.Stat. Annual guardianship plan.
§ 744.3678, Fla.Stat. Annual accounting.
*1384 § 744.3685, Fla.Stat. Order requiring guardianship report; contempt.
§ 744.3701, Fla.Stat. Inspection of report.
§ 744.371, Fla.Stat. Relief to be granted.
§ 744.3735, Fla.Stat. Annual appearance of the guardian.
Rule References
FRRFla.Prob.R. 5.020 Pleadings; verification; motions.
FRRFla-Prob.R. 5.041 Service of pleadings and papers.
FRRFla.Prob.R. 5.060 Request for notices and copies of pleadings.
FRRFla.Prob.R. 5.180 Waiver and consent.
FRRFla.Prob.R. 5.555 Guardianships of minors.
FRRFla.Prob.R. 5.610 Execution by guardian.
FRRFla.Prob.R. 5.700 Objection to guardianship reports.
FRRFla.Prob.R. 5.800(b) Application of revised chapter 744 to existing guardian-ships.
RULE 5.696, ANNUAL ACCOUNTING
(a) Contents and Filing. The guardian of the property shall file an annual accounting as required by law. The annual accounting shall include:
(1) a full and correct account of the receipts and disbursements of all of the ward’s property over which the guardian has control and a statement of the ward’s property on hand at the end of the accounting period; and
(2) a copy of the statements of all of the ward’s cash accounts as of the end of the accounting period from each institution where the cash is deposited.
(b) Substantiating Papers. Unless otherwise ordered by the court, the guardian need not file the papers substantiating the annual accounting. Upon reasonable written request, the guardian of the property shall make the substantiating papers available for examination to persons entitled to receive or inspect the annual accounting. Substantiating papers need not be filed with the court unless so ordered.
(c)Interim Inspection of Records. Upon reasonable written request and notice, the guardian of the property shall make all material financial records pertaining to the guardianship available for inspections to those persons entitled to receive or inspect the annual accounting.
Committee Notes
Rule History
1991 Revision: New rule.
1992 Revision: Citation form changes in committee notes.
Statutory References
§ 744.367, Fla.Stat. Duty to file annual guardianship report.
§ 744.3678, Fla.Stat. Annual accounting.
§ 744.3701, Fla.Stat. Inspection of report.
§ 744.3735, Fla.Stat. Annual appearance of the guardian.
Rule References
FRRFla.Prob.R. 5.020 Pleadings; verification; motions.
FRRFla.Prob.R. 5.041 Service of pleadings and papers.
FRRFla.Prob.R. 5.060 Request for notices and copies of pleadings.
FRRFla.Prob.R. 5.610 Execution by guardian.
FRRFla.Prob.R. 5.695 Annual guardianship report.
FRRFla.Prob.R. 5.700 Objection to guardianship reports.
RULE 5.697. MASTERS’ REVIEW OF GUARDIANSHIP ACCOUNTINGS AND PLANS
(a) General Masters. The court may appoint general masters to review guardianship accountings and plans. General masters shall be members of The Florida Bar and shall continue in office until removed by the court. The order appointing a general master shall be recorded. Each general master shall take the oath required of officers of the court by the Florida Consti *1385 tution. The oath shall be recorded before the master begins to act.
(b) Special Masters. In connection with the court’s review of guardianship account-ings and plans, the court may appoint members of The Florida Bar as special masters for any particular service required by the court. Special masters shall be governed by all laws and rules relating to general masters except special masters shall not be required to take an oath unless specifically required by the court. For good cause shown, the court may appoint a person other than a member of The Florida Bar as a special master.
(c) General Powers and Duties. Every master shall act under the direction of the court. Process issued by a master shall be directed as provided by law. All grounds for disqualification of a judge shall apply to masters.
(d) Hearings. Hearings before any master may be held in the county where the action is pending, or at any other place by order of the court for the convenience of the witnesses or the parties. A master shall give notice of hearings to all parties. If any party fails to appear, the master may proceed ex parte or may continue the hearing to a future day, with notice to the absent party. The master shall proceed with reasonable diligence and the least practicable delay. Any party may apply to the court for an order directing the master to accelerate the proceedings and to make a report promptly. Evidence shall be taken in writing or by electronic recording by the master or by some other person under the master’s authority in the master’s presence and shall be filed with the master’s report. The master may examine and take testimony from the parties and their witnesses under oath, on all matters authorized by the court for review by the master and may require production of all books, papers, writings, vouchers, and other documents applicable to those matters. The master shall admit only evidence that would be admissible in court. The master may take all actions concerning evidence that may be taken by the court.
(e) Master’s Report. The master’s report shall contain a description of the matters considered and the master’s conclusions and any recommendations. No part of any statement of facts, account, charge, deposition, examination, or answer used before the master shall be recited.
(f) Filing Report; Service; Exceptions. The master shall file a report with the court and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the date the report is served on them. If no exceptions are timely filed, the court shall take appropriate action on the report. All timely filed exceptions may be heard by the court on reasonable notice by any party.
Committee Notes
Rule History
1991 Revision; This is a new rule, patterned after Fla,R.Civ.-P,Florida Rule of Civil Procedure 1.490.
1992 Revision: Editorial change. Citation form change in committee notes.
Statutory Reference
§ 744.369(2), Fla.Stat. Judicial review of guardianship reports.
Rule Reference
Fla.R.Civ.P. 1.490 Masters.
RULE 5.700. OBJECTION TO GUARDIANSHIP REPORTS
(a) Objections. The ward, or any other interested person, may file an objection to any part of a guardianship report within the time provided by law.
(b) Contents. Any objection shall be in writing and shall state with particularity each item to which the objection is directed and the grounds on which the objection is based.
(c) Service. The objector shall serve a copy of the objection on each guardian and on any other person as directed by the court.
Committee Notes
Rule History
1975 Revision: Substantially the same as section 744.427(3), (5), and (6), Florida Statutes, with editorial changes.
*1386 1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Captions added to subdivisions. Committee notes revised. Citation form change in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Revised to conform with new statutory requirements.
1992 Revision: Citation form changes in committee notes.
Statutory References
§ 744.362, Fla.Stat. Initial guardianship report.
§ 744.363, Fla.Stat. Initial guardianship plan.
§ 744.365, Fla.Stat. Verified inventory.
§ 744.367, Fla.Stat. Duty to file annual guardianship report.
§ 744.3675, Fla.Stat. Annual guardianship plan.
§ 744.3678, Fla.Stat. Annual accounting.
Rule References
FPRFla.Prob.R. 5.020 Pleadings; verification; motions.
FPRFla.Prob.R. 5.041 Service of pleadings and papers.
FPRFla.Prob.R. 5.060 Request for notices and copies of pleadings.
FPRFla.Prob.R. 5.180 Waiver and consent.
FPRFla.Prob.R. 5.610 Execution by guardian.
RULE 5.710. REPORTS OF PUBLIC GUARDIAN
The public guardian, as the guardian of a ward, shall submit reports as required by law to the chief judge of the circuit and file a copy.
Committee Notes
Rule History
1987 Revision: This is a new rule and was promulgated to establish procedures to accommodate the Public Guardian Act. See § 744.701, et seq., Fla.Stat. See also FPRFla.Prob.R. 5.560.
1989 Revision: Prior rule adopted as temporary emergency rule.
1991 Revision: Editorial changes.
1992 Revision: Citation form changes in committee notes.
Statutory Reference
§§ 744.701-744.709, Fla.Stat. Public Guardianship Act.
Rule Reference
FPRFla.Prob.R. 5.560 Petition for appointment of guardian; noticeof an incapacitated person.
RULE 5.800. APPLICATION OF REVISED CHAPTER 744 TO EXISTING GUARDIANSHIPS
(a) Prior Adjudication of Incompetency. When an adjudication of incompetency has taken place under chapter 744, Florida Statutes, before October 1,1989, no readju-dication of incapacity shall be required.
(b) Annual Guardianship Reports. Guardians appointed before October 1, 1989, shall file annual guardianship reports as required by law.
Committee Notes
Rule History
1989 Revision by Ad Hoc Committee: The committee adopted a position that guardians appointed before the effective date of the 1989 revisions to Cchapter 744¿ Florida Statutes, should comply with all sections of the law that apply to future acts of the guardian. For example, all guardians will in the future file annual reports and will be responsible for the continuing well-being of their wards. The committee recognized a distinction between those actions that will necessarily occur on a continuing basis throughout the guardianship and those actions that happen at a particular moment in time but are not necessarily ongoing duties. There are two and only two specific examples to which the statutory reforms would not apply retrospectively if the above distinction is adopted. First, the initial adjudication of incapacity occurs only once in any guardianship. Although guardianships are reevaluated annually, the statute does not *1387 contemplate a complete readjudication procedure every year. Therefore, the committee concluded that the initial adjudicatory hearing need not be repeated for wards adjudicated incompetent before October 1, 1989. Second, as concerns nonresident. guardians appointed before October 1, 1989, normally, a guardian is appointed only once at the beginning of the guardianship. While these nonresident guardians would be expected to obey all provisions of the law prospectively, they would not be required to initiate their own removal.
1991 Revision: Editorial changes in first sentence of (a), and rest of subdivision deleted as unnecessary. Subdivision (b) has been transferred to FPRrule 5.650. Date reference no longer required in (c), and modified to make filing requirement of preexisting guardianships consistent with the current statutory provisions.
1992 Revision: Citation form changes in committee notes.
Statutory References
§ 744.367, Fla.Stat. Duty to file annual guardianship report.
§ 744.3675, Fla.Stat. Annual guardianship plan.
§ 744.3678, Fla.Stat. Annual accounting.
Rule References
FRRFIa.Prob.R, 5.695 Annual guardianship report.
FRRFla.Prob.R. 5.696 Annual accounting.
RULE 5.900. EXPEDITED JUDICIAL INTERVENTION CONCERNING MEDICAL TREATMENT PROCEDURES
(a)Petition. Any proceeding for expedited judicial intervention concerning medical treatment procedures may be brought by any interested adult person and shall be commenced by the filing of a verified petition which states:
(1) the name and address of the petitioner;
(2) the name and location of the person who is the subject of the petition (hereinafter referred to as the “patient”);
(3) the relationship of the petitioner to the patient;
(4) the names, relationship to the patient, and addresses if known to the petitioner, of:
(A) the patient’s spouse and adult children;
(B) the patient’s parents (if the patient is a minor);
(C) if none of the above, the patient’s next of kin;
(D) any guardian and any court-appointed health care surrogatedecision-maker;
(E) any person designated by the patient in a living will or other document to exercise the patient’s health care decision in the event of the patient’s incapacity;
(F) the administrator of the hospital, nursing home, or other facility where the patient is located;
(G) the patient’s principal treating physician and other physicians known to have provided any medical opinion or advice about any condition of the patient relevant to this petition; and
(H) all other persons the petitioner believes may have information concerning the expressed wishes of the patient; and
(5) facts sufficient to establish the need for the relief requested, including, but not limited to, facts to support the allegation that the patient lacks the capacity to make the requisite medical treatment decision.
(b) Supporting Documentation. Any affidavits and supporting documentation, including any living will or designation of health care decision-maker, shall be attached to the petition.
(c) Notice. Unless waived by the court, notice of the petition and the preliminary hearing shall be served on the following persons who have not joined in the petition or otherwise consented to the proceedings:
(I) the patient;
(⅛)(2) the patient’s spouse and the patient’s parents, if the patient is a minor;
(2)(3) the patient’s adult children;
*1388 (g)(4) any guardian and any court-appointed health care decision-maker;
(4)(5) any person designated by the patient in a living will or other document to exercise the patient’s health care decision in the event of the patient’s incapacity;
(b)(6) the administrator of the hospital, nursing home, or other facility where the patient is located;
(6)(7) the patient’s principal treating physician and other physicians believed to have provided any medical opinion or advice about any condition of the patient relevant to this petition;
(7)(8) all other persons the petitioner believes may have information concerning the expressed wishes of the patient; and
(g)(9) such other persons as the court may direct.
(d) Hearing. A preliminary hearing on the petition shall be held within 72 hours after the filing of the petition. At that time the court shall review the petition and supporting documentation. In its discretion the court shall either:
(1) rule on the relief requested immediately after the preliminary hearing; or
(2) conduct an evidentiary hearing not later than 4 days after the preliminary hearing and rule on the relief requested immediately after the evidentiary hearing.
Committee Notes
This rule was submitted by the committee in response to the request contained in footnote 17 of In re Guardianship of Browning, 568 So.2d 4 (Fla.1990). See also Cruzan by Cruzan v. Director, Missouri Department of Health, — U.S. -, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990).
The promulgation of this rule is not intended to imply that judicial intervention is required to terminate life-prolonging procedures.
Practitioners should note that the criteria and standards of proof contained in Browning differ from the criteria and standards of proof presently existing in chapter 765, Florida Statutes, the Life-Prolonging Procedure Act of Florida.
Rule History
1991 Revision: New rule.
1992 Revision: This rule was created on an emergency basis and on further review, the committee decided it needed to clarify that the petition should include an allegation that the patient lacks capacity to make the requisite medical treatment decision, and that the patient should receive notice of the petition and hearing. Committee notes revised. Citation form changes in committee notes.
Constitutional Reference
Art. I, § 23, Fla. Const.
Statutory References
§ 709.08, Fla.Stat. Durable power of attorney.
§ 731.302, Fla.Stat. Waiver and consent by interested person.
§ 744.102, Fla.Stat. Definitions.
§ 744.104, Fla.Stat. Verification of documents.
§ 744.3115, Fla.Stat. Advanced directives for health care.
ch. 765, Fla.Stat. Right to decline-life-prolonging-proeeduresHealth care advance directives.
Art. I, § 23,-F-bk- Const,
Rule References
FERFla.Prob.R. 5.020 Pleadings; verification; motions.
FPRFla.Prob.R. 5.040 Notice.